# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
Index Number:40000/2015

---

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 and 16
TAX CLASSES 1 and 2

---

***RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE TO VACATE DEFAULT AND SET ASIDE TRANSFER OF***

---

**HIMMELSTEIN, MCCONNELL, GRIBBEN, DONOGHUE & JOSEPH LLP**
Attorneys for Respondent,
1600 Nelson Avenue Housing Development Fund Corporation
15 Maiden Lane, 17th Floor
New York, New York 10038
(212) 349-3000

Serge Joseph, Esq

# TABLE OF CONTENTS

| | Pages |
|---|---|
| TABLE OF AUTHORITIES | i,ii |
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND AND PERTINENT FACTS | 1 |
| ARGUMENT | |
| A. Legal Standard | 1 |
| B. Respondent's Default in Answering the Petition Was Excusable | 4 |
| C. Respondent has a Meritorious Defense to the Foreclosure Proceeding | 6 |
| D. The Transfer of Title to Neighborhood Restore Should be Set Aside | 7 |
| E. The Court Should Grant Respondent Leave to Redeem | 8 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

Pages

**Cases**

*Lakeside Realty LLC v County of Sullivan*, 140 AD3d 1450, 1453, 35 NYS3d 498, lv denied 28 NY3d 905, 45 NYS3d 373, 68 NE3d 102 .......... 2

*Alliance Property Management & Dev., Inc. v. Andrews Ave. Equities, Inc.*, 133 AD2d 30, 518 NYS2d 804 (1st Dept, 1987) .......... 7,8

*Blomgren v. Tintron*, 33 Misc2d 1057, 225 NYS2d 347, mod other grounds, 8 AD2d 979, 238 NYS2d 435 (1st Dept., 1963) .......... 8

*Byrnes v. County of Saratoga*, 251 AD2d 795, 674 NYS2d 463 (3rd Dept, 1998).......... 3,4

*Congregation Yetev Lev D'Satmar v. County of Sullivan*, 59 NY2d 418 (1983) .......... 5

*Griffo v. Swartz*, 61 Misc2d 504, 306 NYS2d 64 (Monroe Cnty Ct, 1969). .......... 8

*Kennedy v. Mossafa,* 100 NY2d 1, 759 NYS2d 429 (1983). .......... 2,6

*Land v County of Ulster*, 84 NY2d 613 .......... 2

*Marable v. Williams*, 278 AD2d 459 (4th Dept., 200) .......... 6

*Matter of City of Rochester [Duvall]*, 92 AD3d 1297, 1298, 939 NYS2d 214 .......... 2

*Matter of County of Herkimer [Moore*], 104 AD3d 1332, 1333-1334, 961 NYS2d 715 .......... 2,3

*Matter of County of Ontario [Helser]*, 72 AD3d 1636, 1637, 900 NYS2d 524 .......... 2

*Matter of County of Seneca [Maxim Dev. Group]*, 151 AD3d 1611, 56 NYS3d 704 (3rd Dept., 2017) .......... 3

*Matter of Foreclosure of Tax Liens [ExxonMobile Oil Corp - Hughes]*, 41 AD3d .......... 3

*Matter of the Foreclosure of Tax Liens by County of Sullivan*, 43 AD3d 598 (3rd Dept, 2007).......... 5

*Maxim Dev. Group v. Montezuma Props*, LLC, 2015 NY Misc LEXIS 278 (Sup Ct. Seneca County, 2015) .......... 3,8

*Priest v Mareane, as CFO for Onondaga County Finance Dep't*, 45 AD3d 1474, 1476, 846 NYS2d 518 Lv. Den., 10 NY3rd 704, 886 NE2d 802, 857 NYS2d 37 (2008). .......... 1

*Rifenburg v. Liffiton Homes, Inc.*, 107 AD2d 1015 (4th Dept., 1985). .......... 6

*Shaw v. Shaw*, 97 AD2d 403, 467 NYS2d 231 (1st Dept., 1983). .......... 8

*Szal v. Pearson*, 289 AD2d 562, 675 NYS2d 200 (2nd Dept., 2001). .......... 4

**Statutes and Other Regulations**

§ 11-414 of Chapter 4 of the NYC Administrative Code ........ 8
Section 11-404 (c) (2) of Chapter 4 of the NYC Administrative Code ........ 6
Section 11-404 (c) of Chapter 4 of the NYC Administrative Code........ 2,4
US Const 14th Amend; NY Const, art I, § 6 ........ 2

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the instant Order to Show Cause of Respondent 1600 Nelson Avenue Housing Development Fund Corporation [hereinafter "Respondent"] for an Order: (a) vacating respondent 1600 Nelson Avenue Housing Development Fund Corporation's default in this matter; (b) setting aside the transfer of title from Petitioner, the City of New York, to Neighborhood Restore Housing Development Fund Corporation; (c) granting leave to respondent 1600 Nelson Avenue Housing Development Fund Corporation to file a verified answer to the within proceeding; (d) granting respondent 1600 Nelson Avenue Housing Development Fund Corporation leave to satisfy its tax lien pursuant to NYC Administrative Code Section 11-412; and (e) granting such other and further relief as the Court may deem just and proper under these circumstances.

## BACKGROUND AND PERTINENT FACTS

For the relevant and pertinent facts, the Court is respectfully referred to the accompanying Affidavits of Guillermo E. Gomez, Gloria Flores, and Juana Cotto; and the Affirmation of Serge Joseph.

## ARGUMENT

A. Legal Standard

The overarching principle is this matter is that "statutes authorizing tax sales are to be liberally construed in the owner's favor because tax sales are intended to collect taxes, not forfeit real property." *Priest v Mareane, as CFO for Onondaga County Finance Dep't*, 45 AD3d 1474, 1476, 846 NYS2d 518 Lv. Den., 10 NY3rd 704, 886 NE2d 802, 857 NYS2d 37 (2008).

Under both the federal and state constitutions, the State may not deprive a person of

property without due process of law. *Matter of Harner v County of Tioga*, 5 NY3d 136, 140, 833 NE2d 255, 800 NYS2d 112; see US Const 14th Amend; NY Const, art I, § 6; Kennedy v Mossafa, 100 NY2d 1, 8-9, 789 N.E.2d 607, 759 N.Y.S.2d 429).

Due process does not require that a property owner receive actual notice before the government may take his or her property. *Matter of City of Rochester [Duvall]*, 92 AD3d 1297, 1298, 939 NYS2d 214. Rather, due process is satisfied by notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Kennedy*, supra, 100 NY2d at 9.

To that end, each property owner is entitled to personal notice of the tax foreclosure proceeding, which is to be sent by both ordinary first class mail and by certified mail to the address contained in the public record. *Lakeside Realty LLC v County of Sullivan*, 140 AD3d 1450, 1453, 35 NYS3d 498, lv denied 28 NY3d 905, 45 NYS3d 373, 68 NE3d 102; *Matter of County of Herkimer [Moore*], 104 AD3d 1332, 1333-1334, 961 NYS2d 715; *Matter of County of Ontario [Helser]*, 72 AD3d 1636, 1637, 900 NYS2d 524.

Indeed, Section 11-404 (c) of Chapter 4 of the NYC Administrative Code provides in pertinent part as follows:

> c. On or before the date of the first publication of such notice, the commissioner of finance shall cause a copy of the notice to be mailed to all owners, mortgagees, lienors or encumbrancers, who may be entitled to receive such notice by virtue of any owner's registration or in rem card filed in the office of the city collector pursuant to section 11-416 or 11-417 of this chapter.

All formal requirements governing tax sale proceedings must be scrupulously satisfied, because the result is divestiture of title to real property. *Land v County of Ulster*, 84 NY2d 613,

616, 644 NE2d 1325, 620 NYS2d 769). Thus, "the failure to substantially comply with the requirement of providing the taxpayer with proper notice constitutes a jurisdictional defect which operates to invalidate the sale or prevent the passage of title". *Matter of Byrnes v County of Saratoga*, 251 AD2d 795, 797, 674 NYS2d 463. "Tax foreclosure proceedings enjoy a presumption of regularity, such that [t]he tax debtor has the burden of affirmatively establishing a jurisdictional defect or invalidity in [such] proceedings". *Matter of County of Sullivan [Matejkowski]*, 105 AD3d 1170, 1171, 964 N.Y.S.2d 266, appeal dismissed 21 NY3d 1062, 996 NE2d 911, 974 NYS2d 30.

Where the proof exhibits an office practice and procedure followed in the regular course of business which shows that notices have been duly addressed and mailed, a presumption arises that those notices have been received by the party to whom they were sent. *City of Yonkers v Clark & Son*, 159 AD2d 535, 536, 552 NYS2d 400, lv dismissed 76 NY2d 845, 559 NE2d 1289, 560 NYS2d 130; *Matter of County of Herkimer [Jones]*, 34 AD3d 1327, 1328, 824 NYS2d 529, lv dismissed 8 NY3d 955, 868 NE2d 215, 836 NYS2d 534; *Sendel v Diskin*, 277 AD2d 757, 758-759, 716 NYS2d 471, lv denied 96 NY2d 707, 749 NE2d 206, 725 NYS2d 637).

However, the reverse is equally true. Where statutory or code requirements are not satisfied, Courts must vacate defaults and set aside improperly transferred deeds.

Accordingly, the Court *Matter of County of Seneca [Maxim Dev. Group]*, 151 AD3d 1611, 56 NYS3d 704 (3rd Dept., 2017), finding that the Petitioner failed to establish that the notice was duly addressed and mailed to respondent, found that the judgment of foreclosure should be vacated inasmuch as it was jurisdictionally defective.

Accord: *Matter of Foreclosure of Tax Liens [ExxonMobile Oil Corp - Hughes]*, 41 AD3d

1243, 839 NYS2d 380 (4th Dept, 2007); *Byrnes v. County of Saratoga*, 251 AD2d 795, 674 NYS2d 463 (3rd Dept, 1998); and *Szal v. Pearson*, 289 AD2d 562, 675 NYS2d 200 (2nd Dept., 2001).

B. Respondent's Default in Answering the Petition Was Excusable

In order to vacate the judgment against it, Respondent must show excusable default and a meritorious defense to the petition. (CPLR 5015[a]). Respondent's excuse for non-appearance in this proceeding is simply that it never received any notice relating to the instant in rem foreclosure proceeding.

There is no proof in the present record that the requisite notices were mailed to Respondent or anyone associated with Respondent in conformity to Section 11-404 (c) of Chapter 4 of the NYC Administrative Code.

The City of New York has alleged that it sent by certified mail five (5) "Foreclosure Notices" all dated **July 17, 2015**, mailed on **July 14, 2015**, and delivered on **July 16, 2015** addressed to: (1) Iris Diaz at 84 West 174th Street, Bronx, New York 10453; (2) "1600 Nelson Avenue HSING DEV" at "1600 Nelson Avenue, Apartment 5A, Bronx, New York 10453-7031"; (3) BKN Corp at PO Box 523092, Bronx, New York 10452; (4) 1600 Nelson Ave HDFC, R. Cotto, 1600 Nelson Ave, Apt 4E, Bronx, NY 10453-7014; (5) 1600 NHAH DTC, PO BOX 523092, Bronx, NY 10452. (See Exhibit B).

It is highly suspect that the City's notices would be mailed and delivered prior to being written or created. This alone is a sufficient and material irregularity, rendering these predicate notices jurisdictionally defective.

Scrupulously examined, it is clear that the City's foreclosure notices are facially

defective. The absence of a proper notice of foreclosure in an rem tax foreclosure proceeding is a jurisdictional defect. *Matter of the Foreclosure of Tax Liens by County of Sullivan*, 43 AD3d 598 (3rd Dept, 2007); *Application of Wolford*, 130 NYS 2d 250, 258 (Co. Ct., Broome Co., 1958).

But putting aside this insurmountable problem, Respondent's managing agent, Secretary, and the shareholder/occupant of Apartment 5A in the Building have all attested that they did not receive any such foreclosure notice. They have all credibly established that Iris Diaz, to whom one of the notices was addressed, has never resided in the Building, and never has been connected to the Building or Respondent; that the current occupant of Apartment 5A has never received any notices of foreclosure; and that the two purported mailings to the PO Box were also not received.

It also appears that at least since 2017, that is prior to the application for the default judgment, the President of Respondent's Board, Jose J. Gonzalez had, pursuant to section 11-416 or 11-417 of NYC Administrative Code, changed Respondent's records with the tax authorities to require that tax notices be sent to him at his address at the Building, 1600 Nelson Avenue, Apartment 5E, New York, New York. (See Exhibit I). The record shows that the City did not mail any notices to Mr. Gonzales at his address.

Lastly, while a governmental body is not required to undertake extraordinary efforts to discover the identity and whereabouts of an interested party *[Congregation Yetev Lev D'Satmar v. County of Sullivan*, 59 NY2d 418 (1983)], no extraordinary efforts were required here to identify Respondent's managing agent, and its officers. The City had actual knowledge about managing agent, and his address. As Mr. Gomez, the managing agent, explained in his accompanying affidavit, he entered into Payment Agreements with the City on May 8, 2015.

Moreover, the City easily could have looked at its own HPD Building, Registration Statement. This clearly listed the "Registered Managing Agent" and the then "Head Officer" as "Gloria Flores", and listed her address. (See HPD Registration Statement; Exhibit C).

Clearly, the City failed its due process duty to send the foreclosure notices in such manner as to be reasonably calculated, under all the circumstances, to apprise Respondents, its officers and managing agent of the pendency of the foreclosure proceeding and afford them an opportunity to present their objections. *Kennedy v. Mossafa,* 100 NY2d 1, 759 NYS2d 429 (1983).

Therefore, the judgment of foreclosure against Respondent herein should be vacated, or, at a minimum, the Court should hold an evidentiary hearing on the issue of whether Respondent received the certified mailing of foreclosure notices. *Marable v. Williams*, 278 AD2d 459 (4th Dept., 200); *Rifenburg v. Liffiton Homes, Inc.*, 107 AD2d 1015 (4th Dept., 1985).

C. Respondent has a Meritorious Defense to the Foreclosure Proceeding

On May 5, 2015, Respondent entered into an installment agreement with the City. (See paragraph 15 of the Gomez Affidavit; see also, Exhibit D). The relevant administrative code provisions provide that having such an agreement inoculates or provides a reprieve to owners from in rem foreclosures.

Section 11-404 (c) (2) of Chapter 4 of the NYC Administrative Code provides in pertinent part as follows:

> (2) The commissioner of finance may also exclude or thereafter remove from such list any parcels which are owned by a company organized pursuant to article XI of the private housing finance law with the consent and approval of the department of housing preservation and development, and (i) as to which an agreement

> has been duly made, executed and filed with said commissioner for the payment of the delinquent taxes, assessments or other legal charges incurred prior to the ownership of said parcel by said article XI company, and the interest and penalties thereon, in installments.

Section 11-409 (i)(4) provides in pertinent part:

> (4) The corporation counsel, when submitting an in rem judgment roll pursuant to the provisions of this chapter, may request a severance as to any parcel as to which, before the preparation of said in rem judgment roll is commenced, an agreement was duly made, executed and filed with the commissioner of finance for the payment of all delinquent taxes, assessments and other legal charges and interest and penalties in installments as provided in this subdivision, and there has been no default in such agreement as to either quarterly installments or current taxes, assessments or other legal charges. Where such an agreement is entered into subsequent to the last date for redemption specified in subdivision a of section 11-407 of this chapter, there shall be paid to the commissioner of finance at the time such agreements are executed an amount equal to the penalty that would have been payable under subdivision c of section 11-407 of this chapter had the person executing the agreement made a late redemption payment. Such amount shall be in addition to any installment payments required to be made under the agreement and shall not be credited against any such installment payments.

The City represented in its Affirmation of Regularity, submitted in support of its Proposed Decision, that Respondent did not have an installment still pending. This was incorrect. Respondent in fact did, and was substantially in compliance. It was improper for the City to include Respondent's Building in the in rem judgment roll; or having included it, failed to remove it.

D. <u>The Transfer of Title to Neighborhood Restore Should be Set Aside</u>

A deed obtained improperly should be set aside. In the instant case, the absence of proper notice renders any deed obtained by the in rem proceedings null and void. *Alliance Property*

*Management & Dev., Inc. v. Andrews Ave. Equities, Inc.*, 133 AD2d 30, 518 NYS2d 804 (1st Dept, 1987). See also, *Maxim Dev. Group v. Montezuma Props*, LLC, 2015 NY Misc LEXIS 278 (Sup Ct. Seneca County, 2015). Absent proper notice, a default judgment is a nullity, and must be unconditionally vacated. *Laurenzano v Laurenzano*, 222 AD2d 560, 635 NYS2d 668 (2nd Dept., 1995); *see also*, *Shaw v. Shaw*, 97 AD2d 403, 467 NYS2d 231 (1st Dept., 1983).

Accordingly, Respondent's motion should be granted.

E. The Court Should Grant Respondent Leave to Redeem

Respondent has set forth a credible plan to pay all the arrears in water and sewer charges. See paragraphs 26-28 of Gomez Affidavit. It is a long and well settled principle that a foreclosure is an equitable action, and that equity requires any party seeking relief to show that it has at all times dealt fairly before giving relief to such party. *Blomgren v. Tintron*, 33 Misc2d 1057, 225 NYS2d 347, mod other grounds, 8 AD2d 979, 238 NYS2d 435 (1st Dept., 1963); *Griffo v. Swartz*, 61 Misc2d 504, 306 NYS2d 64 (Monroe Cnty Ct, 1969).

The in rem foreclosure regulations do not diminish the right of redemption. § 11-414 of Chapter 4 of the NYC Administrative Code provides that: "Right of redemption not diminished. The period of time in which any owner of, or other person having an interest in a parcel of property may redeem from a sale of a transfer of tax lien is not hereby diminished nor shall such period of time be diminished by the commencement of any action brought pursuant to this chapter."

Here, Respondent has shown that it was never properly notified, and that it had entered into an installment agreement prior to the commencement of the proceeding. It would therefore grossly inequitable for Petitioner and Neighborhood Restore to proceed in this action under these

circumstances. Respondent has demonstrated its ability to secure sufficient funds to pay into Court the judgment, any accrued interest, and costs.

In light of the foregoing, the Court should allow Respondent to do so.

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests the Court to grant its Order to Show Cause in its entirety, along with such other and further relief as may be just and proper under the circumstances.

Dated: New York, New York
September 26, 2018

Yours, etc,

**HIMMELSTEIN, MCCONNELL, GRIBBEN, DONOGHUE & JOSEPH LLP**

Attorneys for Respondent 1600 Nelson Avenue Housing Development Fund Corp
15 Maiden Lane, 17th Floor
New York, New York 10038
Tel: 212-349-3000 ext 1241
By: Serge Joseph, Esq