# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: PART 16
-------------------------------------------x
IN REM TAX FORECLOSURE ACTION NO. 48
BOROUGH OF BROOKLYN
Sections 1,4,5,6,7,8,9,10,11,12,13,14
15,16,17,19 and 21

Decision and order

Index No. 8700/02

TAX CLASSES 1 and 2

March 5, 2007

-------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN

The record owner of 577 St. Marks Avenue, Angela Mason, which is one of the properties subject to the above referenced foreclosure action moves to vacate a default judgment entered in In Rem Tax Foreclosure, pursuant to Administrative Code § 11-401, on account that she never received notice of the foreclosure action. Both sides submitted papers with the Court and the Court makes the following determination.

## Background

In October, 2002, the City commenced the current in Rem Tax Foreclosure against Mason's properties, pursuant to Administrative Code § 11-401, for outstanding taxes following an installation agreement which Mason failed to comply with. In accordance with Administrative Code §§ 11-416, 11-417, the Commissioner of the New York City Department of Finance

("Finance") mailed notice to each and every party with an interest in the properties informing them of the pending foreclosure proceeding including the owner's address in New Jersey as well as the property. Notice of the foreclosure was also published at least once a week for six weeks in two newspapers designated by the Finance Commissioner. On June 3, 2005, this Court granted judgment of foreclosure against Mason's property. The Judgment was entered on June 14, 2005, and recorded with the City Register on September 16, 2005. The City then sent an additional post judgment notice to Mason informing her that she had four months to redeem the property. Despite the repeated notices, Mason claims that she was never served with a copy of the notice of foreclosure and that consequently the judgement should be vacated.

## Conclusions of Law

Title 11, Chapter 4 of the New York City Administrative Code §§ 11-416, 11-417 requires that the City notify all interested parties prior to an In Rem Tax Foreclosure proceeding. The statutes list the requirements for notice with which the City fully complied with in this case. Although Mason claims that she was unaware of the foreclosure proceeding, she does not explain why the notice sent out by Finance did not reach her. Courts have consistently held that bare denial of receipt of notice, without

any explanation as to why such notice was not received, is insufficient to rebut the presumption of regularity attached to a court proceeding (City of New York v. Family House Real Estate Corp., 2 AD3d 241 [1st Dept., 2003]; In Re Vilca v. Village of Port Chester, 255 AD2d 593 [2d Dept., 1998]). In addition, the Administrative Code itself provides that a presumption of regularity in favor of the City attaches upon the issuing of an In Rem Tax Foreclosure, and that such presumption shall be "conclusive" four months after the court grants final authorization to the foreclosure proceeding, (Administrative Code 11§§ 11-412.1(d),(h)). In this case, final foreclosure judgment was entered on June 14, 2005, and the presumption of regularity became conclusive four months later on October 14, 2005. Mason however did not move to vacate the default judgment until approximately October 2006, or well after the presumption of regularity in favor of the City became conclusive. Therefore, Mason's motion to vacate the default judgment on grounds that she did not receive notice of the action is denied.

So ordered.

ENTER:

DATED: March 5, 2007
Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

GS COUNTY CLER
FILED

2007 MAR 14 AM 8:46

At an IAS Term, Part 21 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York on the 8th day of June 2009.

PRESENT:

HON. LAURA L. JACOBSON

Justice

-----------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO. 47

Index No. 8700/01

BOROUGH OF BROOKLYN

DECISION/ORDER

| SERIAL NO. | SECTION | BLOCK | LOT |
|---|---|---|---|
| 6821886S | 11 | 3209 | 12 |
| 6021908S | 11 | 3246 | 38 |
| 6821929S | 11 | 3289 | 44 |

-----------------------------------------------------------X

On November 25, 2003, H.R.C. Holdings Corp. ( hereinafter "HRC") moved before the Honorable Justice Jules L. Spodek for an order (i) vacating the judgment of foreclosure and sale entered on February 28, 2003 as to three (3) subject parcels of real property; (ii) permitting HRC to redeem the three (3) subject parcels of real property from certain tax liens levied upon such parcels, (iii) upon payment by HRC of amounts outstanding pursuant to such tax liens, directing the City of New York Department of Finance (hereinafter "DOF") to deliver certificates of withdrawal to the Office of the County Clerk, Kings County of the subject three (3) parcels of real property from this proceeding to foreclosure tax liens; and (iv) granting HRC such other and further relief as the Court deems just and proper. Justice Spodek granted a stay pending a determination in this matter enjoining and restraining the City of New York (hereinafter "City"), the DOF, the City of New York Department of Housing and Preservation (hereinafter "HPD"), and the Neighborhood Restore Housing Development Fund Corporation (hereinafter (NRHDFC") from (i) entering upon the three (3) premises described in the motion, to wit, 1116 Willoughby Avenue, 195 Stockholm Street and 1351 Greene Avenue in Kings County New York, for the purposes of collecting rents or taking possession of said properties; (ii) contacting tenants residing at said

properties to collect rents or directing tenants residing at said properties not to pay rent to HRC and (iii) conveying, delivering and/or recording deeds to third parties in connection with the three (3) subject parcels of real property. By Order to Show Cause dated January 13, 2004, the tenants and tenants associations (hereinafter "tenants/intervenors") in the subject buildings moved pursuant to CPLR 1012 (a)(2) and /or (a)(3) for leave to intervene in this proceeding and requested that the Court accept the affirmations and affidavits of the tenants/intervenors in opposition to HRC's motion to vacate the judgment of foreclosure and vacate all stays. In an Interim Decision and Order dated January 14, 2004, the Honorable Louis J. Marreo lifted Judge Spodek's stay to the extent that NRHDFC was directed to collect the rents and have access to the properties to make necessary repairs. However, Justice Marrero made no "determination on the merits of the penultimate [sic] question raised by HRC's Motion". Justice Marrero did not issue any other decision in this matter and retired in 2006 .

In 2008, my chambers was contacted by the attorney for NRHDFC, who advised the Court, by letter dated February 25, 2008, that this matter had been assigned to me. The letter advised the Court that although there had been some communication by the parties in this action with Justice Marreo's chambers, a decision had never been rendered with respect to HRC's Order to Show Cause or the request by the tenant/intervenors for leave to intervene. I subsequently, held a conference in this matter with all the attorneys for the respective parties and I allowed all parties an opportunity to submit additional papers[1]. I also suggested that Ridgwood Bushwick Senior Citizens Council, Inc. Housing Department (hereinafter "Ridgewood"), the designated owner and current manager of the subject properties, be notified of this proceeding. However, I have been advised that Ridgewood is disinclined to appear in this action and that it believes that its interests are allied with those of its client NRHDFC. That being the case, after due deliberation and consideration and based upon the foregoing papers, I hereby render the following determination.

---

[1]Since this is an old case, the Court had some difficulty recreating the file. By letter dated April 29, 2009, the Court requested that the parties submit a copy of many of the papers including a copy of the January 13, 2004, Reply Affirmation of petitioner's attorney Jules Epstein within fifteen (15) days. The parties failed to respond to the request.

This matter involves an In Rem tax foreclosure proceeding concerning three parcels of land located in Kings County , New York at 1116 Willoughby Avenue, 195 Stockholm Street and 1351 Greene Avenue. A judgment of foreclosure and sale of the tax liens in this proceeding was entered on February 20, 2003. HRC moved to vacate the judgment of foreclosure on November 25, 2003. HRC alleged that although it is ready, willing and able to pay all tax liens placed on the properties., its attempts to redeem the properties from HPD were unsuccessful. According to HRC, it never received notice, actual or otherwise, of commencement of the proceeding or Notice of the Foreclosure as required by the New York City Administrative Code. Joseph Paradelo, president of HRC alleges that he was advised by counsel that the City represented that on January 3-4, 2002, a Notice of Foreclosure was mailed to HRC at 1821 Mahan Avenue in Bronx, New York. According to Mr. Paradelo, at that time, HRC had vacated its Mahan Avenue location and moved to its offices at 350 Fifth Avenue, New York, New York. HRC contends that it is ready willing and able to pay all outstanding tax liens that are the subject of this proceeding with any applicable interest and penalty just as soon as it is informed of the precise amount. Milton Mendez submitted an affidavit in which he states that he is the record owner of 1116 Willoughby Avenue and that he held title as nominee for HRC. He further asserts that he did not receive notice of this proceeding. He alleges upon information and belief that the notice was mailed to 1116 Willoughby Avenue. However, he does not reside at that address. Mr. Mendez states that he joins in the application to vacate the In Rem judgment. Nina Penciu also submitted an affidavit alleging that she is the owner of 195 Stockholm Street as nominee for HRC and that she never received notice of this proceeding. She alleges upon information and belief that the notice was sent to 195 Stockholm Street and that she has never resided at that address.

Apparently, on January 14, 2004, Petitioners HRC , Nina Penciu and Milton Mendez brought a declaratory judgment action entitled *H.R.C. Holdings Corp. v. Stark,* bearing Index No.: 1255/2004, seeking to declare the deeds conveyed to NRHDFC null and void, vacating and setting aside the subject deeds and directing the City to discontinue the In rem Proceeding and restore petitioners to their status of owners of the subject parcels. In the verified complaint, petitioners allege that title to the parcels at 195 Stockholm Street and 1116 Willoughby Avenue were held by Penciu and Mendez , respectively,for the benefit of HRC and that HRC was the beneficial owner. Simultaneously with commencement of this action,

petitioners filed a notice of pendency with respect to the subject parcels. According to the verified complaint, the Judgment of Foreclosure and Sale was issued on September 10, 2002 and entered on February 20, 2003. Petitioners further allege that the judgment is invalid because the Court failed to obtain jurisdiction over petitioners. According to petitioners, before June 20, 2003, the Commissioner of Finance accepted petitioners' application for discretionary release of the parcels and upon information and belief, processed petitioners' application for mandatory release of the parcels prior to June 20, 2003. Petitioners contend that "Defendants acted inequitably and fraudulently with respect to [petitioners'] application for release of the parcels in that, while [petitioners'] application was pending with the Commissioner, the Commissioner already resolved to and notified the City Council of her intent to convey the parcels to NRHDFC". Petitioners contend that as a result, they are entitled to a judgment declaring the deeds conveyed to NRHDFC null and void and restoring petitioners to their status as owners of the subject parcels.

In opposition to the Order to Show Cause, defendants City, HPD and DOF (hereinafter "City Respondents") submitted an affidavit from Claude Cayamittes, Director of the Third Party Transfer/Tax Lien ((hereinafter "TPT/TLS") Sale Unit within the Division of Anti-Abandonment in HPD. Mr. Cayamittes asserts that he based his affidavit on his personal knowledge and his review of the records maintained by HPD and his conversations with employees of the City. According to Mr. Cayamittes, notices of the Brooklyn 47 In Rem Foreclosure action were mailed to all owners and interested parties that registered with the DOF. He states that a Judgment of Foreclosure was issued regarding the subject parcels on September 10, 2002 and that the Judgment of Foreclosure was entered on February 20, 2003. According to Mr. Cayamittes, despite the fact that it was under no obligation to do so, HPD engaged in outreach efforts to contact all owners on June 12, 2003. He asserts that on July 7, 2003, HPD contacted Brenda Ortiz an employee of HRC and advised her that HRC needed to contact HPD regarding the In Rem Tax Foreclosure. Mr. Cayamittes states that on July 14, 2003, HRC contacted HPD and advised the agency that it had retained the office of Blodnick, Gordon Fletcher & Sibell P.C. to assist in this matter. According to Mr Cayamittes, on July 17, 2003, HRC's counsel made a request for a discretionary release application and HPD faxed the petitioner the application on the same day. Mr. Cayamittes contends that HPD left messages for Mr. Paul Lanni an employee of petitioner's Counsel, on July 22, 2003, July 23, 2003, July 28, 2003 and July

30, 2003. According to Mr. Cayamites, Mr. Lanni never returned any calls. Mr. Cayamittes contends that on August 6, 2003, they received an inquiry from petitioner's Counsel as to whether HPD had received HRC's application for discretionary release and Counsel was informed that the application had not been received. According to Mr. Cayamittes on August 7, 2003, HPD received a discretionary release application from petitioner's Counsel for the subject parcels. The discretionary release application for 1116 Willoughby Avenue was dated August 6, 2003 and was signed by Milton Mendez, in his capacity as owner of the property. The discretionary release application for 195 Stockholm Street was dated August 6, 2003 and was signed by Nina Pinciu as owner of the property in care of HRC Holding. The discretionary release application for 1351 Green Avenue was signed by Joseph Paradelo, as president of HRC. Mr. Cayamittes states that on August 12, 2003, HPD received a telephone call from a Ms. Beth Fischbein, advising HPD that she was an attorney and that she had assumed representation of HRC. According to Mr. Cayamittes, on August 12, 2003, HPD contacted Ms. Fischbein to advise her that it needed additional information from HRC to complete its review of the discretionary release applications. Ms. Fischbein was further advised that HPD would need to interview Mr. Paradelo, Ms. Pinciu and Mr. Mendez. Mr. Cayamittes contends that Ms. Fischbein stated that Mr. Paradelo would contact HPD directly and that she would provide the contact information for the others. Mr. Cayamittes alleges that Mr. Paradelo never contacted HPD to discuss HRC's discretionary release application. He states that on August 18, 2003, Ms. Fischbein provided HPD with contact information for Ms. Pinciu and Mr. Mendez including telephone numbers. According to Mr. Cayamittes, Ms. Pinciu never returned HPD's phone calls and Mr. Mendez's telephone number was out of service. He further states that on October 6, 2003, HPD made several telephone calls to Ms. Fischbein but she did not return any of the calls. Mr. Cayanmittes asserts that on October 24, 2003, Ms. Fischbein contacted HPD to inform the agency that she was no longer representing HRC. She stated that any further contact regarding the subject parcels should be directed to Mr. Paradelo at the number that she provided for him. Mr. Cayamittes alleges that on October 27, 2003, Marlene Hayes, an employee of HPD's TPT/TLS Unit left a message for Mr. Paradelo at the number provided by Ms. Fischbein, requesting that he contact HPD regarding the discretionary release applications. Mr. Cayamittes states that Mr. Paradelo returned Ms. Hayes telephone call and left a cellular telephone number on her voice mail where he could be reached. Mr. Cayamittes alleges that HPD's attempts to contact Mr. Paradelo at the number provided were unsuccessful

and that Mr. Paradelo made no further efforts to contact HPD. Mr. Cayamittes asserts that HPD became concerned because expiration of its limited time to transfer the Parcels to a qualified third party was approaching. He further asserts that HPD had prior negative dealings with HRC and Mr. Paradelo regarding numerous other properties owned or managed by it or him throughout the City which had outstanding tax liens against them. He further contends that most of these properties were maintained in substandard condition by HRC and/or Mr. Paradelo. Mr. Cayamittes asserts that to have allowed HRC to obtain a release of these parcels would have been in direct conflict with HPD's mandate to preserve and rehabilitate housing. According to Mr. Cayamittes, given these facts, and the failure of the above named individuals to complete their application, HPD determined in its absolute discretion that it would not release the parcels to HRC. Mr. Cayamittes states that on November 17, 2003, HPD left a message for Mr. Paradelo advising him of HPD's decision to deny the application. On November 21, 2003, by separate deed, the parcels were deeded to NRHDFC and on November 25, 2003, HRC brought the instant Order to Show Cause.

The City respondents argue that HRC provides no basis for vacature of the judgment. The City respondents contend that denial of receipt of a notice standing alone is insufficient to rebut the presumption of regularity that attaches to a court proceeding. The City respondents assert that the presumption of regularity favoring the City attached on September 10, 2002, when the City was granted a judgment of foreclosure against the subject parcels. According to the City defendants, on that date, the City submitted sufficient proof to establish that it complied with all of the applicable provisions of Title 11, Chapter 4 of the Administrative Code. The City respondents contend that the City's proof of its compliance established a presumption of validity of the foreclosure action that must be rebutted by more than a mere denial of receipt of the notice of the foreclosure action. The City respondents further argue that the City complied with the notice requirements of the Administrative Code 11-406 ( c ), which provides that in an In Rem foreclosure action, the City is required to mail notices of the foreclosure action to owners and interested parties who "may be entitled to receive such notice by virtue of any owner's registration or the In Rem card filed in the office of the city collector pursuant to section 11-416 or 11-417" of Title 11, Chapter 4 of the Administrative Code. The City respondents contend that if a party does not specifically request that it be mailed notices to a particular address by filing a registration card with DOF for that address, the City is not required to

send any such notice to that address. The City respondents assert that the City's In Rem notice procedures have been deemed to satisfy constitutional due process requirements. The City respondents contend that HRC does not assert and/or provide any evidence that it filed an owner's registration card with DOF to receive notice at its purported new address. The City respondents argue alternatively that HRC's claim of lack of notice is time barred. According to the City respondents, Administrative Code § 11-415.1(h) limits the time period to challenge compliance with the notice provisions to four months after entry of the final judgment. The City respondents argue that since the subject judgment of foreclosure was entered on February 20, 2003 and HRC's instant application to set aside the verdict was not made until November 25, 2003, which is more than four months after entry of judgment, the application is time barred. The City respondents also contend that HRC's application for an order compelling the City to release the parcels should be denied since the City is not required to exercise its discretion to allow redemption of property after the four month mandatory redemption period has expired. The City respondents assert that the Courts have held that absent a showing of fraud or illegality, the City's absolute discretion to grant or to deny an application will not be disturbed. The City respondents contend that here, there are no allegations of fraud or illegality and that the City's decision to deny the discretionary release of the parcels to HRC was well reasoned and proper. In a supplemental affirmation, the City respondents argue that HPD's decision to deny the application for discretionary release and the subsequent conveyance to a responsible Third Party were consistent with the goals of the City's Third Party Transfer program. The City respondents submitted an affidavit from Elaine Calos, Assistant Commissioner for the Division of Preservation Finance at HPD. Ms. Calos explained that the Third Party Transfer program seeks both to enforce tax laws and to ensure transfer of tax-delinquent properties in poor condition in accordance with anti-abandonment and housing rehabilitation principles. She asserts that as a result of the program, buildings can move out of tax delinquency and be quickly restored to decent housing under responsible new ownership. According to Ms. Calos, third-party transferees under this program must be deemed qualified pursuant to criteria and processes established by HPD. Ms. Calos asserts that prior to conveyance of any Class 1 or Class 2 real property to a third party, the City Council must be afforded an opportunity to review the proposed conveyance. According to Ms. Calos, the City Council has within forty five (45) days of submission of notification of proposed transfers to disapprove of the transfers. If the City Council fails to act within the 45 day period, the City

Council is deemed to have approved. Ms. Calos states that pursuant to the Administrative Code, the time afforded the City to transfer such property is eight months running from the time of entry of judgment. However, the time is tolled during the forty five (45) day City Council period of review. Ms. Calos explained that HPD's practice is to submit a package describing all proposed conveyances in a particular In Rem action to the City council, at some time following the expiration of the four month mandatory redemption period. She states that the transfers approved by the City Council are later executed in a multi-party closing, which must be held prior to the expiration of the transfer period, including the 45 day toll for the City Council review. Ms. Calos contends that with respect to this matter, on August 18, 2003, a package including the subject three properties, was prepared and sent to the City Council regarding proposed conveyances to a third party, thereby tolling the eight month transfer period for forty-five (45)days and the City Council did not disapprove of the transfer of the properties. Ms. Calos asserts that in this case, as is customary, the properties were transferred to a non-profit developer of affordable housing which meets the criteria of Administrative Code § 11-412.1(2) and 28 RCNY §8-03, in this instance NRHDFC, as an interim owner pending review of the properties to evaluate necessary repairs and financing. According to Ms. Calos, typically, NRHDFC in turn, transfers ownership to qualified "for profit" and "not for profit" owners selected by HPD through the Request For Qualification process for third party transferees within approximately one year. Ms. Calos alleges that in this instance, the designated owner of the subject properties is Ridgwood, a long standing community development not-for-profit agency operating in the areas in which the subject buildings are located. Finally, the City respondents contend that the City timely transferred the parcels. The City respondents argue that although the City only had eight months from the entry of judgment to transfer the parcels, the eight month period was tolled for forty-five (45) days when the transfer was submitted to the City Council for review as mandated by the Administrative Code § 11 412.2.

In opposition to HRC's Order to Show Cause, NRHDFC contends that by separate deeds dated November 21, 2003, each of the subject properties were conveyed to NRHDFC by the Commissioner of the DOF. NRHDFC contends that the deeds were delivered in accordance with the foreclosure judgment that was granted pursuant to §11-412.1 of the Administrative Code of the City of New York. NRHDFC argues that the Court did not have jurisdiction to issue an Order

to Show cause or grant a stay as the underlying In Rem action had been resolved by final judgment and as such, there is no action pending pursuant to which relief could have been granted. NRHDFC contends that nothing further could have been entertained with respect to this In Rem proceeding unless HRC commenced a separate proceeding. NRHDFC further argues that there is also an issue as to whether petitioner is the owner of two of the subject properties. NRHDFC alleges that records indicate that HRC was not certified to be the owner of record of 1116 Willloughby Avenue and 195 Stockholm Street, either on December 21, 2001, the date that the In Rem proceeding was commenced or on the date that title to those properties was transferred to NRHDFC. NRHDFC further argues that HRC was given due notice of the foreclosure proceeding. According to NRHDFC, under the statute, the City is only obligated to serve a party at an address provided by that party and there is no evidence that HRC ever provided the City with notice of a change of address. NRHDFC further argues that HRC does not dispute that it was served at the address provided. According to NRHDFC, the judgment of foreclosure issued on February 28, 2003, carried with it a presumption of regularity. NRHDFC argues that since the deadline for an appeal passed, the time limit for a motion to reargue passed, and the statutory period for redemption as of right passed, the presumption of regularity became conclusive. Therefore, according to NRHDFC, HPD had discretion either to grant or to deny HRC an opportunity to redeem. NRHDFC argues that HPD's decision could not affect the validity of the court's earlier and underlying judgment. NRHDFC further argues that HRC did not challenge HPD's decision in an Article 78 proceeding and HRC does not allege that the law required HPD to decide differently. In a supplemental affirmation, NRHDFC asserts that the City was not acting in bad faith when it notified the City Council of the proposed conveyance of the subject properties. NRHDFC argues that the City has only an eight month period from the date of entry of the foreclosure judgment to execute a deed to either the City or a third-party. As such, if the City had failed to include the subject properties in the notice to the City Council pending its decision on petitioner's application for late redemption, it would have prejudiced the City's ability to enforce the Foreclosure Judgment against the subject properties. According to NRHDFC, if the City had decided to permit petitioner's application for late redemption, the Commissioner of Finance simply would not have executed a deed to NRHDFC. NRHDFC asserts that HRC's counsel is incorrect in his assertion that the conveyance of the subject properties was based on a probationary deed. According to NRHDFC, it was intended to serve only as interim owner of the properties transferred by the

Commissioner of Finance. As such, the conveyance to NRHDFC contains a reservation in favor of HPD to convey the property to a party approved by HPD if NRHDFC remains owner of the property beyond three years. NRHDFC asserts that section 3 of the conveyance merely permits HPD to ensure that the terms of any transfer by NRHDFC to any proposed grantee be in accordance with TPT program requirements. NRHDFC asserts that section 5 of the deed grants NRHDCF a limited "Right of Conveyance" which resulted from a desire on the part of NRHDFC's board of directors to have the ability to dispose of extraordinarily difficult properties. NRHDCF contends that this provision permits NRHDFC to convey any property to either the City or whomever the City designates. NRHDCF asserts that petitioner's assertion that Ms. Penciu and Mr. Mendez were merely its nominees is a dubious claim and that in any event, both were duly served in the In Rem 47 proceeding and were fully aware of the lawsuit.

In support of the motion to intervene, the tenants/intervenors assert that HRC's pre-foreclosure neglect was not limited to the non-payment of taxes. The Tenant/intervenors argue that as such, they have a stake in the immediate vacature of stays and the continuance of the foreclosure judgment. That judgment set the stage for the transfer of the subject building to responsible not-for-profit ownership and management through the Third Party Transfer program. The tenant/intervenors contend that no one has a greater stake in this matter than the tenants since this action will determine the type of housing management with which the tenants and their children must live. The tenant/intervenors argue that they are the intended beneficiaries of the TPT program and that they have a statutory right to participate in the TPT. In support of the application to intervene, the movant submitted several affidavits from tenants from 1116 Willoughby Avenue attesting to the poor maintenance and lack of services in the buildings. Also tenants/intervenors argue in support of the motion that the tenants may not adequately be represented by the named defendants. This assertion is also supported by NRHDFC which notes that the temporary restraining order obtained by the petitioner at the time that the order to show cause was granted prevented NRHDFC and the City respondents from communicating with the tenants in the subject properties and as such the interest of the tenant/intervenors could not have been adequately represented by any of the respondents.

At the outset, the tenants/intervenors application to intervene is granted. The tenant intervenors have submitted sufficient evidence to establish that they have a

real and substantial interest in the outcome of the proceeding. As such, the Court will, in its discretion, grant the application to intervene (see *Plantech Housing Inc. v. Conlan*, et.al., 74 AD2d 290 [2nd Dept. 1980]). It is clear that based on these facts, petitioners' application to vacate the judgment of foreclosure must be denied. Administrative Code § 11-412 (h) states in pertinent part:

> Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After four months from entry of the final judgment authorizing the award of possession of any parcel of class one or class two real property pursuant to the provisions of this section, the presumption shall be conclusive. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filled in the office of the county clerk prior to the time that the presumption becomes conclusive as aforesaid.

Here, the Judgment of Foreclosure was granted on September 10, 2002, thus creating a presumption of regularity of the proceeding pursuant to title 11, Chapter 4 of the Administrative Code. That presumption encompasses compliance by the City with the proper notice requirements, and petitioners' mere denial of receipt is insufficient to rebut the presumption of regularity (see *City of New York v. Family House Real Estate Corp.* , 2 AD3d 241 [1st Dept 2003]). Furthermore, the City is under no duty to mail the notice to petitioners' actual address where petitioner has failed to register same with the Department of Finance (see Admin Code §§ 11-416 and 11-417). Moreover, the City notice requirements have been upheld as Constitutional (see *In re ISCA Enterprises, et al. v. City of New York*, 77 NY2d 688 [1991])). In any event, pursuant to Administrative Code §11-412.1(h), the presumption of regularity became conclusive four months after entry of the Judgment of Foreclosure on February 20, 2003 and since petitioners did not make the instant application until November 25, 2003 "petitioner did not make the underlying motion or take any action to clear or redeem the subject property within the four month period" and as such, petitioners are not entitled to vacature of the judgment of foreclosure and transfer of the property to a third party (*In Rem 47,* 29 AD3d 955 [2nd Dept. 2006]). In addition, since petitioner failed to seek to

redeem the subject properties as of right within the four month statutory period, and since there has been no evidence of illegality or fraud, the City acted well within its discretion to deny the petitioners' application for the discretionary release of property (see *Grant v. In Rem Foreclosure Release Bank, et al*, 226 AD2d 375 [2nd Dept. 1996]). Consequently, the court need not consider petitioners' other contentions.

Accordingly, the tenants/intervenors' application to intervene is granted. Petitioner's motion to vacate the Judgment of Foreclosure is denied and all stays in this action are vacated.

This constitutes the decision and order of the court.

ENTER

HON. LAURA JACOBSON

LAURA L. JACOBSON, JSC

# ORDER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO. 47 INDEX NO.: 8700/01

BOROUGH OF BROOKLYN, NEW YORK BY: HON. JULES L. SPODEK

SECTIONS 2, 3, 4, 5, 6, 7, 11, 15, 16, AND 23 DATE: JULY 15, 2004

TAX CLASSES 1 AND 2

Defendant.
--------------------------------------------------------------X

Upon the Order To Show Cause, dated July 2, 2004, the affirmation of Angelyn Johnson, Esq., dated July 1, 2004, the affirmation of Alex Avitabile, Esq., dated July6, 2004, the affirmation of Marian Mass, Esq., dated July 6, 2004, the Order To Show Cause, dated May 17, 2004, the affirmation of Angelyn Johnson, Esq., dated May 14, 2004, the affidavit of Dennis Tubian, Esq., dated May 12, 2004, the affirmation of Angelyn Johnson, Esq., dated June 30, 2004, the Corporation Counsel's Memorandum of Law, dated June 24, 2004, the affirmation of Alex Avitable, Esq., dated June 22, 2004, and upon all exhibits annexed thereto and upon oral argument:

On December 21, 2001, the City of New York commenced an in rem foreclosure action against multiple properties including one which is the subject of the instant Orders to Show Cause. The property, 516 Chauncey Street, Brooklyn, New York, was included in the tax foreclosure proceeding because of outstanding real property taxes, water and sewer charges and other unpaid obligations, all totaling approximately $133,000.00 as of July of 2002.

Movant, the proponent of the Orders To Show Cause became a mortgagee of the subject property in June of 2002. On February 20, 2003, Judgment was entered in favor of the City of New York in the office of the Kings County Clerk. Subsequent to the Judgement of Foreclosure being entered, and on November 21, 2003, the City of New York conveyed the subject property to the Neighborhood Restore Housing Development Fund Corporation (NRHDFC) in compliance with all applicable statutes, regulations and local agency requirements.

The instant application by the above referenced mortgagee is to vacate the default judgment of foreclosure dated September 10, 2003, vacate the deed dated November 21, 2003, and join the NRHDFC as a party. Movant maintains that it was never properly notified of the tax foreclosure/proceedings and not served with a copy of the final judgment.

Following a careful review of the submissions of all parties, the Court finds that it cannot grant any of the relief requested by movant. The City of New York complied with all relevant and applicable requirements embodied in the Administrative Code and is possessed of a properly entered and valid Judgment of Foreclosure.

Furthermore, pursuant to the provisions of the Administrative Code, the City of New York timely and effectively transferred the property to the NRHDFC. Movant is now time-barred from asserting any objection to the foreclosure proceedings or the transfer.

Accordingly, movant's motion is denied in its entirety. The stay or temporary restraining order imposed by the May 17, 2004 Order to Show Cause is lifted and no longer in effect.

ENTER,

J. S. C.

CL

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: MICHAEL D. STALLMAN J.S.C. Justice

PART 5

EA Hawkins LP

INDEX NO. 102698/03

MOTION DATE 2/3/05

- v -

MOTION SEQ. NO. 01

City and NRH DF Corp.

MOTION CAL. NO. 35

The following papers, numbered 1 to 5 were read on this motion to/for

RECEIVED JUN 15 2005 MOTION SUPPORT OFFICE

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits | 1 |
| Answering Affidavits — Exhibits | 2, 3 |
| Replying Affidavits | 4, 5 |

Cross-Motion: ☐ Yes ☒ No

Upon the foregoing papers, it is ordered that this motion

"is determined in accordance with the annexed memorandum decision and order."

HON. MICHAEL D. STALLMAN

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: 6/9/05

J.S.C.

Check one: ☒ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 5

---X

E.A. Hawkins, LP,

Plaintiff,

-against-

City of New York and Neighborhood Restore Housing Development Fund Corporation,

Defendants.

---X

Index No. 102698/03

**Decision, Order and Judgment**

**HON. MICHAEL D. STALLMAN, J.:**

Defendant City of New York moves for summary judgment dismissing the amended complaint on the grounds that (1) it fails to state a cause of action and (2) it is barred by the statute of limitations. Co-defendant Neighborhood Restore Housing Development Fund Corporation ("NRHDFC") did not cross-move for this relief.

This action involves a parcel of real property that was included in an in rem tax foreclosure proceeding, In Rem Tax Foreclosure Action No. 42, ("Manhattan 42"), Supreme Court, NY County, Index No. 580001/00. On October 30, 2001, this Court granted the City a judgment of foreclosure, which was entered on February 14, 2002 based upon plaintiff's failure to pay delinquent taxes on the subject property. On March 14, 2002, a copy of this judgment was recorded with the City Register. In compliance with the relevant statutes, theCity transferred the property to NRHDFC by a deed dated November 19, 2002, as authorized by Title 11, Chapter 4, of the New York City Administrative Code as amended by Local Law 37 of 1996 and Title 28, Chapter 8 of the Rules of the City of New York.

The amended complaint dated March 21, 2003 seeks an order: (a) vacating and setting aside the judgment of foreclosure entered in Manhattan 42 as it affects the real property at issue herein;

001

the judgment of foreclosure entered in Manhattan 42 as it affects the real property at issue herein; (b) voiding and setting aside the deed by which the City transferred the property to NRHDFC; and (c) issuing a declaratory judgment that plaintiff, not NRHDFC, is the property owner, or, in the alternative, permitting plaintiff to redeem the property beyond the period permitted by law.

The City contends this action is time-barred by the applicable statute of limitations on the grounds that (1) this action was commenced eight months after the statutory mandatory release period ended and (2) the amended complaint fails to state a cause of action.

Plaintiff's contention that the Administrative Code's four month mandatory redemption period did not begin to run until November 18, 2002, the date on which the City executed the deed to NRHDFC is without merit. The Administrative Code clearly provides that the mandatory redemption period begins running on the day the judgment is entered. Admin. Code sec. 11-412.1(d).Moreover, there is no merit to plaintiff's argument that the deed from the City to NRHDFC did not transfer title because the deed was notarized on behalf of the City one day prior to the effective date on the deed. Plaintiff has not cited any authority in support of its assertion that the deed was not effective to convey title.

Contrary to plaintiff's argument, plaintiff was not the owner of the subject premises with a right to reclaim until the day the City executed the deed to NRHDFC. Administrative Code § 11-412.1(d) provides that the owner of property included in an in rem judgment has the right to redeem that property only if, within four months of the entry of the judgment, the owner pays all taxes and other legal charges, or enters into an installment agreement to do so. It is undisputed that plaintiff never made such payment or agreement, and that such period expired on June 14, 2002, four months after entry of the judgment on February 14, 2002.

Finally, the evidence before the Court is sufficient to demonstrate that the City gave notice to plaintiff in compliance with applicable law by mailing notices of foreclosure and warning notices regarding the redemption of the property..

In his affirmation in opposition, plaintiff's attorney states that "since plaintiff is disputing notice of the foreclosure, which raises questions of fact . . . ., the defendants' (sic) motion should be denied." (Para. 6). This conclusory statement by counsel is insufficient to overcome the presumption of regularity of service or to create a factual question regarding service of the required notices. Plaintiff has not submitted any affidavit from an individual with personal knowledge denying receipt of the notice of the foreclosure.

Finally, the Court notes that NRHDFC did not cross-move for summary judgment. It merely submitted a reply affirmation, asking that the Court grant the City's motion for summary judgment and "dismiss (the) (c)omplaint in its entirety and with prejudice to as against all defendants . . ." Because NRHDFC did not cross-move for this relief, it is not properly before the Court and the Court is without power to grant this relief.

Because part of the relief sought by plaintiff in the amended complaint was for "a declaratory judgment determining that plaintiff is the owner of the property", the Court must declare the rights of the parties. See Lanza v. Wagner, 11 NY2d 317, 334; Fried v. 20 Sutton Place South, Inc., 2 AD3d 351.

The City has made a prima facie showing of entitlement to judgment as a matter of law.

Accordingly, it is

**ADJUDGED and DECLARED** that the City gave plaintiff notice of the subject in rem tax foreclosure proceeding by serving process as required and complied with the applicable

Administrative Code procedures; and it is further

**ADJUDGED and DECLARED** that the February 14, 2002 judgment of foreclosure was and remains valid; plaintiff is not the owner and was not entitled to redeem the property from the City and the City properly transferred the property to Neighborhood Restore Housing Development Fund Corporation by deed dated November 19, 2002; and it is further

**ORDERED** that the City's motion for summary judgment is granted; the Clerk is directed to enter judgment dismissing the amended complaint as against the City of New York; and it is further

**ORDERED** that the balance of the action is severed and continued as against defendant NRHDFC.

This decision constitutes the order and judgment of the Court.

**Dated: June 9, 2005**
**New York, New York**

**ENTER:**

**MICHAEL D. STALLMAN, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: I.A.S. PART 19
-------------------------------------------------------------X

IRENE CURRY DASHER,

Plaintiff,

- against -

ESTATE OF WALTER DILLON, NAOMI WHITE, a minor, JACQUELINE WHITE and HOWARD GETZ.

Defendants.
-------------------------------------------------------------X

DECISION AND ORDER

Index No. 26493/2004

PRESENT: Hon. Lucindo Suarez

Upon plaintiff's Order to Show Cause signed by this court on June 14, 2007; the affirmation of Edward R. Adams, Esq. dated June 12, 2007 and the exhibits submitted therewith, the affirmation in opposition of Susan Smollens, Esq. dated September 10, 2007 and the exhibits submitted therewith; oral argument heard on September 11, 2007; and due deliberation; the court finds:

Plaintiff's application to stay *in rem* foreclosure of the subject property was in effect an application to extend the four-month statutory period of redemption contained in NYC Admin. Code 11-412.1(d) (the "mandatory redemption period"). As the judgment of foreclosure was signed on January 19, 2007 and entered on February 15, 2007, this period would have expired on June 15, 2007, General Construction Law § 30, but for the stay imposed pending the hearing of plaintiff's application, as per the Order to Show Cause signed by this court on June 14, 2007, as modified by the Stipulation and Order Modifying Order to Show Cause so-ordered by this court on June 20, 2007.

It is undisputed that plaintiff applied to the court on the eve of the expiration of the

mandatory redemption period, and that to date, no party has taken any steps to either redeem the property, clear the property's chain of title, or challenge the foreclosure proceedings. Plaintiff has provided no authority under which this court may modify, condition or extend the mandatory redemption period, and indeed the statutory remedies of the Tax Lien Foreclosure by Action in Rem chapter of the administrative code are exclusive. *See In Rem Tax Foreclosure Action No 47*, 19 A.D.3d 547, 548, 798 N.Y.S.2d 82, 83 (2d Dep't 2005); *see also Pysa Realty Corp. v City of New York*, 23 A.D.3d 290, 808 N.Y.S.2d 12 (1st Dep't 2005) (proceedings to set aside deed after tax lien foreclosure to be instituted within four months after entry of final judgment).

Accordingly, it is

ORDERED, that plaintiff's application is in all respects denied; and it is further

ORDERED, that the stay of the pending In Rem Tax Foreclosure Proceeding (Action No. 49) insofar as it affects the property located at 817 East 223rd Street (Block 4848, Lot 30), County of Bronx, State of New York, previously imposed by the Order to Show Cause signed by this court on June 14, 2007 and the Stipulation and Order Modifying Order to Show Cause so-ordered by this court on June 20, 2007, is hereby vacated.

This constitutes the decision and order of the court.

Dated: September 11, 2007

Lucindo Suarez, J.S.C.

ORIGINAL

Short Form Order

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: HONORABLE JAIME A. RIOS IA PART 8
Justice

IN REM TAX FORECLOSURE ACTION NO. 51, BOROUGH OF QUEENS

SECTIONS 9, 10, 11, 40, 44, 45, 52, 60 and 61

TAX CLASSES 1 AND 2

Index Number: 27953/02

Motion Date: July 19, 2006

Motion Cal. Number: 9

The following papers numbered 1 to 7 were read on this order to show cause by F&K Realty Corp. (F&K) seeking an order discontinuing the action as to parcels of real property known as 21-16 Cornaga Avenue (Block 15705, Lot 9) and 21-24 Cornaga Avenue (Block 15705, Lot 13) and vacating and setting aside the deeds dated June 7, 2005 for these parcels.

| | Papers Numbered |
|---|---|
| Order to Show Cause-Affirmation-Affidavits-Exhibits.... | 1-3 |
| Affirmations in Opposition-Affidavits-Exhibits......... | 4-7 |

Upon the foregoing papers, it is ordered that the order to show cause is determined as follows:

## Background

This is a tax lien foreclosure action commenced by the City of New York (NYC) pursuant to Title 11, Chapter 4 of the Administrative Code of the City of New York on October 25, 2003 by the filing of duplicate lists of delinquent taxes in the Queens County Clerk's Office for the purpose of foreclosing on certain properties including 21-16 Cornaga Avenue and 21-24 Cornaga Avenue, Far Rockaway, New York (Cornaga Avenue Properties) as a result of outstanding taxes and other assessments dating back to 1994.

The movant F&K is the alleged mortgagee of the Cornaga Avenue Properties, pursuant to assignment of a note from Milfra Realty Corp. (Milfra) in the amount of $38,500.00 on November 30,

1982. The assignment was recorded in the Office of the City Register on April 29, 1983. It is uncontested that F&K received notice of the foreclosure action; that notice was published pursuant to the provisions of the NYC Administrative Code, and that proper filing was made.

Upon proof that NYC had complied with all applicable statutory requirements, this court (Rios, J.) granted NYC a judgment of foreclosure, dated August 18, 2004, which was entered in the Queens County Clerk's office on September 27, 2004.

Pursuant to the judgment of foreclosure, ownership of the Cornaga Avenue Properties was to be transferred to either NYC or to a third party designated by the Commissioner of Housing Preservation and Development (HPD) within an eight month statutory period, set forth in Administrative Code §11-412.1, commencing upon the entry of judgment, unless such statutory period was tolled or extended by operation of law.

By deed dated June 7, 2005, ownership of the subject property was transferred to the Neighborhood Restoration Housing Development Fund Corporation (NRHDFC) by the Commissioner of Finance of NYC.

Contentions

F&K currently moves to vacate the judgment of foreclosure and to invalidate the deeds dated June 7, 2005 transferring the subject property to NRHDFC contending that the deeds were executed beyond the eight month statutory period set forth in Administrative Code §11-412.1 and thus title was illegally transferred.

NYC and NRHDFC oppose this application, asserting that the eight month statutory period was tolled for 45 days for City Council approval of the proposed conveyances and thus, the conveyances were timely. In support, NYC submits an affidavit from Carol Clark, an Assistant Commissioner for Local Legislative Affairs at HPD, stating that the City Council was notified of the proposed conveyances on March 28, 2005 and that as no local law was passed disapproving of same within 45 days of its notification, the conveyances were deemed approved.

Additionally, NYC contends that since the in rem tax foreclosure action has already been resolved by final judgment, no further relief may be granted absent the commencement of a separate proceeding and that such commencement would be

nonetheless time barred by the provisions of Administrative Code §11-412.1[h].

Decision

Pursuant to the Administrative Code §11-412.1 following the expiration of a four month mandatory redemption period commencing upon the entry of a foreclosure judgment, during which time property may be redeemed from foreclosure by payment of the tax debt and other charges, but not more than eight months after the date on which judgment was entered, the Commissioner of Finance of NYC may execute a deed transferring ownership of the property to NYC or a qualified third party. Failure to execute the deed within the eight month period shall result in the discontinuance of the action, cancellation of the notice of pendency, the vacatur and setting aside of the final judgment.

Here, the judgment of foreclosure was entered on September 27, 2004 thereby requiring action on the part of the City before May 27, 2005. While no transfer of ownership was made prior to the expiration of the statutory eight month period, the requirement was tolled. As set forth in the uncontroverted affidavit of Carol Clark, a 45 day toll was effected upon the submission of this matter to the City Council for pre-transfer notification and approval on March 28, 2005 pursuant to Administrative Code §11-412.2.

Administrative Code §11-412.2 sets forth that:

> [D]uring such 45 day period or, if the city council acts by local law pursuant to this section, during the period of time from any notification of the council to the presentation to the mayor of such local law and during the additional period of time prescribed in section 37 of the charter, the eight month period provided in subdivisions c and i of section 11-412.1 of this chapter shall be tolled.

Thus, the June 7, 2005 conveyance of the subject property was timely.

Additionally, this court does not have jurisdiction to grant F&K's motion to enjoin NYC and/or NRHDFC from selling the property in the in rem tax foreclosure proceeding because that proceeding has terminated with the entry of judgment on September 27, 2004 (see In re Foreclosure of Tax Liens v Prudential Home Mortgage Co. Inc., 226 AD2d 373 [1996]; Niagara Mohawk Power Corp. v Great Bend Aggregates, Inc., 181 AD2d 998 [1992]).

Finally, F&K's application is time barred pursuant to Administrative Code §11-412.1[h] which sets forth as follows:

> Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After four months from the date of entry of the final judgment authorizing the award of possession of any parcel of class one or class two real property pursuant to the provisions of this section, the presumption becomes conclusive. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the property county clerk prior to the time the presumption becomes conclusive as aforesaid.

F&K brings this order to show cause, dated June 1, 2006, to set aside the deeds more than twenty months after entry of the judgment of foreclosure on September 27, 2004. F&K's application is barred by its failure to commence an action and file a notice of pendency within four months after the date the final judgment was entered and prior to the time that the presumption of NYC's compliance with the statutory provisions became conclusive (see Administrative Code §11-412.1 [h]; see also In re Tax Foreclosure Action No. 44 v Family House Real Estate Corp., 2 AD3d 241 [2003]).

Accordingly, the order to show cause is denied.

Dated: August 18, 2006

J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND DCM PART 3

Index No.:1000/2005
Motion No.:003

IN REM TAX FORECLOSURE ACTION NO. 49
BOROUGH OF STATEN ISLAND SECTIONS
1, 3, 5, AND 17 TAX CLASSES 1 AND 2

DECISION & ORDER

HON. JOSEPH J. MALTESE

The following items were considered in the review of this motion to vacate the In Rem Foreclosure Judgment obtained by default.

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed | |
| Order to Show Cause | 1 |
| Answering Affidavits | 2 |
| Replying Affidavits | 3 |
| Exhibits | Attached to Papers |

Respondent, William T. Owen, Jr.'s, motion to vacate the In Rem Foreclosure Judgment obtained by default is denied in its entirety.

**Facts**

Respondent's father, William T. Owen, Sr., is the record owner of the property located at 293-295 Broadway, Staten Island, NY which is the subject of this action. Respondent is acting in the capacity of Successor Executor under the Last Will and Testament of William T. Owens, Sr. Respondent argues that petitioner's default in rem foreclosure judgment should be vacated, first on the grounds of improper and defective service of process; or in the alternative pursuant to § 11-412.1(i) of the New York City Administrative Code for failure of the Commissioner of Finance to execute a deed conveying the subject property to the City of New York or a third party within the statutory eight month period after the entry of final Judgment of In Rem Foreclosure.

Petitioner, City of New York, argues that service on the defendant was proper and that the Commissioner of Finance may still transfer the property as the eight month period to do so has not expired.

Subsequent to the submission of this motion, this court received communication from both the plaintiff and defendant that the New York City Department of Buildings issued two demolition permits for the subject property due to its hazardous condition.

**Discussion**

Petitioner argues that the service upon defendant William T. Owens, Jr. at 50 Fort Place, Staten Island, NY satisfies the requirement set forth in the New York City Administrative Code.[1] Specifically the code states:

> On or before the date of the first publication of such notice, the commissioner of finance shall cause a copy of the notice to be mailed to all owners, mortgagees, lienors or encumbrancers, who may be entitled to receive such notice by virtue of any owner's registration or in rem card filed in the office of the city's collector pursuant to section 11-416 or 11-417 of this chapter . . .[2]

In support of its argument the City asserts that it served William T. Owens at 50 Fort Place, Staten Island, NY; and it served the Estate of William T. Owens at both 293 Broadway, Staten Island, NY and 50 Fort Place, Staten Island, NY.

In his affidavit defendant William T. Owens, Jr. asserts that his father William T. Owens or William T. Owens, Sr. died on July 15, 1991. In addition, he avers that he currently resides at 50 Fort Place, Staten Island, NY without indicating an apartment number. William T. Owens, Jr. further avers that he never received a Notice of Foreclosure from the City.

The City provided a mailing list report that was previously provided to this court as an exhibit in its opposition to this motion and previously as an exhibit in the Affirmation of Regularity. The mailing list report demonstrates that William T. Owens was sent at least two pieces of correspondence to 50 Fort Place, Staten Island, NY and one piece of correspondence to 50 Fort Place, Apt. 5A, Staten Island, NY. As Chief Judge Kaye stated in *ISCA Enterprises v.*

---

[1] NYC Code § 11-406.

[2] NYC Code § 11-406(c).

*City of New York*, " . . . notice by mail is a constitutional precondition to a proceeding that will adversely affect the property interest of any party whose name and address are reasonably attainable."[3] Therefore, jurisdiction was properly obtained over the movant as service of process was proper. This court reviewed the City's Affirmation of Regularity dated November 16, 2006 and granted a Judgement of Foreclosure pursuant to Administrative Code §§ 11-412 and 11-412.1 on February 7, 2007. The City thereafter entered said judgment on March 5, 2007.

The Appellate Division, Second Department faced a similar set of facts in the case *In Rem Tax Foreclosure Action No. 47*, wherein it was held:

> That presumption encompassed compliance by the City of New York with all applicable notice, publication and filing requirements, including its mailing of a notice of foreclosure . . . and the . . . mere denial of receipt of such notice was insufficient to overcome the presumption.[4]

It is therefore clear that the actions taken by the City created a presumption of regularity with respect to this foreclosure action. The movant fails to rebut this presumption of regularity. Contrary to movant's arguments, the City's reliance on the Administrative Code to serve individuals is appropriate as it governs the *in rem* foreclosure procedures.

Movant's additional argument to invalidate the *in rem* foreclosure that the City failed to transfer the subject property within eight months is misplaced. The City has come forward with the Affidavit in Further Opposition of Carol Clark wherein she avers that she submitted a package regarding proposed conveyances that included 293-295 Broadway, Staten Island, NY under Housing Preservation and Development's Third Party Transfer Program to the office of Council Speaker Christine Quinn. As such the eight month requirement to transfer the property is tolled for 45 days. The transfer period was therefore extended to December 21, 2007.

---

[3] 77 NY2d 688 [1991].

[4] 29 AD3d 955, [2d Dep't., 2006].

**Conclusion**

For the aforementioned reasons the movant's motion to vacate the *in rem* foreclosure is denied with prejudice in its entirety.

Accordingly, it is hereby:

ORDERED, that the City of New York shall transfer the property located at 293-295 Broadway, Staten Island, NY within thirty days from the date of this order.

ENTER,

DATED: March 21, 2008

Joseph J. Maltese
Justice of the Supreme Court