# EXHIBIT H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 52

BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 AND 16

TAX CLASSES 1 AND 2

---------------------------------------------------------------------- x

**AFFIRMATION IN OPPOSITION**

Index No. 40000/15

Block 2876, Lot 1
1600 Nelson Avenue

MARGARET DEVOE, an attorney duly admitted to practice law in the State of New York, affirms the truth of the following under penalties of perjury:

1. I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for the City of New York (the "City") in the above-captioned action. I am fully familiar with the facts and circumstances set forth herein based upon the books and records of the City, upon public records, upon conversations with City employees, and upon my personal knowledge.

2. I submit this affirmation in opposition to the motion of 1600 Nelson Avenue Housing Development Fund Corporation ("Movant"), brought by order to show cause dated September 27, 2018. The motion seeks an order vacating the foreclosure judgment entered by default on November 30, 2017 against the property, setting aside the transfer of title to Neighborhood Restore Housing Development Fund ("Neighborhood Restore"), and granting leave to Movant to both file an answer to the proceeding and satisfy its tax lien pursuant to New York City Administrative Code (the "Admin. Code") Section 11-412.[1] The real property at issue

[1] Movant incorrectly cites § 11-412, which pertains solely to traditional *in rem* actions, whereas the judgment in this action is pursuant to § 11-412.1, which pertains to modified *in rem* (or third party transfer) by which the City forecloses and transfers class one and class two properties. See Admin. Code, Title 11, Chapter 4 (the "City's *in rem* law") and pars. 18-21, infra.

is designated on the Bronx County Tax Map as Block 2876, Lot 1 ("the subject property" or "Lot 1"), also known as 1600 Nelson Avenue.

3. Movant asserts that it did not receive notice of the *in rem* foreclosure action. See affidavit of Guillermo Gomez, the subject property manager, sworn to September 19, 2018, ¶¶ 6-12 ("Gomez Aff."), affidavit of Gloria Flores, Movant's Secretary of the Board as well as a shareholder occupant of the subject property, sworn to September 24, 2018, ¶¶ 6-10 ("Flores Aff."), and affidavit of Juana Cotto, shareholder occupant of the subject property, sworn to September 25, 2018, ¶ 4 ("Cotto Aff."). However, as shown fully below, notice was sent by the New York City Department of Finance ("Finance") in full compliance with applicable law and, pursuant to the Admin. Code, the mandatory redemption period has expired and the subject property has been transferred to Neighborhood Restore.

## BACKGROUND

4. This *in rem* tax foreclosure action was commenced pursuant to the City's *in rem* law, which gives the City the authority to foreclose on properties affected by tax liens that remain unpaid for the statutorily required period. Specifically, this action is pursuant to the portion of the *in rem* law added by the 1996 amendment of the statute, known as modified *in rem*, or the Third Party Transfer Program ("TPT" or the "Program"). The Program is an innovative process that seeks both to enforce tax laws and to ensure transfer of tax delinquent properties in poor condition in accord with anti-abandonment and housing rehabilitation principles. The Program is jointly administered by Finance and the New York City Department of Housing Preservation and Development ("HPD").

5. As set forth below, the Judgment of Foreclosure was properly entered against the subject property and Movant has shown no reason for its vacatur.

The *In Rem* Action

6. *In Rem* Tax Foreclosure Action No. 52, Borough of Bronx, Index No. 40000/2015 (Barbato, J.) ("Bronx 52") was commenced on July 7, 2015, pursuant to Admin. Code § 11-401 et seq., by the filing of two duplicate original Lists of Delinquent Taxes in the Office of the Clerk, Bronx County. See Admin. Code § 11-405. Lot 1 was included in the action as a result of unpaid liens for delinquent taxes and other charges.

7. At the time Bronx 52 was commenced, the real property tax, water and sewer balance and other charges for Lot 1 were $399,345.35, dating back to October 2011. A copy of the relevant pages of the List of Delinquent Taxes regarding Lot 1 is annexed hereto as Exhibit 2.

8. The City followed the procedures set forth in the Admin. Code § 11-401 et seq., specifically § 11-406, to notify interested parties of Bronx 52 by mailing Notices of Foreclosure to interested parties. See Affidavit of Regularity of Jaques Jiha, Commissioner of Finance, sworn to October 18, 2017, annexed as an exhibit to the Affirmation of Regularity of Andrea B. Feller, dated October 18, 2017 (the "Affirmation of Regularity").[2] Finance is required to mail notice of foreclosure to owners who have requested to receive such notice at a specific address or, in the event an owner has not made such a request, notice is to be mailed to the name and address, if any, appearing in the latest annual record of assessed valuations (or assessment roll), which is generally the property address. See Admin. Code § 11-406, and a copy of the assessment roll as of May 2015 for the subject property is annexed as Exhibit 3. As set forth in the accompanying Affidavit of Pamela Parker-Cortijo, sworn to October 19, 2018 (the "Parker-

[2]The Affirmation of Regularity was submitted to the Court in support of the foreclosure judgment in Bronx 52 and is annexed hereto, in its entirety, as Exhibit 1.

Cortijo Aff."), at the time of commencement of Bronx 52, no request had been made to Finance for notice to be sent to any address other than the subject property address.

9. On July 14, 2017, Finance mailed, by regular and by certified mail, Notices of Foreclosure for Lot 1 to the subject property's address, 1600 Nelson Avenue, Bronx, New York 10453, addressed, specifically, among others, to Iris Diaz;[3] to 1600 Nelson Ave Hsing Dev., Apt. 5A; to 1600 Nelson Ave HDFC, R. Cotto,[4] Apt. 4E; and to 1600 NAHD, G. Flores,[5] FL. 4. Copies of those Notices of Foreclosure and, where available, delivery receipts, are annexed as Exhibit 4. Finance also mailed Notice of Foreclosure to BKN Corp and 1600 NAH DTC, both at P.O. Box 523092, Bronx, New York 10452-1241.[6] Id.

10. Track and confirm records of the United States Postal Service, reviewed and printed by staff in the office of the New York City Law Department, show confirmed delivery of several of the multiple notices sent by certified mail to the subject property and to P.O. Box 523092, Bronx, New York 10452-1241. Id.[7]

---

[3] Iris Diaz was listed as the owner of the property in Finance's records as early as 1992, likely as a result of a request from the taxpayer.

[4] Juana Cotto appears on Acris in connection with a filing for a UCC-1.

[5] G. Flores was a name in Finance's records as a result of being associated with the property in HPD's records.

[6] According to Finance's records, the real estate billing name and address for the property is BKN Corp., P.O. Box 523092, Bronx, New York 10452-1241. See Exhibit 3. In addition, a Payment Agreement with the New York City Department of Environmental Protection ("DEP"), attached to the moving papers as Exhibit D, indicates that the subject property's owner's name is 1600 NAH DTC and that its address is PO Box 523092, Bronx 104452. Movant does not dispute that it has a PO Box nor does it seem to dispute that the box number is 523092. Moreover, as part of Exhibit G, Movant attaches 1600 NAHDFC's deposited checks to DEP that show its address as PO Box 523092, Bronx, NY 10452.

[7] As set forth in the Affidavit of Mailing for Bronx 52, which Exhibit D to the Affirmation of Regularity, Finance receives a certified mail report from the Post Office for the mailing of Notices of Foreclosure. Annexed collectively hereto as Exhibit 4 are pages of the certified mail report for Bronx 52 relevant to the subject property, copies of some of the Notices of Foreclosure sent respecting the subject property, and, where available, delivery receipts for said notices. Item numbers 347 through 365 on the certified mail

11. In addition to mailing Notice of Foreclosure in compliance with the law, the City also complied with the filing, posting, and publication requirements of Admin. Code §§ 11-405 and 11-406, as demonstrated by the Affirmation of Regularity. The Affirmation of Regularity provides evidence of the City's compliance with the statutory notice provisions, which was accepted by the Court as proof thereof in the Foreclosure Judgment.

12. Movant did not serve an answer to the *in rem* action with respect to the subject property in response to the commencement of the action, as permitted by NYC Admin. Code § 11-409.

13. Although not statutorily required to do so, Finance sent final warning notice as well as post-judgment notice to parties interested in properties included in Bronx 52 on September 29, 2017 and January 9, 2018, respectively. See Parker-Cortijo Aff., ¶ 9. Both the final warning notice and the post-judgment notice were additionally sent to Jose J. Gonzalez at 1600 Nelson Ave. Apt 5E, Bronx, N.Y. 10453-7031, apparently as a result of Mr. Gonzalez's request therefor.[8] See Exhibit 5.

14. On November 16, 2017, following proof by the City that it had complied with all of the applicable provisions of Title 11, Chapter 4 of the Admin. Code with respect to

---

report pertain to the subject property. As an example of a confirmed delivered Notice, item #349, addressed to 1600 Nelson Avenue Hsing Dev, corresponds to the Notice of Foreclosure with the identical address (for the Court's convenience, also marked #349). The Finance item number on that Notice, above the address ending with "903" also appears next to the address for that Notice of Foreclosure on the certified mail report. The certified mail report also shows the USPS tracking number for that Notice, ending with "5221," which also appears on the following page of Exh 4, the USPS delivery receipt for the Notice.

[8] Movant asserts on page five of its memorandum of law that Jose J. Gonzalez is the President of Movant and that in 2017 he changed Movant's records with the tax authorities to require that tax notices be sent to him at the subject property, 1600 Nelson Avenue, Apt. 5E. Movant cites Exhibit I for this proposition, but it seems Movant meant to refer to Exhibit J, which shows that pursuant to his direction, Finance sent a June 2017 bill to Mr. Gonzalez. Movant also asserts, incorrectly, that no notices were sent to Mr. Gonzalez. Id.

Bronx 52, the Court granted the City the Foreclosure Judgment, which included Lot 1. A copy of the Judgment and Decision on which it is based are annexed collectively hereto as Exhibit 6. On November 30, 2017, the Judgment was entered in the Office of the Bronx County Clerk.

Mandatory Redemption Period

15. An interested party may redeem property within four months following entry of an *in rem* foreclosure judgment by paying the delinquent charges in full or by entering into an installment payment agreement. Admin. Code § 11-412.1(d). This four-month period is known as the "mandatory redemption period." Following the expiration of the mandatory redemption period there is no right to redeem and, thus, property subject to a foreclosure judgment may be redeemed only in the discretion of the City.

16. The four-month mandatory redemption period for properties included in the Bronx 52 Foreclosure Judgment expired on March 30, 2018, four months after entry of judgment. Movant did not redeem the subject property within that time.

The City's Time to Transfer the Property

17. Pursuant to § 11-412.1(c) of the Admin. Code, and as set forth in the Foreclosure Judgment, following the expiration of the mandatory redemption period, the Commissioner of Finance may execute a deed to class one or class two property to the City or to a qualified third party. If the property is not transferred within eight months after entry of judgment, plus a forty-five day tolling period for City Council review, the foreclosure action must be discontinued, and the judgment against the property set aside. Admin. Code §§ 11-412(i), 11-412.2. On September 5, 2018, the Commissioner of Finance transferred title to the subject property to a qualified third party, Neighborhood Restore, pursuant to the Foreclosure Judgment. A copy of the *in rem* deed transferring the subject property is annexed as Exhibit 7.

The Third Party Transfer Program

18. The Program is an innovative solution to the problem of tax delinquent, distressed residential properties in New York City. The policy and goal of the legislation is to encourage prompt payment of tax arrears, and if the arrears are not paid, to transfer these buildings quickly to new owners who have the expertise to address problems and to complete prompt rehabilitation as appropriate. Under the Program, the City initiates foreclosure proceedings against tax delinquent buildings in poor condition and obtains foreclosure judgments. After City Council review, HPD oversees conveyance of the parcels to responsible new owners capable of rehabilitating and managing the properties as affordable housing. HPD, with private lenders, provides financial assistance to new owners to ensure the buildings are upgraded, thereby preserving the City's affordable housing stock.

19. Proposed third-party transferees under this program must be deemed qualified pursuant to criteria and processes established by HPD. See Admin. Code Section 11-412.1; see generally Title 28 R.C.N.Y. Section 8-03 et seq. Proposed new owners must also demonstrate that they have, among other qualifications, residential management experience, experience in rehabilitation of occupied residential property, financial capacity, and capability to carry out the necessary work.

20. The Program is effective; buildings can move out of tax delinquency and be restored to decent housing under responsible new ownership, to the benefit of tenants and the neighborhood.

21. The purpose of the Program is to create and maintain affordable housing. Current residents do not lose their homes upon transfer, but become rent-stabilized tenants in a properly maintained building.

The Motion to Vacate Foreclosure Judgment

22. Movant argues in support of the motion to vacate the *in rem* Foreclosure Judgment that Movant did not receive notice of the *in rem* action. Specifically, Movant alleges that notice should have been mailed to Gloria Flores, the managing agent, at either Movant's P.O. Box or at the address listed in the HPD Building Registration Statement, which is 1600 Nelson Ave., 4th Floor, Bronx, New York 10453. See Flores and Gomez Affs. and Exhibit C. Movant also alleges that notice should have been sent to Guillermo Gomez, who manages the property. See Flores and Gomez Affs.

23. Movant is not entitled to the requested relief. As shown below and in the accompanying Memorandum of Law ("City's Mem. Law"), the argument lacks merit because the City complied with all applicable statutory requirements and gave full and proper notice of the *in rem* action to the owner pursuant to the requirements.

**A. The City Gave Proper Notice of Bronx 52**

24. The City complied with all requirements in the Admin. Code for notifying parties interested in the subject property of the *in rem* action. Upon commencement of an *in rem* tax foreclosure action, Finance is required to mail such notice to owners who have requested to receive such notice at a specific address or, in the event an owner has not made such a request, notice is to be mailed to the name and address, if any, appearing in the latest annual record of assessed valuations (or assessment roll), which is generally the property address. See Admin. Code § 11-406.

25. As set forth in Parker-Cortijo Aff., at the time of commencement of Bronx 52, neither Ms. Flores nor Mr. Gomez, nor anyone else on behalf of Movant, had made any request to Finance concerning where notice should be sent. Id. Accordingly, pursuant to Admin.

Code § 11-416, Finance mailed notice to the subject property address, 1600 Nelson Avenue Bronx, N.Y. 10453-7031.

26. In addition to mailing *in rem* notice to the property address as statutorily required, and outside of any statutory requirements, Finance sent notice of the *in rem* action to P.O. Box 523092, Bronx, N.Y. 10452-1241, the real estate billing address on the assessment roll, which was also the address at which Movant received bills from DEP. Parker-Cortijo Aff., ¶ 8, and Exhibit 3. As Finance fulfilled its statutory obligation by mailing *in rem* notice to the subject property address, the additional mailing to the P.O. Box was an extra, voluntary effort to try to ensure Movant's receipt of notice. Although Movant makes no reference to its P.O. Box number in its papers, this address appears on Movant's checks and the DEP bills. See Exhibits E and G.

27. Movant alleges notice should have been sent to Ms. Flores as per the HPD Building Registration address. Flores Aff., ¶ 9, Exhibit C. However, this is not an address to which the owner requested that Finance send notices, but is contained in a property registration with HPD that has no relevance to the statutory notice requirements for *in rem* actions. Rather, Finance is required to send *in rem* notice to an address requested for that purpose or to the property address. Moreover, notice was sent to a G. Flores at the property address by certified and regular mail; according to Finance's records, the certified mail copy was returned to the Post Office. See Exhibit 4.

28. The Admin. Code provides that a presumption of regularity favoring the City attaches upon the granting of an *in rem* Judgment of Foreclosure. Admin. Code §§ 11-411 and 412.1(h). The City established that it complied with all of the applicable provisions of Title 11, Chapter 4 of the Admin. Code. Based on this submission of proof, the Court in Bronx 52 granted the City a Judgment of Foreclosure against numerous properties, including Lot 1.

Indeed, the judgment in Bronx 52 specifically recites the facts concerning the City's compliance "with all of the jurisdictional requirements of Title 11, Chapter 4 of the Administrative Code." See Exhibit 6.

29. The City's notice by request statute has been upheld as constitutional and meets the requirements of due process. See City's Mem. Law, Point I.B.

30. As stated above, pursuant to the Admin. Code § 11-412.1(d), an owner of property included in an *in rem* judgment or another interested party has an absolute right to redeem that property if, within four months of the entry of the foreclosure judgment, such party pays all outstanding taxes and other legal charges on the property or enters into an installment agreement to pay the taxes and charges.

31. Movant did not pay the delinquent taxes outstanding on the subject property during the ensuing four month mandatory redemption period.

32. Movant asserts that it had an installment agreement with DEP to pay its water/sewer charges balance. However, the subject property's accounts were not current, and at the time of the transfer, there was $359,173.74 in outstanding water/sewer charges. See affidavit of Patrick Hendricks, sworn to October 11, 2018, and Exhibit E.

33. Furthermore, Movant did not and does not have an installment agreement with Finance to pay its outstanding property tax balance, which was $128,667.57 as of June 2015 and $179,759.17 at the time of the final warning notice of foreclosure. See Exhibits 2 and 5.

34. In order to succeed on the motion pursuant to CPLR 5015(a)(1),[9] Movant must show that its default was excusable and that Movant has meritorious defenses to the City's

---

[9] The CPLR is an improper basis for vacatur of an *in rem* foreclosure judgment rendered pursuant to Admin. Code Title 11, chapter 4, as the *in rem* law provides a four month statute of limitations for challenging judgments rendered thereunder. Admin. Code § 11-412.1(h).

motion for judgment of foreclosure. Even if the Court should find that Movant's failure to answer or timely redeem was excusable, there is still no meritorious reason to vacate the Foreclosure Judgment, as there is no defense to the foreclosure.

35. There are only two valid defenses to an *in rem* tax foreclosure action: payment and exemption. Admin. Code § 11-409(b) states: "Proof that the taxes which made said property subject to foreclosure hereunder together with interest and penalties thereon, were paid before filing of the list of delinquent taxes or that the property was not subject to tax shall constitute a complete defense." Neither of these applies to Movant.

**The Motion to Vacate the In Rem Judgment is Untimely**

36. Movant's motion for an order vacating the Foreclosure Judgment entered on November 30, 2017 must also be denied in its entirety because no action or application to vacate a foreclosure judgment or to redeem property may be maintained unless begun within four months after entry of judgment. Admin. Code § 11-412.1(h). Once the mandatory redemption period expires, there is no absolute right to redeem property (Admin. Code § 11-412.1(d)), and an action to vacate or set aside the judgment of foreclosure is barred. See City's Mem. Law at Point II.

37. The subject property has already been transferred to qualified third party Neighborhood Restore. If redemption were permitted, as requested by Movant, after the expiration of the mandatory redemption period, the goals of the Third Party Transfer Program would not be fulfilled, despite the valid Foreclosure Judgment against the property.

**WHEREFORE,** the City respectfully requests that Movant's motion be denied in its entirety and that the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
October 19, 2018

Margaret DeVoe

MARGARET DEVOE