UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION, individually and on behalf of those individuals and families entitled to homeownership and/or occupancy in its housing project developed pursuant to Article XI of the New York State Private Housing Finance Law; and each of ISABEL ADON, WALKIRIA COLON, RAFAEL COTTO, ERENIA FERMIN GUZMAN, LORANI GARCIA, JOSE GONZALEZ, JOSE JUNIOR GONZALEZ, MATILDE GONZALEZ, VIOLETA GUERRERO, KENIA MINIER, YADIRA POLANCO, GILBERTO RIVERA, DINORA VELASQUEZ and DORIS VELASQUEZ, individually and on behalf of all other similarly-situated persons,

Plaintiffs,

-against-

CITY OF NEW YORK, ADOLFO CARRION, Jr. (Commissioner of the New York City Department of Housing Preservation and Development), and PRESTON NIBLACK (Commissioner of the New York City Department of Finance), NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORPORATION, and BRONX PRO GROUP, LLC,

Defendants.

---------------------------------------------------------------------- x

Case No. 1:23-CV-09616 (JHR)

**AFFIRMATION**
**IN SUPPORT**

**BRIAN J. MARKOWITZ**, an attorney duly admitted to practice law before this Court, and the Courts of the State of New York, hereby affirms the following under penalties of perjury:

1. I am a partner with the law firm of Tarter Krinsky & Drogin, LLP, attorneys for Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and Bronx Pro Group, LLC ("Bronx Pro") (collectively, the "Non-Municipal Defendants") in the instant action. As such, I am fully familiar with the facts and circumstances

set forth below based upon my review of the files maintained by my law firm's office, and conversations with my client in connection with this matter.

2. I submit this affirmation in support of Defendants' motion for an Order pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") dismissing the claims asserted by Plaintiffs and for such other and further relief as the Court deems just, proper and equitable.

3. As will be discussed more fully below, after having raised all of the arguments contained in the instant Complaint to the New York State Supreme Court, the New York State Appellate Division First Department and the New York Court of Appeals, and having lost at every level in the New York State Courts, Plaintiffs now turn to the Federal Court for a fourth bite at the proverbial apple, in an attempt to overturn several clear and unambiguous, well reasoned decisions, all holding that the City of New York's In Rem Foreclosure of the underlying real property was in all respects proper, and that 1600 Nelson, and by extension, its former unit owners, were not entitled to any relief.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

4. In 2015, the City of New York (the "City") commenced an in rem tax foreclosure action in Bronx County Supreme Court, captioned In Rem Foreclosure Action No.: 52 Borough of Bronx, Index No.: *40000/2015*, ("Bronx 52") pursuant to Title 11, Chapter 4 of the Administrative Code ("NYC Admin. Code"), as amended by Local Law 37 of 1996 and Title 28, Chapter 28 of the Rules of the City, (a.k.a. "Third-Party Transfer Program"), to foreclose, inter alia, unpaid tax liens filed against certain properties, including the property allegedly formerly owned by the Plaintiffs, *to wit*, 1600 Nelson Avenue, Bronx, New York 10453 (the "Property"). The Court granted the City's in rem Judgment on November 16, 2017. In a deed dated September

5, 2018, pursuant to the Third-Party Transfer Program, the City conveyed the Property to Neighborhood Restore.

5. Following transfer of the Property, 1600 Nelson Avenue Housing Development Fund Corporation ("1600 Nelson"), filed an Order to Show Cause with the Supreme Court, Bronx County (the "Order to Show Cause"). The Order to Show Cause sought to vacate 1600 Nelson's default in Bronx 52, and sought to vacate the deed transfer of the Property to Neighborhood Restore. The Order to Show Cause argued, *inter alia*, that "Under both the federal and state constitutions, the State may not deprive a person of property without due process of law." Memorandum of Law in support of the Order to Show Cause, at pp 1-2. A copy of the Order to Show Cause and accompanying Memorandum of Law, is annexed hereto as Exhibit A[1].

6. Specifically, 1600 Nelson argued that it never received notice of the Bronx 52 Proceeding, that the Property was not properly included within the Bronx 52 Proceeding, and argued that the property didn't meet the statutory definition of "distressed" according to the New York City Administrative Code. Ultimately, 1600 Nelson sought return of the Property and the right to file a late answer in the Bronx 52 Proceeding. Both the City of New York and Neighborhood Restore, opposed the order to show cause.

7. On May 31, 2019, the Honorable Justice Ben R. Barbato issued a Memorandum Decision, denying 1600 Nelson's Order to Show cause. Ultimately, Justice Barbato held that the Property did meet the statutory definition of a "distressed" property pursuant to the statutes, 1600 Nelson's "denial of receipt of notice of Bronx 52 [was] insufficient to overcome the

[1] The Copy of the Order to Show Cause annexed hereto as Exhibit A is without the accompanying Exhibits, unless such Exhibit is expressly referred to herein, as the Exhibits are voluminous and are not germane to the issues presented in this motion. To the extent that the Court requires a Copy of any of the Exhibits, Non-Municipal Defendants can provide same.

conclusive presumption of regularity." Further, the Court held 1600 Nelson "failed to set forth a valid defenses to the *in rem* tax foreclosure action, namely, payment and/or exemption from its delinquent real property taxes.". A copy of Justice Barbato's Memorandum Decision is annexed hereto as Exhibit " B".

8. Following its failure to overturn its default in Bronx 52, 1600 Nelson filed an appeal with the New York State Supreme Court Appellate Division First Department. In its appeal, 1600 Nelson argued that the City's action violated both due process and equal protection provisions of the law as well as challenged the that the taking of the Property was improper due to the statutory definition of distressed properties. In fact, 1600 Nelson's brief to the First Department quoted and cited to Supreme Court King's County Justice Partnow's decision, since overturned by the New York State Supreme Court Appellate Division, Second Department, which found various violations of the equal protection and due process clauses. A copy of 1600 Nelson's Brief in support of its Appeal to the First Department is available at 2020 WL 12871042, and annexed hereto for the Court's convenience at Exhibit C. In denying 1600 Nelson's appeal, the First Department held in pertinent part "[i]In any event, this Court has already held that the notice publication procedures used in this foreclosure action accorded with the applicable law and the requirements of due process…we reject defendant's argument that its building was not a proper subject of this foreclosure proceeding under the Third Party Transfer Program because it is not a "distressed" property" In rem Tax Foreclosure Action No. 52, 201 A.D.3d 517, 518, 157 N.Y.S.3d 367, 368, leave to appeal dismissed, 38 N.Y.3d 1171, 195 N.E.3d 529 (2022)

9. 1600 Nelson sought to appeal the First Department's affirmance of Justice Barbato's decision to the New York Court of Appeals. 1600 Nelson's motion for leave to appeal again raised due process, equal protection and its takings claims. However, the New York Court

of Appeals denied the motion for leave to appeal on procedural grounds, thus upholding the First Department's Decision. In rem Tax Foreclosure Action No. 52, 38 N.Y.3d 1171, 195 N.E.3d 529 (2022).

10. Now, having had three Courts deny their requested relief, 1600 Nelson, now joined by their alleged former shareholders (collectively, "Plaintiffs"), seek a different result in Federal Court. On November 17, 2023, Plaintiffs filed a fifteen count complaint against The City of New York, Neighborhood Restore and Bronx Pro. The Complaint largely copies from the Complaint filed in the *Dorce v. City of New York* action seeking similar relief. The Complaint asserts the following clams:

1. Alleged Violations of the Fifth and Fourteenth Amendments Taking Clause
2. Alleged Violations of the Fifth and Fourteenth Amendments Equal Protection
3. Alleged Violations of the Fourteenth Amendments Due Process
4. Alleged Violations of the Eighth and Fourteenth Amendments Excessive Fines
5. Conspiracy to Deprive Plaintiffs' of Equal Protection
6. Violations of Article 1, Section 7 of the NYS Constitution Taking
7. Violations of Article 1, Section 11 of the NYS Constitution Equal Protection
8. Violations of Article 1, Section 6 of the NYS Constitution Due Process
9. Violations of Article 1, Section 5 of the NYS Constitution Excessive Fines
10. Conversion
11. Unjust Enrichment
12. Violation of Sections 10-11 of NYS Home Rule Law
13. Deceptive Practices NY GBL §349
14. Declaratory Judgment
15. Injunctive Relief

A copy of the Complaint is annexed hereto as Exhibit D.

11. As will be discussed more fully below, the claims raised by Plaintiffs are either barred by the *Rooker-Feldman* doctrine or are time barred as they are commenced beyond the applicable period of limitations. Further, the Complaint generally fails to state a cause of action as against Neighborhood Restore and Bronx Pro.

**A. The Amended Complaint Fails to Allege any Wrongdoing on Behalf of Defendants Neighborhood Restore or Bronx Pro**

12. As can be seen from the Amended Complaint, the only alleged causes of action that even attempt to alleged any wrong doing on behalf of Neighborhood Restore and Bronx Pro, are those causes of action that improperly attempt to allege some form of conspiracy claims against Defendants with respect to Count 5. However, this count cannot be sustained, as Plaintiffs' alleged conspiracy claims are nothing more than contrived claims that cannot, and do not, rise to the level of a conspiracy, and cannot be afforded any due deference.

13. Plaintiffs' have utterly failed to satisfy the minimum pleading requirements for such a claim. Plaintiffs have also failed to satisfy Fed. R. Civ. P. 8, which demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Indeed, the allegations contained in the complaint to support the alleged conspiracy are nothing more than mere conjecture without any direct allegations, of allegedly both the City, Neighborhood Restore and Bronx Pro, acted together in doing certain acts. However, these mere speculations, cannot rise to the level of a conspiracy.

14. For instance, neither Bronx Pro nor Neighborhood Restore were involved in determining which properties the City selected for inclusion in the In Rem proceedings. Neither were even a party to the Bronx 52 proceeding. Indeed, such "selection" was accomplished by the property owner's and their failure to pay their property and other taxes or their failure to maintain their property in proper repair.

15. In fact, this is fully admitted by 1600 Nelson in its Order to Show Cause at Exhibit H thereto (annexed hereto as part of Exhibit A, for the Court's convenience) wherein it includes a copy of the Judgment in Bronx 52. The Judgment includes the Court's Findings of Facts, which states in pertinent part:

> 2. On July 7, 2015, the Commissioner of Finance caused to be filed in the Office of the Clerk of the County of the Bronx two duplicate Lists of Delinquent Taxes…
>
> 4. The Commissioner of Finance duly caused to be filed a certified copy of the List of Delinquent taxes…
>
> 5. On or before August 10, 2015, the Commissioner of Finance duly caused to be poster, and there were posted true copies of the Notice of Foreclosure…
>
> 6. Beginning on July 21, 2015, and following the filing of said List of Delinquent Taxes…the Commissioner of Finance, pursuant to Admin. Code §11-406, caused a Notice of Foreclosure to be published…
>
> 7. As set forth in the affidavits of Pamela Parker-Cortijo, sworn to on September 21, 2017, and Donald O'Connell, sworn to on September 20, 2017, the Commissioner of Finance caused a copy of the aforesaid Notice of Foreclosure with a statement in the form provided for in Admin. Code §11-406(c) to be mailed…
>
> 10. This action could not be maintained and had to be discontinued as to certain parcels of real property located within Tax Map Sections 9, 10, 11, 12, 14, 15 and 16… The Commissioner of Finance thereafter issued Certificates of Withdrawal as to such parcels, which were filed by the Corporation Counsel with the Clerk of Bronx County, pursuant to the provisions of Admin. Code §11-413. Said parcels are set forth in the affidavit of regularity of the Commissioner of Finance submitted herewith.

Order to Show Cause at Exhibit H, annexed as Exhibit A hereto.

16. The Supreme Court's Findings of Fact are clear, the Commissioner of Finance, not Neighborhood Restore, and not Bronx Pro, was the entity responsible for the creation of the properties that were included in Bronx 52, as well as the exclusion of Properties, pursuant to Admin. Code § 11-413. Accordingly, Plaintiffs cannot now challenge that Finding of Fact and

claim that Neighborhood Restore and Bronx Pro were involved in that process, simply to attempt to shoehorn Neighborhood Restore and Bronx Pro into these overbroad allegation.

17. Underscoring even further the over broad nature of these allegations, Bronx Pro is not a deed holder of the Property and is merely the property manager. As such, they could never have been involved in any of the predicate acts leading to the Bronx 52 proceeding, nor has Plaintiffs alleged any such acts, other than in cursory summary fashion. Plaintiffs fail to allege what predicate acts either Neighborhood Restore or Bronx Pro are accused of with respect to any portion of the transfer but more particularly, with respect to a transfer which was authorized by City Council resolution and which three separate state Courts said was in all respects proper.

18. It is also important to realize that such conspiracy claims are barred by the applicable period of limitations. It is axiomatic that a RICO conspiracy claim, such as alleged by Plaintiff, has a four-year statute of limitations. For asserting a RICO claim, the four years statute of limitations begins to run when the plaintiff discovers-or should have reasonably discovered-the alleged injury. At a minimum, such claims arose when the City commenced the In Rem proceedings at issue herein. Bronx 52 was commenced in 2015, more than 8 years before the commencement of this action. Even giving Plaintiffs the maximum benefit of the doubt, 1600 Nelson's Order to Show Cause was filed on September 27, 2018, more than 5 years before the instant action and more than a year after the expiration of the statute of limitations for the Fifth Count.

19. Accordingly, the Fifth Count of the Complaint must be dismissed.

## B. Count 10 and 11 must be Dismissed because they were Commenced Beyond the Applicable Period of Limitations.

20. The claims for conversion and unjust enrichment carry a three-year statute of limitations. At the latest, these claims accrued, upon the Bronx 52 Judgment in November 2017.



090174\3\170662535.v1

Accordingly, these claims would have had to be commenced, no later than November 2020. However, the Complaint was not filed until November, 2023, approximately three years after the expiration of the statute of limitations. Again, even giving Plaintiffs the maximum benefit of the doubt, 1600 Nelson's Order to Show Cause was filed on September 27, 2018, more than five years before the Complaint herein.

21. Accordingly, these counts must be dismissed as against Neighborhood Restore and Bronx Pro.

**C. Plaintiff's Constitutional Claims against Neighborhood Restore and Bronx Pro must fail as Neighborhood Restore and Bronx Pro are not State Actors, and their Actions are not Intertwined with the Municipal Defendants.**

22. As discussed above, Plaintiffs make blanket, unsupported and unsubstantiated allegations, that Neighborhood Restore and Bronx Pro acted under color of state law. However, other than these bare, unsubstantiated allegations, Plaintiffs have not, and indeed cannot, show that either Neighborhood Restore or Bronx Pro acted under color of state law.

23. Neither Neighborhood Restore nor Bronx Pro are involved in the process of selection of properties to be included in Bronx 52. Indeed, as the Supreme Court has held, and as fully admitted by 1600 Nelson to the New York State Courts at all levels, the selection of the properties was performed by the City of New York, the notice of the proceeding, of the judgment and of the sale was handled by the City of New York, and the exclusion of the properties from the In Rem proceedings was performed by the City of New York. This Court should not overturn the clear and unambiguous findings of fact by the State Supreme Court relating to these actions.

24. It is important to note that neither Neighborhood Restore nor Bronx Pro are parties to Bronx 52. The judgment obtained by the City directs the Department of Finance to transfer the properties to a qualified third party as per Admin. Code § 11-412.1(a)-(b). As can be seen in Admin. Code § 11-412.1(a)-(b), neither Neighborhood Restore nor Bronx Pro are listed as

the qualified third party. It is also important to note that the deed in question herein did not go from the City of New York to Bronx Pro and Bronx Pro is not an owner of the Property.

25. Furthermore, all transfers from the City to the third party has to be approved by resolution of the New York City Council as per Ad. Code § 11-412.2. Clearly Neighborhood Restore and Bronx Pro are not part of the City Council. In other words, if there was any taking or excessive fine, that action occurred by the City of New York who undertook the entire Bronx 52 Proceeding and who transferred the property under the provisions of New York City's Administrative Code. As the State Court's have held, Neighborhood Restore and Bronx Pro were not participants in that process.

26. In fact, a review of the relevant provisions of the New York City Administrative Code show that at no time was Neighborhood Restore or Bronx Pro involved on selecting properties for inclusion into the In Rem proceedings, for continuation of the proceedings against those properties, or for seeking an In Rem Judgment against those properties. Neighborhood Restore and Bronx Pro were not involved in the City Council's approval of the deed transfers.

27. In fact, there is no specific, credible allegations showing that either Neighborhood Restore or Bronx Pro acted pursuant o the coercive power of the state or that they are controlled by the state; that state provided significant encouragement to Neighborhood Restore or Bronx Pro, that either entity participated in the joint activity with the state, specifically, participating in the Bronx 52 Proceeding, or that either entity's function is entwined with state policies. Neighborhood Restore is an owner of low income housing. Bronx Pro is a property manager. This is no more entwined with state policies than any other low income housing

developer, or property manager. Lastly, at no time has Neighborhood Restore or Bronx Pro been delegated a public function.

28. Clearly, neither Neighborhood Restore nor Bronx Pro are state actors and neither of them acted under the color of state law. As such, none of the constitutional claims can be alleged against Neighborhood Restore or Bronx Pro.

29. As such, the First through Ninth Counts must be dismissed. These claims cannot be alleged against Neighborhood Restore or Bronx Pro as they are not state actors or acting under color of law[2].

**D. Plaintiffs' NY GBL §349 Count Cannot be Maintained as it is Beyond the Applicable Period of Limitations**

30. Plaintiffs' thirteenth Count alleges violations of the New York General Business Law ("GBL") § 349. However, this claim cannot be maintained as it is beyond the applicable period of limitations.

31. Actions brought pursuant to GBL 349 must be commenced within three years of the date of accrual. Accrual occurs when plaintiff is injured by the deceptive act or practice that violated the statute. Such injury occurs when when all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief. Accrual is not dependent upon any later date when discovery of the alleged deceptive practice is said to occur.

32. Here, any alleged claim under GBL §349 would have accrued at the time of the Bronx 52 Judgment on the November 16, 2017. At the latest, the accrual could be no later than

---

2 To the extent that the Court believes that Neighborhood Restore and Bronx Pro are state actors, which they are not, then for the sake of brevity, Neighborhood Restore and Bronx Pro fully adopts and incorporates the substantive arguments of the Municipal Defendants, with respect to these counts.

the September 5, 2018 transfer of the Deed to Neighborhood Restore. In either event, both potential accrual dates, are more than 5 years before the commencement of this instant action.

33. Accordingly, the thirteenth count, alleging liability based on GBL §349 must be dismissed, as it is commenced beyond the applicable period of limitations.

**E. Plaintiff cannot Maintain its Fourteenth or Fifteenth Cause of Action seeking a Declaratory Judgment or Injunctive Relief**

34. Plaintiffs' Fourteenth and Fifteenth Causes of Action seeks a Declaratory Judgment, declaring, *inter alia*, that the Defendants actions and the Third Party Transfer Program are unconstitutional. However, these same claims, previously alleged in the Dorce v. City of New York Action. In that Action, the Second Circuit denied those claims and dismissed the virtually identical claims, on the grounds that "Where, as here, plaintiffs seek injunctive or declaratory relief, they "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [they] will be injured in the future." Dorce v City of New York, 2 F4th 82, 95 (2d Cir 2021) The Circuit Court went on to hold "Such an allegation of future injury will be sufficient only if "the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." Id.

35. As such, and for the same reasons as discussed by both this Court and the Circuit Court in the Dorce v. City of New York matter, the Fourteenth and Fifteenth causes of action must be dismissed.

**WHEREFORE**, for the reasons set forth herein, this Court must (i) dismiss Plaintiffs' Complaint in its entirety and with prejudice; and (ii) grant Defendants such other and further reliefs that this Court deems just, proper and equitable.

Dated: New York, New York
March 29, 2024

S/ BRIAN J. MARKOWITZ
By: Brian J. Markowitz