ORIGINAL

212-587-0744

At an IAS Part 21 of the Supreme Court of the State of New York, held in and for the County of Bronx, at the Courthouse located at 851 Grand Concourse, Bronx, NY on the 27th day of September, 2018

PRESENT: BEN R. BARBATO J.S.C.

---------------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 and 16

TAX CLASSES 1 and 2

Index Number
40000/2015

**ORDER TO SHOW CAUSE**

---------------------------------------------------------------X

Upon reading the affidavits of GUILLERMO E. GOMEZ, sworn to on September 19, 2018; of GLORIA FLORES, sworn to on September 23, 2018; of JUANA COTTO, sworn to 25th day of September, 2018; the Affirmation of Emergency of SERGE JOSEPH, dated September 26, 2018, with all the exhibits annexed thereto; the Memorandum of Law, dated September 26, 2018; and upon all papers and proceedings heretofore had herein, and good cause having been shown,

**LET**, the City of New York, by its attorneys, show cause before this Court at ~~the Foreclosure~~ 21 Part of this Court located at 851 Grand Concourse, Room 704, Bronx, NY on the 22nd day of October, 2018 at 9:30 o'clock in the forenoon or as soon as counsel may be heard, why an order should not be made: (a) vacating respondent 1600 Nelson Avenue Housing Development Fund Corporation's default in this matter; (b) setting aside the transfer of title from Petitioner, the City of New York, to Neighborhood Restore Housing Development Fund

Corporation; (c) granting leave to respondent 1600 Nelson Avenue Housing Development Fund Corporation to file a verified answer to the within proceeding; (d) granting respondent 1600 Nelson Avenue Housing Development Fund Corporation leave to satisfy its tax lien pursuant to NYC Administrative Code Section 11-412; and (e) granting such other and further relief as the Court may deem just and proper under these circumstances.

~~**ORDERED** that pending the hearing and determination of this Order to Show Cause, the enforcement of the judgment of foreclosure entered against the property known and located at 1600 Nelson Avenue, Bronx, New York, and respondent 1600 Nelson Avenue Housing Development Fund Corporation on default is hereby stayed; and Neighborhood Restore Housing Development Fund Corporation, its agents, employees, and/or assigns are further stayed from taking such steps as to exercise control, possession, and dominion over the premises known and located at 1600 Nelson Avenue, Bronx, New York; and~~

JSC

**ORDERED** that ~~service~~ Personal Delivery or Overnight Mail of a copy of this Order along with the papers upon which it is based, on: (a) ZACHARY W. CARTER, Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007, Attention: Andrea Feller, Esq., Of Counsel; and (b) Neighborhood Restore Housing Development Fund Corporation on or before the 2nd day of ~~September~~ October, 2018 shall be deemed good and sufficient.

ENTER:

J.S.C

BEN R. BARBATO

At an IAS Part ___ of the Supreme Court of the State of New York, held in and for the County of Bronx, at the Courthouse located at 851 Grand Concourse, Bronx, NY on the ___ day of September, 2018

PRESENT:_________________________, J.S.C.

------------------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 and 16

TAX CLASSES 1 and 2

Index Number
40000/2015

**ORDER TO SHOW CAUSE**

------------------------------------------------------------------X

Upon reading the affidavits of GUILLERMO E. GOMEZ, sworn to on September 19, 2018; of GLORIA FLORES, sworn to on September 23, 2018; of JUANA COTTO, sworn to 25th day of September, 2018; the Affirmation of Emergency of SERGE JOSEPH, dated September 26, 2018, with all the exhibits annexed thereto; the Memorandum of Law, dated September 26, 2018; and upon all papers and proceedings heretofore had herein, and good cause having been shown,

**LET**, the City of New York, by its attorneys, show cause before this Court at the Foreclosure Part of this Court located at 851 Grand Concourse, Bronx, NY on the ________ day of ______________, 2018 at 9:30 o'clock in the forenoon or as soon as counsel may be heard, why an order should not be made: (a) vacating respondent 1600 Nelson Avenue Housing Development Fund Corporation's default in this matter; (b) setting aside the transfer of title from Petitioner, the City of New York, to Neighborhood Restore Housing Development Fund

Corporation; (c) granting leave to respondent 1600 Nelson Avenue Housing Development Fund Corporation to file a verified answer to the within proceeding; (d) granting respondent 1600 Nelson Avenue Housing Development Fund Corporation leave to satisfy its tax lien pursuant to NYC Administrative Code Section 11-412; and (e) granting such other and further relief as the Court may deem just and proper under these circumstances.

**ORDERED** that pending the hearing and determination of this Order to Show Cause, the enforcement of the judgment of foreclosure entered against the property known and located at 1600 Nelson Avenue, Bronx, New York, and respondent 1600 Nelson Avenue Housing Development Fund Corporation on default is hereby stayed; and Neighborhood Restore Housing Development Fund Corporation, its agents, employees, and/or assigns are further stayed from taking such steps as to exercise control, possession, and dominion over the premises known and located at 1600 Nelson Avenue, Bronx, New York; and

**ORDERED** that service of a copy of this Order along with the papers upon which it is based, on: (a) ZACHARY W. CARTER, Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007, Attention: Andrea Feller, Esq., Of Counsel; and (b) Neighborhood Restore Housing Development Fund Corporation on or before the __ day of September, 2018 shall be deemed good and sufficient.

**ENTER:**

____________________________________
**J.S.C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 and 16

TAX CLASSES 1 and 2

Index Number
40000/2015

**AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE**

---------------------------------------------------------------------X

STATE OF NEW YORK )
) ss
COUNTY OF NEW YORK )

**GUILLERMO E. GOMEZ**, being duly sworn, deposes and says:

1. I have managed the premises known and located at 1600 Nelson Avenue, Bronx, New York since in or about January 2015 ["Building"]. Among my duties relevant to this proceeding, I check all bills and invoices received for services, work and supplies; pay all such bills, water charges, sewer rent, assessment, real estate taxes, and other taxes assessed against the owner of the Building, as and when same shall become due and payable. I am also authorized to enter into contracts for electricity, gas, water, sewer, rubbish removal, and other services as advisable. As such, I am fully familiar with the facts and circumstances as set forth hereinafter.

2. I submit the within affidavit in support of respondent 1600 Nelson Avenue Housing Development Corporation's Order to Show Cause for an order: (a) vacating respondent 1600 Nelson Avenue Housing Development Fund Corporation's default in this matter; (b) setting aside the transfer of title from Petitioner, the City of New York, to Neighborhood Restore Housing Development Fund Corporation; (c) granting leave to defendant 1600 Nelson Avenue

Housing Development Fund Corporation to file a verified answer to the within proceeding; (d) granting respondent 1600 Nelson Avenue Housing Development Fund Corporation leave to satisfy its tax lien pursuant to NYC Administrative Code Section 11-412; and (e) granting such other and further relief as the Court may deem just and proper under these circumstances.

3. By way of back of background, the Building is a Housing Development Fund Cooperative Corporation. Respondent 1600 Nelson Avenue Housing Development Corporation acquired title by deed dated November 20, 1986. (See Exhibit A). The Building consists of 28 residential units; and four commercial units. It has two water/sewer meters: one services the residential units; the other services the commercial units.

**RESPONDENT 1600 NELSON AVENUE HDFC'S ORDER TO SHOW CAUSE SHOULD BE GRANTED**

A. Respondent 1600 Nelson Avenue HDFC Was not Aware of the Instant Matter

4. Twice a week for the last three and half years, I have met with Gloria Flores, the Secretary of the Board of respondent 1600 Nelson Avenue Housing Development Corporation, at the premises. She brings to each of our semiweekly meetings all mail, documents, notices, bills, etc. sent to the Building. We review and distribute them, and as necessary deal with them.

5. While I was made aware of the respondent 1600 Nelson Avenue Housing Development Corporation's outstanding water and sewer charges, I was never informed of the commencement of the instant proceeding until last week when I met with respondent's recently acquired attorneys.

6. I never received or saw any of the notices from the City regarding the instant foreclosure proceeding. Ms. Flores never gave me any document, advising respondent

1600 Nelson Avenue Housing Development Corporation about the commencement of the instant foreclosure proceeding against the Building; that a judgment of foreclosure was entered against the Building; or that title to Building was scheduled to be transferred.

7. I am advised that the City has alleged that mailing notices of foreclosure were sent to respondent 1600 Nelson Avenue HDFC. (See Exhibit B). As discussed in further details below, it is clear why these notices were not received by me or the officers of respondent.

8. One was sent to an individual, Iris Diaz, at 84 West 174th Street, Bronx, New York. (See Exhibit B). I am advised that Ms. Diaz has never resided in the Building, and never has been connected to the Building or respondent.

9. Two were delivered to a PO Box address: PO Box 523092. One addressed to BKN Corp, and the other to 1600 NAH DTC. I am informed that neither BKN Corp nor 1600 NAH DTC was or is affiliated with the building. (See Exhibit B). While 1600 NAH DTC may have some resemblance to an acronym for 1600 Nelson Avenue HDFC, neither I nor anyone else associated with the Building received these two packages.

10. The last two notices were delivered respectively to Apt 5A, and addressed to 1600 Nelson Avenue HSING Dev; and Apartment 4E, R. Cotto, and 1600 Nelson Avenue. (See Exhibit B). Apartment 5A was once occupied by Miguel Santiago, who I am informed was a shareholder and managing agent. However, he moved out of the building decades ago.

11. Apartment 5A is now occupied by Juana Cotto who is a shareholder, but is not a board member, and was never an officer.

12. In light of the foregoing, it is not surprising that respondent 1600 Nelson Avenue HDFC and its officers were unaware of the existence of the in rem proceeding until a

few days ago.

13. Lastly, the City knew about my role as the managing agent. As I explained below, I entered into Payment Agreements with the City on May 8, 2015. Moreover, the City easily could have looked at its own HPD Building, Registration Statement. This clearly listed the "Registered Managing Agent" and the then "Head Officer" as "Gloria Flores", and listed her address. (See HPD Registration Statement; Exhibit C).

14. It is undisputed that the City failed to send or address any of the notices of foreclosure to me or Gloria Flores, who remains the Secretary of the Board of respondent 1600 Nelson Avenue, HDFC. See accompanying Affidavit from Gloria Flores.

B. Respondent 1600 Nelson Avenue Housing Development Corporation's Payment Agreements with NYC Department Environment to Pay the Arrears

15. On May 5, 2015, soon after being retained to manage the Building, I entered into Payment Agreements with New York City Department of Environmental Protection (DEP) for the outstanding water and sewer charges. (See Exhibit D).

16. In accordance with the Payment Agreements, respondent 1600 Nelson Avenue HDFC made consistent payments to DEP. (See Exhibit E).

17. It seems that despite our May 5, 2015 Payment Agreements, and despite our compliance with the these Agreements, the City nonetheless instituted the instant foreclosure proceeding against the Building a mere two months later, on July 7, 2015. (See Notice of Foreclosure, annexed as Exhibit F).

18. In January, 2018, in the middle of winter, the Building's boiler broke down, and the Building incurred an unexpected major expense to repair it and provide heat and hot water to the families who live in the Building, some of whom are elderly or with young

children.

19. We were faced with an Hobson's choice of living without heat or suspending the payment of the water/sewer as per the Payment Agreements.

20. We suspended payments to DEP for three months: January 2018, February, and March 2018. At the end of March, 2018, I went personally DEP and spoke with a manager. I informed her of our emergency, and explained that we would resume payment. I was led to believe that this was satisfactory to DEP. Not once during my meeting with DEP was I informed or led to believe that the City had already commenced a foreclosure proceeding against the Building; or that the Building was in danger of foreclosure.

21. We resumed our monthly payments to DEP. As the enclosed respondent 1600 Nelson Avenue HDFC's banking statements show, we made subsequent monthly payments through September, 2018. (See Exhibit G).

22. I am informed that while we in compliance with the Payment Agreements, and even prior to missing the payments for January through March 2018, the City submitted a Proposed Decision on or about October 20, 2017, supported by an Affirmation of Regularity, in which the City affirmatively attested that the Building did not have installment agreement "still pending". (See paragraph 13 of Affirmation of Regularity, accompanying the Proposed Decision, annexed hereto as Exhibit H).

23. As established above, this was a material misstatement.

24. Installments agreements were in fact still pending.

25. Therefore, the City should have removed the Building from the list of buildings subject to the judgment of foreclosure, and certainly, at a minimum, from the list of buildings subject to third party transfer.

C. Respondent 1600 Nelson Avenue HDFC is Willing and Able to Pay the Arrears

26. In the event, respondent 1600 Nelson Avenue HDFC's instant motion to vacate the default judgment and set aside the transfer is granted, it will be able to pay the water and sewer charges in arrears. I have recommended to the Board the following payment plan: (a) to $10,000 simultaneously with signing of Stipulation; (b) to sell two available apartments within 90 days and pay City net proceeds from sale, which 1600 Nelson Ave HDFC anticipates will total approximately $100,000; (c) to pay balance in five (5) years in equal monthly installments; and (d) to pay timely ongoing/current water/sewer charges as billed.

27. I have also recommended that the Board should retain legal counsel to review the leases with the three commercial tenants, and enforce where necessary the provisions, if any, requiring these tenants to pay the water and sewer charges attributable to their leased premises. I believe that this would resolve the arrears regarding one of the meters, or nearly a third of the water and sewer charges.

28. I understand that the Board has duly convened and has authorized and adopted this payment proposal. The plan is feasible and, I believe, will be successful.

**CONCLUSION**

29. I have met most of the shareholders/occupants of the Building.

30. Most are elderly and on fixed income. For many, their shares constitute their sole, valuable asset, and life-savings.

31. Many have expressed pride in their proprietary interest in the building.

32. It would be a great injustice not to allow them the opportunity to pay the arrears, and retain their piece of the American Dream.

**WHEREFORE**, it is respectfully requested that the within Order to Show Cause be granted, along with such other and further relief as the Court may deem just and proper under the circumstances.

GUILLERMO E. GOMEZ

Sworn to before me this
19th day of September 2018

NOTARY PUBLIC

SERGE JOSEPH
Notary Public, State of New York
02J06109472
Qualified in Kings County
Commission Expires May 10, ~~2008~~ 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 and 16

TAX CLASSES 1 and 2

-----------------------------------------------------------------X

Index Number
40000/2015

**AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE**

STATE OF NEW YORK )
) ss
COUNTY OF BRONX )

**GLORIA FLORES**, being duly sworn, deposes and says:

1. I am the Secretary of the board of respondent 1600 Nelson Avenue HDFC, a shareholder occupant, as well as its registered managing agent. As such, I am fully familiar with the facts and circumstances as set forth hereinafter.

2. I submit the within affidavit in support of Respondent 1600 Nelson Avenue Housing Development Corporation's Order to Show Cause for an order: (a) vacating respondent 1600 Nelson Avenue Housing Development Fund Corporation's default in this matter; (b) setting aside the transfer of title from Petitioner, the City of New York, to Neighborhood Restore Housing Development Fund Corporation; (c) granting leave to defendant 1600 Nelson Avenue Housing Development Fund Corporation to file a verified answer to the within proceeding; (d) granting respondent 1600 Nelson Avenue Housing Development Fund Corporation leave to satisfy its tax lien pursuant to NYC Administrative Code Section 11-412; and (e) granting such other and further relief as the Court may deem just and proper under these

circumstances.

3. I have serve as the Secretary since 2013. As the Secretary, I am responsible for recording the minutes of all board and/or shareholder meetings; for drafting and distributing board correspondence; for reviewing documents, affixing the seal to legal papers, witnessing signatures on legal documents, and filing forms with state and local agencies.

4. As Secretary, I am also responsible for maintaining and managing respondent 1600 Nelson Avenue HDFC's PO Box, where it receives most of its official mail. I check the PO Box daily, and gather all documents in it. Twice a week, I meet with our managing agent, Guillermo Gomez, review together the mail and documents, and take appropriate action in response.

5. I have read the accompanying affidavit of Mr. Gomez, and for the sake of brevity, adopt it as my own, to the extent applicable.

6. I want to re-affirm that I did not know that the City had commenced a foreclosure proceeding against the Building until very recently, when a week ago we started getting notices from the Neighborhood Restore Housing Development Fund Corporation.

7. I never received the notices of foreclosure the City has alleged were sent to a PO Box. (See Exhibit B). I never received any notices informing me or respondent 1600 Nelson Avenue HDFC ["Respondent"] of any impending foreclosure proceeding.

8. I do not believe that these notices were delivered to any PO Box maintained by Respondent.

9. Although I am the registered managing agent, and registered as such with the City's Department of Housing Preservation and Development (see Exhibit C), the City never

addressed any notice to me in that capacity.

10. Instead, when the City addressed notices to the Building, it sent them to Apt 5A, and addressed to 1600 Nelson Avenue HSING Dev; and Apartment 4E, R. Cotto, and 1600 Nelson Avenue. (See Exhibit B). Apartment 5A was once occupied by Miguel Santiago, who was once a shareholder and managing agent. However, he moved out of the building decades ago. Apartment 5A is now occupied by Juanna Cotto who is a shareholder, but is not a board member, and was never an officer.

11. Respondent 1600 has an attorney on retainer, Edward Joseph Filemyr, IV, who handles the Building's legal issues.

12. Had I received notices of foreclosure, I would certainly have contacted Mr. Filemyr for counsel and advice.

13. As attested by Mr. Gomez, our managing agent, on May 5, 2015, Mr. Gomez, on behalf of Respondent 1600, entered into Payment Agreements with the City to pay the water and sewer charges in arrears. (See Exhibit D). We made payments in compliance with these Agreements. (See Exhibit E).

14. Despite the foregoing, the City commenced the instant proceeding to foreclose against the Building.

15. Even more egregious, to secure a default judgment, the City represented to the Court on October 17, 2017 that we did not have "still pending" installment agreements, when in fact we did and have. (See Exhibit H).

16. The default judgment and the subsequent transfer of title were clearly obtained through material misrepresentation.

17. In light of this, the instant Order to Show Cause should be granted.

18. Moreover, the Order to Show Cause should be granted in the interest of justice. Respondent 1600 is willing and able to pay the water and sewer charges in arrears.

19. As further discussed in the accompanying affidavit of Mr. Gomez, the Board has recently adopted a plan to pay the arrears: (a) to $10,000 simultaneously with signing of Stipulation; (b) to sell two available apartments within 90 days and pay City net proceeds from sale, which Respondent 1600 anticipates will total approximately $100,000; (c) to pay balance in five (5) years in equal monthly installments; and (d) to pay timely ongoing/current water/sewer charges as billed.

**CONCLUSION**

20. This is the first appearance by Respondent 1600 in this matter, and the relief requested herein has not been previously prayed for.

**WHEREFORE**, it is respectfully requested that respondent 1600 Nelson Avenue HDFC's instant Order to Show Cause be granted in its entirety, along with such other and further relief as may be just and proper under the circumstances.

Gloria Flores

**GLORIA FLORES**

Sworn to before me this
24th day of September, 2018

Elba J. Fournier

**NOTARY PUBLIC**

ELBA J. FOURNIER
Notary Public, State of New York
No. 01FO5006657
Qualified in Bronx County
Commission Expires January 04, 2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

Index Number
40000/2015

SECTIONS 9, 10, 11, 12, 14, 15 and 16

**AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE**

TAX CLASSES 1 and 2

-----------------------------------------------------------------X

STATE OF NEW YORK )
) ss
COUNTY OF NEW YORK )

**JUANA COTTO,** being duly sworn, deposes and says:

1. I am a shareholder of 1600 Nelson Avenue Housing Development Fund Corporation [hereinafter "Respondent 1600"], and resident of 1600 Nelson Avenue, Bronx, New York. I have resided there in Apartment 5A for over twenty-three (23) years. As such, I am fully familiar with the facts and circumstances as set forth hereinafter.

2. I submit this affidavit in support of Respondent 1600's instant Order to Show Cause.

3. I am informed that the City of New York has alleged that it sent by certified mail "Foreclosure Notice" dated **July 17, 2015**, addressed to "1600 Nelson Avenue HSING DEV" at "1600 Nelson Avenue, Apartment 5A, Bronx, New York 10453-7031"; and that such a notice was mailed on **July 14, 2015**, and delivered on **July 16, 2015** at 3:26 pm. (See Exhibit B).

4. Putting aside the fact that the City's allegations are highly suspect because

it alleged that the Notice was mailed **three (3) days before** it was written, and delivered **one (1) day before** it was written, the City's allegations are also not to be believed because I never received any certified mail or Notice from the City, not on July 16, 2015 or anytime thereafter regarding a foreclosure proceeding relating to 1600 Nelson Avenue.

5. The City's allegations are therefore pure fiction.

6. In light of the foregoing, I respectfully request that Respondent 1600's Order to Show Cause be granted in its entirety, along with such other and further relief as the Court may deem proper and appropriate under the circumstances.

X Juana Cotto
**JUANA COTTO**

Sworn to before me this
25th day of September 2018

**NOTARY PUBLIC**

GENNADIY MATATOV
NOTARY PUBLIC, State of New York
No. 01MA6087608
Qualified in Queens County
Commission Expires 02/18/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------X
IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 and 16
TAX CLASSES 1 and 2

Index Number
40000/2015

**AFFIRMATION OF EMERGENCY**

---------------------------------------------------------------------X

**SERGE JOSEPH**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalty of perjury:

1. I am a partner in the law firm of Himmelstein, McConnell, Gribben Donoghue & Joseph LLP, attorneys for Respondent 1600 Nelson Avenue Housing Preservation Development Corporation ["Respondent"]. As such, I am familiar with the facts and circumstances as set forth hereinafter.

2. I submit the within affirmation of emergency in support of Respondent's Order to Show Cause for injunctive relief and such other and further relief as this Court may deem just, equitable and proper

**THE NEED FOR EMERGENCY INJUNCTIVE RELIEF**

3. Respondent seeks to (a) vacate its default in this matter; (b) set aside the transfer of title from Petitioner, the City of New York, to Neighborhood Restore Housing Development Fund Corporation; (c) grant it leave to file a verified answer to the within proceeding; (d) granting respondent 1600 Nelson Avenue Housing Development Fund Corporation leave to satisfy its tax lien pursuant to NYC Administrative Code Section 11-412;

and (e) to grant such other and further relief as the Court may deem just and proper under these circumstances.

4. Respondent alleges that it was not aware of the commencement of this proceeding; the judgment of foreclosure; and/or the transfer of title. Respondent further contends service was not in compliance with the applicable law; and that it was improper for the City to have maintained this proceeding; secured a default judgment of foreclosure.See accompanying affidavits.

5. Pursuant to the default judgment of foreclosure, title has been transferred to Neighborhood Restore Housing Development Fund Corporation [hereinafter "Neighborhood Restore"] on or about September 5, 2018. Respondent asserts that this too was improper and contrary to the law.

6. Neighborhood Restore has to immediately enforce its ownership interest, seeking, inter alia, to change the locks, and payment of "rent", etc.

7. Respondent has no adequate remedy at law.

8. No prior application for the relief sought herein has been made by Respondent to this or any other Court.

9. Pursuant to the Uniform Court Rules Section 202.7(f), there will be significant prejudice to Respondent to give Petitioner prior notice of this application.

10. Nonetheless, by letter, dated September 25, 2018, I notified counsel for the Petitioner that I would seek an expedited review of the within Order to Show Cause on Thursday, September 27, 2018 at 11:00 am. See enclosed copy of letter, dated September 21, 2018, annexed hereto as Exhibit I. During subsequent email correspondence and telephone

conversation with the attorneys for the City and Neighborhood Restore, it was mutually agreed to change the time to submit the within Order to Show Cause from 11:00 a.m. to 2:30 p.m.

11. I also submit this affirmation to transmit Respondent's tax bills from 2017 to the present (see Exhibit J); and the deed pursuant to which title of the Building was transferred to Neighborhood Restore (See Exhibit K).

**CONCLUSION**

11. For the reasons set forth herein, it is respectfully submitted that this Court should grant Respondent's Order to Show Cause in its entirety, along with such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
September 26, 2018

SERGE JOSEPH

Aldine ™ Enviro-Tab ™

MIX
Paper from
responsible sources
FSC® C014368

Exhibit H

ORIGINAL

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

ZACHARY W. CARTER
*Corporation Counsel*

(212) 356-2542

Supreme Court of the State of New York

County of the Bronx

RE: IN REM TAX FORECLOSURE DOCUMENTS

Dear Sir/Madam:

Please be advised that, pursuant to CPLR 8017(a), 8018(d)(1), and 8019(9(, and pursuant to Section 7-102 of the New York City Administrative Code, the New York City Law Department is exempt from filing and other fees.

Yours truly,

Hazel Dorner

Paralegal Supervisor
Commercial Real Estate Lit. Division

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

ORIGINAL

---------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 52

BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 AND 16

TAX CLASSES 1 AND 2

---------------------------------------------------------------------- x

**PROPOSED DECISION**

Index No. 40000/2015

Pursuant to the provisions of Title 11 Chapter 4 of the Administrative Code of The City of New York ("Admin. Code"), and in accordance with the requirements of Sections 11-412 and 11-412.1 thereof, this Court hereby determines and finds upon the proof submitted that there has been due compliance herein by the City of New York, the plaintiff herein, with the provisions of said Title 11, Chapter 4 of the Admin. Code, and more particularly this Court determines and finds as follows:

**FINDINGS OF FACT**

1. On July 7, 2015, the date of filing of the List of Delinquent Taxes hereinafter mentioned and the subject of this action, the City of New York was the owner and holder of unpaid tax liens affecting the parcels of real property hereinafter mentioned, which tax liens were, as of such date, unpaid for the period required by Admin. Code § 11-404 of the Admin. Code of the City of New York.

2. On July 7, 2015, the Commissioner of Finance caused to be filed in the Office of the Clerk of the County of the Bronx two duplicate verified Lists of Delinquent Taxes including those parcels of property designated on the Tax Map of the City of New York for Bronx County, Sections 9, 10, 11, 12, 14, 15 and 16 on certain blocks therein, affected by unpaid tax liens held and owned by the City of New York which on that date were unpaid for the period required by Admin. Code § 11-404.

3. The List contained as to each parcel appearing thereon the following:

a. A serial number;

b. A brief description sufficient to identify each parcel affected by such tax liens by stating the section, block, and lot designation for such parcel on the Tax Map and the street number, if there be such; and

c. A statement of the amount of each tax lien upon each parcel that is subject to foreclosure as well as those which accrued thereafter.

4. The Commissioner of Finance duly caused to be filed a certified copy of the List of Delinquent Taxes in each of the following places, pursuant to Admin. Code § 11-405(f):

(a) The Office of the Commissioner of the Department of Finance, 1 Centre Street, 5th Floor, New York, New York 10007;

(b) The Office of the Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007; and

(c) The Bronx Business Center of the New York City Department of Finance, 3030 Third Avenue, 2nd Floor, Bronx, New York 10457.

5. On or before August 10, 2015, the Commissioner of Finance duly caused to be posted, and there were posted, true copies of the Notice of Foreclosure in each of the following places:

a. The Bronx Business Center of the New York City Department of Finance, 3030 Third Avenue, 2nd Floor, Bronx, New York 10457;

b. The Supreme Court, Bronx County, 851 Grand Concourse, Bronx, New York 10451;

c. The Bronx Office of the New York City Register, 3030 Third Avenue, 2nd Floor, Bronx, New York 10457;

d. The public interviewer area at the Bronx borough office of the New York City Department of Housing Preservation and Development, 1932 Arthur Avenue, 3rd Floor, Bronx, New York 10457; and

e. The Office of the Commissioner of the Department of Finance, 1 Centre Street, 5th Floor, New York, New York 10007.

6. Beginning on July 21, 2015, and following the filing of said List of Delinquent Taxes in the Office of the Clerk of Bronx County, the Commissioner of Finance, pursuant to Admin. Code §11-406, caused a Notice of Foreclosure to be published at least once a week for six weeks in the City Record, the New York Law Journal and the New York Post.

7. As set forth in the affidavits of Pamela Parker-Cortijo, sworn to on September 21, 2017, and Donald O'Connell, sworn to on September 20, 2017, the Commissioner of Finance caused a copy of the aforesaid Notice of Foreclosure with a statement in the form provided for in Admin. Code §11-406(c) to be mailed (by certified mail on July 17, 2015 and regular mail on July 20, 2015) to each and every owner, mortgagee, lienor, encumbrancer or other person with an interest in such parcel entitled to receive such notice by virtue of having provided Finance with a mailing address. With regard to any parcel herein as to which an owner did not provide a mailing address to Finance, addressed to the name, if any, and address appearing in the latest annual record of assessed valuations.

8. Pursuant to Admin. Code § 11-407, the Notice of Foreclosure fixed September 29, 2015 as the last day for redemption, which date was at least ten weeks from the date of the first publication of said notice. The Notice also fixed October 20, 2015 as the last

date for the service of answer, which was at least twenty days from the last date of redemption pursuant to Admin. Code §11-409.

9. During the period of redemption, and up until the preparation of the proposed judgment of foreclosure by the Corporation Counsel, certain parcels of real property, contained in the List of Delinquent Taxes herein and located within Tax Map Sections 9, 10, 11, 12, 14, 15 and 16 of Bronx County, were redeemed as set forth in the Affidavit of Regularity of Jacques Jiha, the Commissioner of Finance. The Commissioner of Finance thereafter issued Certificates of Redemption as to said parcels, which were filed by the Corporation Counsel with the Clerk of Bronx County, all pursuant to the provisions of Admin. Code §11-407.

10. This action could not be maintained and had to be discontinued as to certain parcels of real property located within Tax Map Sections 9, 10, 11, 12, 14, 15 and 16, and the *lis pendens* pertaining thereto had to be cancelled because said parcels had been included in error, or were previously condemned, or acquired by the City of New York, the State of New York the United States of America or by other governmental agencies, or by a foreign nation, or were subject to an order of bankruptcy at the time the action was commenced, or because the tax liens affecting the parcels had been paid, cancelled, or assigned, or because payments sufficient to liquidate the tax items which rendered the parcels eligible for inclusion in the action were received prior to the filing date of such action but the payments either were not reported in time to remove said parcels from the List of Delinquent Taxes prior to the filing thereof, or were made by uncertified checks which did not clear for payment until after said filing, or were inadvertently applied to a subsequent charge and thereafter transferred to liquidate said eligible tax items, or because the City withdrew the parcels for enforcement via a tax lien sale pursuant to Title 11, Chapter 3 of the Admin. Code. The Commissioner of Finance thereafter issued

Certificates of Withdrawal as to such parcels, which were filed by the Corporation Counsel with the Clerk of Bronx County, pursuant to the provisions of Admin. Code §11-413. Said parcels are set forth in the affidavit of regularity of the Commissioner of Finance submitted herewith.

11. The time to answer the Notice of Foreclosure or to make a motion with respect thereto has expired. The parcels of real property contained in the List of Delinquent Taxes, and located in the Bronx County Tax Map Sections 9, 10, 11, 12, 14, 15 and 16, and as to which answers were interposed, or as to which litigation or an installment agreement is still pending, must be severed from this action pursuant to Admin. Code §11-409. Said parcels are set forth in the Affirmation of Regularity of the Assistant Corporation Counsel submitted herewith.

12. All affidavits of filing, publication, mailing, and other acts required to be performed by the provisions of Title 11, Chapter 4 of the Admin. Code as to this entire action have been duly made and verified and, as annexed to the affidavits of regularity herein, form part of the judgment roll in this proceeding. The City of New York is accordingly entitled to a judgment of foreclosure to be entered herein, upon all of the parcels of real property located within Sections 9, 10, 11, 12, 14, 15 and 16 of the Bronx County Tax Map and described in the List of Delinquent Taxes as to which no answer, litigation or installment agreement is pending and which have not been redeemed or withdrawn. A list of such parcels is annexed to the aforesaid affirmation of regularity of the Assistant Corporation Counsel and designated Exhibit "F" thereto.

## CONCLUSIONS OF LAW

13. All of the proceedings in this action were regular and taken in due compliance with Title 11, Chapter 4 of the Admin. Code and there has been due and full

compliance by the City of New York with the provisions of said statute as to this entire *in rem* action.

14. The City of New York is entitled to judgment under Sections §§ 11-412 and 11-421.1 as follows:

a. Directing that the City of New York is the owner and holder of unpaid tax liens affecting the parcels of real property hereinafter described, in the amounts with interest thereon as shown in the List of Delinquent Taxes on file herein;

b. Directing that each property as to which an answer, litigation or an installment agreement is now pending, be severed from this proceeding and that the City of New York have leave to proceed against said properties in the manner described by law;

c. Directing that a sale of any of the parcels of property hereinafter described is dispensed with and the Commissioner of Finance of the City of New York is authorized to prepare and execute a deed, or deeds, conveying either to the City of New York, or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, full and complete title to said parcels as described herein;

d. Authorizing the award of possession of any parcel of real property located within Bronx County Tax Map Sections 9, 10, 11, 12, 14, 15 and 16 and described in the List of Delinquent Taxes, and not withdrawn or redeemed and as to which an answer, litigation or an installment agreement is not pending as provided by law and authorizing the Commissioner of Finance to prepare, execute and cause to be recorded a deed, or deeds, conveying either to the City or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development full and complete title to such lands;

e. Decreeing that upon the execution of said deed or deeds to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the grantee shall have

possession and shall be seized of an estate in fee simple absolute in such lands, and all persons, including the State of New York, infants, incompetents, absentees and nonresidents who may have had any rights, title, interest, claim, lien or equity of redemption, in or upon such lands shall be barred and forever foreclosed of all such rights, title, interest, claim, lien or equity of redemption as provided by §§ 11-412 and 11-412.1 except as otherwise provided by §§ 11-424 and 11-424.1;

f. Directing that any such conveyance of class one or class two real property to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development shall be for an existing use;

g. Directing that unless and until the Commissioner of Finance executes a deed conveying parcels real property pursuant to §§ 11-412, 11-412.1 and 11-412.2 to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the owners of such lands shall continue to have all of the rights, liabilities, responsibilities, duties and obligations of an owner, including, but not limited to, maintaining such lands in compliance with the housing maintenance, building and fire codes and all other applicable laws, however, that upon entry of judgment, HPD or its authorized agent may have access to the parcels herein described for the purposes of conducting inspections; and

h. Directing the Commissioner of Finance to direct the Corporation Counsel to prepare and cause to be entered an order discontinuing the instant *in rem* foreclosure proceeding and vacating and setting aside the final judgment with respect to any and all parcels of class one and class two real property that are not conveyed to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development within the statutory eight month period,

plus 45-day toll for City Council review for properties to be transferred to a third party, commencing upon entry of judgment pursuant to Admin. Code §§ 11-421.1 and 412.2, unless the statutory period is tolled or extended by operation of law.

Dated: New York, New York
Nov. [redacted], 2017
16,

J.S.C.

ORIGINAL

Index No. 40000/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

IN REM TAX FORECLOSURE ACTION NO. 52
BOROUGH OF BRONX
SECTIONS 9, 10, 11, 12, 14, 15 AND 16
TAX CLASSES 1 AND 2

**PROPOSED DECISION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*100 Church Street, Room 3-250*
*New York, N.Y. 10007*

*Of Counsel: Andrea Feller*
*Tel: (212) 356-2565*
*Matter #: 2015-033346*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................................, *20*......

......................................................................................., *Esq.*

*Attorney for* ...........................................................................

BRONX SUPREME COURT
2017 OCT 20 AM 9:39

The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

1a

# Customer Registration Form for Water and Sewer Billing

## Property and Owner Information:

(1) Property receiving service: BOROUGH: BRONX BLOCK: 2876 LOT: 1

(2) Property Address: 1600 NELSON AVENUE, BRONX, NY 10453

(3) Owner's Name: NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORP

Additional Name:

## Affirmation:

☑ You have visited DOF's Mailing Address Update website and indicated that your water & sewer bill should be sent to the mailing address provided on that site. If no information was entered your water & sewer bill be sent to the property address.

## Customer Billing Information:

**Please Note:**

**A.** Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

**B.** Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address**. DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

## Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: [signature] Date (mm/dd/yyyy) 9/5/18

Name and Title of Person Signing for Owner, if applicable: Salvatore D'Avola, Asst. Sec

BCS-7CRF-ACRIS REV. 8/08

2018082900285101

FOR CITY USE ONLY

C1. County Code | C2. Date Deed Recorded (Month / Day / Year)

C3. Book | C4. Page

OR

C5. CRFN

# REAL PROPERTY TRANSFER REPORT

STATE OF NEW YORK

STATE BOARD OF REAL PROPERTY SERVICES

## RP - 5217NYC

### PROPERTY INFORMATION

1. Property Location: 1600 (STREET NUMBER) | NELSON AVENUE (STREET NAME) | BRONX (BOROUGH) | 10453 (ZIP CODE)

2. Buyer Name: NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORP (LAST NAME / COMPANY) | (FIRST NAME)

   (LAST NAME / COMPANY) | (FIRST NAME)

3. Tax Billing Address: Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form) (LAST NAME / COMPANY) | (FIRST NAME)

   (STREET NUMBER AND STREET NAME) | (CITY OR TOWN) | (STATE) | (ZIP CODE)

4. Indicate the number of Assessment Roll parcels transferred on the deed: 1 # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC

4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size: (FRONT FEET) X (DEPTH) OR (ACRES)

Check the boxes below as they apply:

6. Ownership Type is Condominium ☐

7. New Construction on Vacant Land ☐

8. Seller Name: COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK (LAST NAME / COMPANY) | (FIRST NAME)

   (LAST NAME / COMPANY) | (FIRST NAME)

9. Check the box below which most accurately describes the use of the property at the time of sale:

- A ☐ One Family Residential
- B ☐ 2 or 3 Family Residential
- C ☐ Residential Vacant Land
- D ☐ Non-Residential Vacant Land
- E ☐ Commercial
- F ☑ Apartment
- G ☐ Entertainment / Amusement
- H ☐ Community Service
- I ☐ Industrial
- J ☐ Public Service

### SALE INFORMATION

10. Sale Contract Date: 9 / 4 / 2018 (Month / Day / Year)

11. Date of Sale / Transfer: 9 / 5 / 2018 (Month / Day / Year)

12. Full Sale Price $ 0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:

- A ☐ Sale Between Relatives or Former Relatives
- B ☐ Sale Between Related Companies or Partners in Business
- C ☐ One of the Buyers is also a Seller
- D ☐ Buyer or Seller is Government Agency or Lending Institution
- E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below )
- F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
- G ☐ Significant Change in Property Between Taxable Status and Sale Dates
- H ☐ Sale of Business is Included in Sale Price
- I ☐ Other Unusual Factors Affecting Sale Price ( Specify Below )
- J ☑ None

### ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class: C 6

16. Total Assessed Value (of all parcels in transfer): 2 6 1 0 0 0

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

BRONX 2876 1

2018082900285201O2

**CERTIFICATION**

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

| BUYER | | | BUYER'S ATTORNEY | | |
|---|---|---|---|---|---|
| [signature] | 9/5/18 Salvatore Avola Asst Sect. | | | | |
| BUYER SIGNATURE | DATE | | LAST NAME | FIRST NAME | |
| 150 BROADWAY SUITE 2101 | | | | | |
| STREET NUMBER | STREET NAME (AFTER SALE) | | AREA CODE | TELEPHONE NUMBER | |
| | | | SELLER | | |
| NEW YORK | NY | 10038 | | | |
| CITY OR TOWN | STATE | ZIP CODE | SELLER SIGNATURE | | DATE |

2018082900285201

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on 20

Dated,

Yours, etc.
HIMMELSTEIN, McCONNELL, GRIBBEN, DONOGHUE & JOSEPH LLP
*Attorney for*

*Office and Post Office Address*
15 Maiden Lane
NEW YORK, NY 10038

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on 20
at M.
ted,

Yours, etc.
HIMMELSTEIN, McCONNELL, GRIBBEN, DONOGHUE & JOSEPH LLP
*Attorney for*

*Office and Post Office Address*
15 Maiden Lane
NEW YORK, NY 10038

To

Attorney(s) for

Index No. 40000 Year 20 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 and 16
TAX CLASSES 1 and 2

***EMERGENCY ORDER TO SHOW CAUSE AND SUPPORTING DOCUMENTS***

HIMMELSTEIN, McCONNELL, GRIBBEN, DONOGHUE & JOSEPH LLP
*Attorney for* Respondent 1600 Nelson Avenue HDFC

*Office and Post Office Address, Telephone*
15 Maiden Lane
NEW YORK, NY 10038
(212) 349-3000

To

Attorney(s) for

Service of a copy of the within
is hereby admitted.

Dated,

..........................................

Attorney(s) for