5

**DECISION AND ORDER OF THE HONORABLE BEN R. BARBATO, DATED MAY 31, 2019 [5 - 15]**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, PART 21

C

---------------------------------------------------------------X

**IN REM TAX FORECLOSURE ACTION NO. 52** Index №. **40000/2015**

-against- **Hon.** HON. BEN R. BARBATO

X Justice Supreme Court

---------------------------------------------------------------X

The following papers numbered 1 to 8 were read on this motion (Seq. No. 004)
for vacate order/Judgment noticed on

| | |
|---|---|
| ~~Notice of Motion~~ - Order to Show Cause - Exhibits and Affidavits Annexed | No(s). 1 |
| Answering Affidavit and Exhibits | No(s). 2, 3 |
| Replying Affidavit and Exhibits Memo of Law Sur Reply | No(s). 4 - 8 |

Upon the foregoing papers, it is ordered that this motion is decided in accordance with the annexed memorandum decision.

Block - 2376
Lot - 1
1600 Nelson Ave.
Bx, NY.

Motion is Respectfully Referred to Justice: ____
Dated: ____

**Dated:** 5/31/19 **Hon.** [signature]

HON. BEN R. BARBATO, J.S.C.

1. CHECK ONE ........ ☐ CASE DISPOSED IN ITS ENTIRETY ☐ CASE STILL ACTIVE (X)
2. MOTION IS ........ ☐ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER
3. CHECK IF APPROPRIATE ........ ☐ SETTLE ORDER ☐ SUBMIT ORDER ☐ SCHEDULE APPEARANCE ☐ FIDUCIARY APPOINTMENT ☐ REFEREE APPOINTMENT

6

C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART IA-21

---x

IN REM TAX FORECLOSURE ACTION NO. 52

BOROUGH OF BRONX

SECTIONS 9, 10, 11, 12, 14, 15 AND 16

TAX CLASSES 1 AND 2

---x

Index No. 40000/15
Motion Sequence No. 4

**DECISION/ORDER**

**Present:**
**Hon. Ben R. Barbato**
Justice, Supreme Court

Recitation, as required by CPLR 2219(a) of the papers considered in the review of this motion to vacate the *in rem* foreclosure judgment against 1600 Nelson Avenue:

| **Papers** | **Numbered** |
|---|---|
| **Order to Show Cause, Affirmation and Exhibits Annexed** | **1** |
| **Affirmation in Opposition and Exhibits Annexed** | **2, 3** |
| **Reply Affirmation and Exhibits Annexed** | **4** |
| **Memorandum of Law** | **5, 6** |
| **Sur-Reply Affirmation in Opposition and Exhibits Annexed**[1] | **7, 8** |

The City of New York (City) commenced the instant *in rem* tax foreclosure action (*Bronx 52*) on July 7, 2015 pursuant to the New York City Administrative Code § 11-401 *et seq.* (Admin. Code) by the filing of two duplicate original Lists of Delinquent Taxes in the Office of the Clerk, Bronx County pursuant to Admin. Code § 11-405. The real property at issue is designated on the Bronx County Tax Map as Block 2876, Lot 1, also known as 1600 Nelson Avenue (Property). The Property was included in the action as a result of unpaid liens for

[1]The court also considered correspondence by counsel: for movant, dated January 25, 2019 and March 29, 2019; for the City, dated January 16, 2019 and March 29, 2019; and for Neighborhood Restore, dated January 29, 2019. The court notes that the subsequently submitted decision, *In Rem Tax Foreclosure Action No. 53*, Sup Ct, Kings County, March 28, 2019, Partnow, J., index No. 8700/15, is of a concurrent jurisdiction and is not binding on this court.

delinquent taxes and other charges. At the time *Bronx 52* was commenced on July 7, 2015, the municipal arrears for real property taxes, water and sewer and other charges for the Property were $399,345.35, dating back to October 2011. The Property was included and foreclosed in the City's Third Party Transfer Program (Transfer Program) as authorized by Title 11, Chapter 4 of the Administrative Code and amended by Local Law 37 of 1996 and Title 28, Chapter 8 of the Rules of the City of New York (the "*in rem* law"). The *in rem* law gives the City the authority to foreclose on properties affected by tax liens that remain unpaid for the required statutory period. A judgment of foreclosure which included the Property was granted on default by this court on November 16, 2017 and entered in the Office of the Bronx County Clerk on December 1, 2017.[2] On September 5, 2018, the Property was transferred to Neighborhood Restore Housing Development Fund Corporation (Neighborhood Restore), a qualified third-party transferee, pursuant to the Transfer Program.

Movant, 1600 Nelson Avenue Housing Development Fund Corporation (Nelson Corporation), a low income housing corporation established under Article XI of the Private Housing Finance Law of the State of New York, and former owner of the Property, now seeks: (1) to vacate the *in rem* foreclosure default judgment against the Property; (2) to vacate the transfer of title to Neighborhood Restore; (3) leave to file an answer; and (4) leave to satisfy the tax lien. The City and Neighborhood Restore oppose the motion.

---

[2]The City, in its submitted papers, states that the Judgment of Foreclosure was entered on November 30, 2017. However, notwithstanding that the Judgment of Foreclosure is stamped "received by" the "Judgment Department" on November 30, 2017, the Certification provided by the Bronx County Clerk, Luis M. Diaz, indicates that it was filed on December 1, 2017. Therefore, the court takes judicial notice that the Judgment of Foreclosure in *Bronx 52* was entered in the Bronx County Clerk's Office on December 1, 2017.

Nelson Corporation seeks to vacate the *in rem* foreclosure judgment and transfer of deed based on an alleged lack of compliance with the Admin. Code with respect to the Notice of Foreclosure. Nelson Corporation contends that it did not receive notice of the *in rem* foreclosure action *Bronx 52*. Movant also argues that the Property was not properly included in *Bronx 52*, and that the *in rem* deed by which the Property was transferred to Neighborhood Restore is not in accord with the judgment.

Nelson Corporation contends that the Property should not have been included in the *in rem* foreclosure action because it was not "distressed" according to the definition set forth in Admin. Code § 11-401.1(c). The City asserts that even though the Property did not itself meet the statutory definition of "distressed," once another property in the same tax class on the same tax block was selected for inclusion, the City was required to include it in *Bronx 52* since the law provides that the List of Delinquent Taxes for an *in rem* action shall include all tax delinquent parcels of property within a particular class in a particular borough or section of a tax map or portion thereof, "provided, however, that no such portion shall be smaller than a block." Admin. Code § 11-405 (a). In other words, tax delinquent properties of the same class on the same block must be included whether or not "distressed." The City contends that the Property was included in *Bronx 52* pursuant to the requirements of Admin. Code § 11-405 (a) since it was tax delinquent and of the same class as another parcel, Lot 195 on Block 2876, with a street address of 71 West 174th Street, which was selected for inclusion and which did meet the definition of "distressed" at the time *Bronx 52* was commenced. Therefore, pursuant to Admin. Code § 11-405 (a) the Property was required to be included in the *Bronx 52* action.

Moreover, the Property was also included in *Bronx 52* due to the tax lien for its unpaid

real property taxes owed to the New York City Department of Finance (DOF) in the amount of $128,667.57, as of June 2015, prior to the commencement of the action. The Admin. Code provides for inclusion in an *in rem* action all parcels on which there are tax liens, and permits, among other things, exclusion of any parcels as to which all taxes and charges that made such parcels eligible for inclusion have been paid. Admin. Code § 11-405 (a) and (c). In addition, a property with a current installment agreement as provided in Admin. Code § 11-405 (c), in which there has been no default, may be excluded from an *in rem* judgment. *See* Admin. Code § 11-409 (g). Although movant submits quarterly billing summary statements from DOF which indicate that amounts were due and owing for property taxes, movant fails to show that such taxes were paid, that there was a current installment agreement, or that there were any defenses to the payment of said taxes. Nelson Corporation fails to address its delinquent real property taxes in its submitted papers. Thus, the court finds that the Property was properly included in the *Bronx 52* action.

Nelson Corporation also contends that the City failed to strictly comply with the publication requirements of Admin. Code § 11-406 (a) by publishing the Notice of Foreclosure in newspapers that were not designated for that purpose. Notice provisions for *in rem* actions are set forth in the pertinent *in rem* law contained in the New York City Administrative Code § 11-401 *et seq.*, the applicable law in the instant matter. Specifically, Admin. Code § 11-406 (a) requires that the two newspapers designated by the Commissioner of Finance for publication of the Notice of Foreclosure be "published in and... circulated throughout the county in which the affected property is located." Movant argues that the New York Law Journal and the New York Post, the two publications designated by the Commissioner for publication of notice of *Bronx 52*,

are not published in the Bronx and the New York Post is not included on the list of publications published by the Bronx County Clerk's Office as designated by the Appellate Division, First Department. However, in support of this argument, movant submits a copy of a combined list of daily, weekly and foreign language newspapers for publication of legal notices which was updated on September 24, 2018, well after the commencement of *Bronx 52*. In opposition to this argument, the City submits a copy of two separate lists of newspapers, designated by the Appellate Division, First Department, to publish legal notices, the daily newspapers in English, dated March 16, 2016; and the weekly and foreign language newspapers, revised on March 15, 2016; which lists are both closer in time to the commencement of *Bronx 52*, and which show that the New York Law Journal and the New York Post were included on the list of daily newspapers in English. Thus, movant's reliance on the more recently updated 2018 list published by the Bronx County Clerk's Office is misguided as the submitted document is not dispositive and is insufficient to defeat the presumption of regularity. The court finds movant's remaining contentions regarding the preparation, filing, publication and posting of the Notice of Foreclosure to be likewise unavailing.

Nelson Corporation argues that it was a victim of bureaucratic confusion and deficiencies and is entitled to equitable estoppel against a governmental agency. Nelson Corporation asserts that it was misled by the New York City Department of Environmental Protection (DEP) and so did not satisfy the arrears prior to the execution of the transfer deed or seek an installment agreement pursuant to Admin. Code § 11-412.1 (d). Movant also argues that it was further victimized by the City's bureaucratic confusion created soley by DEP which failure was compounded by the failure of the City and its agencies to notify it that the agreements had been

rebuked by the City.

Notwithstanding plaintiff's arguments, the court finds plaintiff's equitable estoppel argument unavailing as plaintiff has failed to make the requisite showing. The doctrine of equitable estoppel is only applicable "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice." *Delacruz v Metro. Transp. Auth.*, 45 AD3d 482 (1st Dept 2007) (citation omitted). Moreover, it should only be used sparingly and under exceptional circumstances. *id.* (citation omitted). In addition, "due diligence on the part of the plaintiff in bringing [her] action is an essential element for the applicability of the doctrine of equitable estoppel, to be demonstrated by the plaintiff when [s]he seeks the shelter of the doctrine." *Simcuski v Saeli*, 44 NY2d 442, 450 (1978) (citation omitted).

In the instant matter, Nelson Corporation entered into an agreement with DEP on May 8, 2015 to satisfy past due water and sewer charges against the Property but by its own admission it knowingly defaulted on said agreement in January 2018, and then entered into another agreement to resume payments in March 2018. However, the initial agreement contained language that unpaid water and sewer charges would constitute a lien against the property and warned of a resulting foreclosure action against the property to collect unpaid charges. In addition, this agreement was for the water and sewer charges only and did not include the lien for real property taxes owed to DOF in the amount of $128,667.57, as of June 2015, which alone made the Property eligible for inclusion in *Bronx 52* at the time of commencement of the action. The affidavits of Guillermo E. Gomez, Managing Agent of the Property, and Gloria Flores, registered Managing Agent and Secretary of the Board of the Property, both acknowledge the water and

sewer charges owed and the agreements with DEP, but fail to mention the delinquent real property taxes or any plan or change of plan with respect to the satisfaction of this outstanding tax debt. Thus, Nelson Corporation has failed to show that it intended to pay all of its municipal arrears in full, or that it would have entered into an installment agreement for the real property taxes, as well as satisfy the debt for the water and sewer charges, but refrained from doing so due to its reliance on the wrongful or negligent conduct of the City. In other words, movant failed to show that it changed its position to its detriment in reliance on the City's wrongful conduct. Nelson Corporation's contention that it detrimentally relied on, among other things, bureaucratic confusion and the City's failure to notify it that the water and sewer agreement had been rebuked, is without merit in the face of movant's knowledge of its outstanding municipal arrears for not only water and sewer charges but also for real property taxes. Nelson Corporation was aware of its outstanding municipal arrears and thereby also aware that the outstanding debt would ultimately result in foreclosure if it remained unpaid. The agreement movant entered into with DEP, even if paid in full, would only satisfy a portion of the total debt since it did not have a separate agreement with DOF to pay the real property taxes owed in order to fully satisfy its delinquent property taxes as well as the other charges owed. Movant's papers fail to demonstrate that there was an agreement with DOF for payment of the real property taxes owed or to address the issue of the outstanding real property taxes which constituted a lien against the Property.

Nelson Corporation further argues that the estate conveyed to Neighborhood Restore was less than fee simple and that the transfer of title was not in fee simple absolute as required by law and is therefore a nullity. However, Admin. Code § 11-412.1 (c) provides that the *in rem* deed convey "full and complete title," which the deed to Neighborhood Restore expressly recited. In

addition, Admin. Code § 11-412.1 (c) provides that upon execution of such *in rem* deed, the grantee "shall be seized of an estate in fee simple absolute, " and there is no requirement that the deed itself contain the words "fee simple absolute." Therefore, by operation of law, Neighborhood Restore received fee simple absolute. Thus, the court finds that Nelson Corporation's contentions regarding the transfer deed are misapplied.

The record before the court indicates that notices of foreclosure were sent to interested parties of *Bronx 52* by the New York City Department of Finance in compliance with the applicable law, the New York City Administrative Code § 11-401 *et seq.*, and specifically § 11-406 (c). As indicated in the City's Affirmation of Regularity submitted in support of the foreclosure judgment in *Bronx 52*, pursuant to Admin. Code § 11-406 (c), the New York City Department of Finance mailed notice of the foreclosure to the name and address appearing in the latest annual record of assessed valuations (or assessment roll), 1600 Nelson Avenue, at 1600 Nelson Avenue, Bronx, NY 10456, since no request had been made by movant to the Department of Finance for notice to be sent to any address other than the subject Property address. Nelson Corporation failed to file an answer to the *in rem* action with respect to the Property in response to the commencement of the action as permitted by Admin. Code § 11-409. The judgment of foreclosure was granted on default on November 16, 2017, entered on December 1, 2017, and the mandatory redemption period expired four (4) months later on April 2, 2018[3] as per Admin. Code § 11-412.1 (d). On September 5, 2018, after the expiration of the four month mandatory redemption period, and in accordance with the New York City

[3]Four months following the date of entry of the *Bronx 52* Foreclosure Judgment on December 1, 2017 was April 1, 2018, which fell on a Sunday, so the end of the Mandatory Redemption Period was extended to the following Monday, April 2, 2018.

14

Administrative Code, the Property was transferred to Neighborhood Restore, a qualified third-party transferee, pursuant to the Transfer Program. The instant motion by Nelson Corporation was made on September 27, 2018.

The New York City Administrative Code provides that a presumption of regularity for an *in rem* foreclosure judgment becomes conclusive four months from the entry of the judgment. Admin. Code §§ 11-411 and 412.1(h). A presumption of regularity of the proceedings in an *in rem* foreclosure action encompasses "compliance by the City with all applicable notice, publication and filing requirements, including its mailing of a notice of foreclosure to plaintiffs, which [can] not be overcome by their mere denial of receipt of such notice." *O'Bryan v Stark*, 77 AD3d 494, 495 (1st Dept 2010), *lv denied*, 17 NY3d 704 (2011) (citations omitted). Before the presumption of regularity becomes conclusive, the New York City Administrative Code provides a mandatory redemption period which allows an interested party to redeem property within four months following the entry of an *in rem* foreclosure judgment by paying the delinquent charges in full or by entering into an installment payment agreement as per Admin. Code § 11-412.1 (d).

The presumption of regularity became conclusive in *Bronx 52* on April 2, 2018. Thus, Nelson Corporation's motion is untimely as it did not make the instant application or take any action to redeem the subject property within the four-month period pursuant to Admin. Code § 11-412.1(h). Nelson Corporation's denial of receipt of notice of *Bronx 52* is insufficient to overcome the conclusive presumption of regularity. *See id.* In addition, Nelson Corporation has failed to set forth any valid defenses to the *in rem* tax foreclosure action, namely, payment and/or exemption from its delinquent real property taxes. Although Nelson Corporation has asserted that its Board has adopted a payment proposal for repayment of the water and sewer charges

recommended by its Managing Agent, Guillermo E. Gomez, the proposal does not address the outstanding real property taxes. Thus, Nelson Corporation has not demonstrated a meritorious defense as it has not provided proof of funds available to satisfy its entire debt to the City which includes delinquent real property taxes as well as the water and sewer and other charges.

While foreclosure is a harsh result, it is a determination pursuant to existing statutes and case law and the court is constrained to deny the motion.

Accordingly, the motion is denied in its entirety.

This constitutes the decision and order of the court.

BEN R. BARBATO, J.S.C.

Dated: May 31, 2019