UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION, individually and on behalf of those individuals and families entitled to homeownership and/or occupancy in its housing project developed pursuant to Article XI of the New York State Private Housing Finance Law; and each of ISABEL ADON, WALKIRIA COLON, RAFAEL COTTO, ERENIA FERMIN GUZMAN, LORANI GARCIA, JOSE GONZALEZ, JOSE JUNIOR GONZALEZ, MATILDE GONZALEZ, VIOLETA GUERRERO, KENIA MINIER, YADIRA POLANCO, GILBERTO RIVERA, DINORA VELASQUEZ and DORIS VELASQUEZ, individually and on behalf of all other similarly-situated persons,

Plaintiffs,

Case No. 1:23-CV-09616 (JHR)

-against-

CITY OF NEW YORK, ADOLFO CARRION, Jr. (Commissioner of the New York City Department of Housing Preservation and Development), and PRESTON NIBLACK (Commissioner of the New York City Department of Finance), NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORPORATION, and BRONX PRO GROUP, LLC,

Defendants.
----------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT DEFENDANTS' NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORP., AND BRONX PRO GROUP, LLC'S MOTION TO DISMISS THE COMPLAINT

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
(212) 216-8029
Attorney for Neighborhood Restore Housing Development Fund Corp., and Bronx Pro Group, LLC

Of Counsel: Brian J. Markowitz

# TABLE OF CONTENTS


TABLE OF CONTENTS .......... I

TABLE OF AUTHORITIES .......... III

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .......... 1

STANDARD OF REVIEW .......... 4

A. Standard of Review for a 12(b)(1) Motion to Dismiss the Complaint .......... 4

A. Standard of Review for a 12(b)(6) Motion to Dismiss the Complaint .......... 4

ARGUMENT .......... 5

POINT I .......... 5

THE COMPLAINT FAILS TO ALLEGE ANY WRONG DOING AGAINST NEIGHBORHOOD RESTORE AND BRONX PRO AND ITS CLAIMS OF CIVIL CONSPIRACY AND COLLUSION CANNOT STAND .......... 5

POINT II .......... 10

COUNTS 10 AND 11 MUST BE DISMISSED BECAUSE THEY WERE COMMENCED BEYOND THE APPLICABLE PERIOD OF LIMITATIONS .......... 10

POINT III .......... 10

PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST NEIGHBORHOOD RESTORE AND BRONX PRO MUST FAIL AS NEIGHBORHOOD RESTORE AND BRONX PRO ARE NOT STATE ACTORS, AND THEIR ACTIONS ARE NOT INTERTWINED WITH THE MUNICIPAL DEFENDANTS .......... 10

POINT IV ..... 13

PLAINTIFFS' NY GBL §349 COUNT CANNOT BE MAINTAINED AS IT IS BEYOND THE APPLICABLE PERIOD OF LIMITATIONS ..... 13

POINT V ..... 14

PLAINTIFF CANNOT MAINTAIN ITS FOURTEENTH OR FIFTEENTH CAUSE OF ACTION SEEKING A DECLARATORY JUDGMENT OR INJUNCTIVE RELIEF ..... 14

CONCLUSION ..... 16

# TABLE OF AUTHORITIES

**Cases**

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ........................................ 5
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 5, 6
*Castellano v. JPMorgan Chase Bank N.A.*, No. 13-CV-03390 (NSR), 2014 WL 988563, at 3 (S.D.N.Y. Mar. 13, 2014); *Gunn v. Ambac Assur. Corp.*, No. 11 CIV. 5497 1C JLC, 2012 WL 3188849, at 2 (S.D.N.Y. Aug. 6, 2012) ........................................................................ 10
*Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07-CV-7998, 2008 WL 1710910 (S.D.N.Y. Apr. 10, 2008)........................................................................ 5
*Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*, No. 07-CV-0400, 2008 WL 852787 (S.D.N.Y. Mar. 31, 2008) ........................................................................ 5
Dorce v City of New York, 2 F4th 82, 95 (2d Cir 2021)........................................................ 17
*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)............................ 9
*Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 (2001)........................................... 16
*Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 273, 1999 WL 626976 (2d Cir. 1999) ........................................................................ 8
Hirsch v. Arthur Andersen & Co., 72 F.3d 1085 (2d Cir. 1995) .................................................... 6
Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) ................................ 10
In rem Tax Foreclosure Action No. 52, 201 A.D.3d 517, 518, 157 N.Y.S.3d 367, 368, leave to appeal dismissed, 38 N.Y.3d 1171, 195 N.E.3d 529 (2022) ...................................................... 3
In rem Tax Foreclosure Action No. 52, 38 N.Y.3d 1171, 195 N.E.3d 529 (2022) ........................ 4
*Ingrami v. Rovner*, 45 A.D.3d 806, 808 (2d Dept. 2007) ............................................................ 12
*Kay v Lavry Eng'g, Inc.*, 1:19-CV-05059 (ALC), 2020 WL 2415661 [SDNY May 12, 2020], *affd*, 834 Fed Appx 655 [2d Cir 2021]........................................................................ 16
*Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263, (S.D.N.Y. 2008)............................ 12, 13
*Magee v. Nassau County Medical Center*, 27 F. Supp.2d 154 (E.D.N.Y. 1998) ........................... 4
*Melchner v. Town of Carmel*, No. 13 CV 8164 VB, 2014 WL 6665755, at 2 (S.D.N.Y. Nov. 21, 2014) ........................................................................ 11
*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013)........................................................................ 7
*Rendell-Baker v. Kohn*, 457 U.S. 830, 842, 102 S. Ct. 2764, 2772 (1982) .................................... 8
Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.), 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ........................................................................ 6
*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)................................................................ 9
*Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001), aff'd, 79 F. App'x 455 (2d Cir. 2003)..... 10
*Statler v Dell, Inc.*, 775 F Supp 2d 474, 484 (EDNY 2011)................................................. 15, 16
*United States ex rel Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148 (2d Cir. 1993) ........................................................................ 4
*World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 328 F. App'x 695, 697 (2d Cir. 2009) ............ 11

**Statutes**

Ad. Code § 11-412.1(a)-(b) .......... 11
Ad. Code § 11-412.2 .......... 11
Fed. R. Civ. P. 8(a)(2) .......... 5
New York General Business Law (“GBL”) § 349 .......... 13, 14

**Treatises**

Wright & A. Miller, Federal Practice and Procedure § 1202 (3d ed. 2004) .......... 5

## PRELIMINARY STATEMENT

Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and Bronx Pro Group, LLC ("Bronx Pro") (collectively, the "Non-Municipal Defendants"), by and through their attorneys, Tarter Krinsky & Drogin LLP, respectfully submit this memorandum of law, in support of its motion, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") dismissing the claims asserted by Plaintiffs and for such other and further relief as the Court deems just, proper and equitable..

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Court is respectfully referred to the Affirmation of Brian J. Markowitz, (the "Markowitz Aff.") dated March 29, 2024, for a complete statement of the relevant and material facts of this action and the action's procedural history.

By way of review, In 2015, the City of New York (the "City") commenced an in rem tax foreclosure action in Bronx County Supreme Court, captioned In Rem Foreclosure Action No.: 52 Borough of Bronx, Index No.: *40000/2015*, ("Bronx 52") pursuant to Title 11, Chapter 4 of the Administrative Code ("NYC Admin. Code"), as amended by Local Law 37 of 1996 and Title 28, Chapter 28 of the Rules of the City, (a.k.a. "Third-Party Transfer Program"), to foreclose, inter alia, unpaid tax liens filed against certain properties, including the property allegedly formerly owned by the Plaintiffs, *to wit*, 1600 Nelson Avenue, Bronx, New York 10453 (the "Property"). The Court granted the City's in rem Judgment on November 16, 2017. In a deed dated September 5, 2018, pursuant to the Third-Party Transfer Program, the City conveyed the Property to Neighborhood Restore.

Following transfer of the Property, 1600 Nelson Avenue Housing Development Fund Corporation ("1600 Nelson"), filed an Order to Show Cause with the Supreme Court, Bronx

County (the "Order to Show Cause"). The Order to Show Cause sought to vacate 1600 Nelson's default in Bronx 52, and sought to vacate the deed transfer of the Property to Neighborhood Restore. The Order to Show Cause argued, *inter alia*, that "Under both the federal and state constitutions, the State may not deprive a person of property without due process of law." Memorandum of Law in support of the Order to Show Cause, at pp 1-2. A copy of the Order to Show Cause and accompanying Memorandum of Law, is annexed to the Markowitz Aff as Exhibit A.

Specifically, 1600 Nelson argued that it never received notice of the Bronx 52 Proceeding, that the Property was not properly included within the Bronx 52 Proceeding, and argued that the property didn't meet the statutory definition of "distressed" according to the New York City Administrative Code. Ultimately, 1600 Nelson sought return of the Property and the right to file a late answer in the Bronx 52 Proceeding. Both the City of New York and Neighborhood Restore, opposed the order to show cause.

On May 31, 2019, the Honorable Justice Ben R. Barbato issued a Memorandum Decision, denying 1600 Nelson's Order to Show cause. Ultimately, Justice Barbato held that the Property did meet the statutory definition of a "distressed" property pursuant to the statutes, 1600 Nelson's "denial of receipt of notice of Bronx 52 [was] insufficient to overcome the conclusive presumption of regularity." Further, the Court held 1600 Nelson "failed to set forth a valid defenses to the *in rem* tax foreclosure action, namely, payment and/or exemption from its delinquent real property taxes.". A copy of Justice Barbato's Memorandum Decision is annexed to the Markowitz Aff. as Exhibit B.

Following its failure to overturn its default in Bronx 52, 1600 Nelson filed an appeal with the New York State Supreme Court Appellate Division First Department. In its appeal, 1600

Nelson argued that the City's action violated both due process and equal protection provisions of the law as well as challenged the that the taking of the Property was improper due to the statutory definition of distressed properties. In fact, 1600 Nelson's brief to the First Department quoted and cited to Supreme Court King's County Justice Partnow's decision, since overturned by the New York State Supreme Court Appellate Division, Second Department, which found various violations of the equal protection and due process clauses. A copy of 1600 Nelson's Brief in support of its Appeal to the First Department is available at 2020 WL 12871042, and annexed hereto for the Court's convenience at Exhibit C. In denying 1600 Nelson's appeal, the First Department held in pertinent part "[i]In any event, this Court has already held that the notice publication procedures used in this foreclosure action accorded with the applicable law and the requirements of due process…we reject defendant's argument that its building was not a proper subject of this foreclosure proceeding under the Third Party Transfer Program because it is not a "distressed" property" *In rem Tax Foreclosure Action No. 52*, 201 A.D.3d 517, 518, 157 N.Y.S.3d 367, 368, *leave to appeal dismissed*, 38 N.Y.3d 1171, 195 N.E.3d 529 (2022)

1600 Nelson sought to appeal the First Department's affirmance of Justice Barbato's decision to the New York Court of Appeals. 1600 Nelson's motion for leave to appeal again raised due process, equal protection and its takings claims. However, the New York Court of Appeals denied the motion for leave to appeal on procedural grounds, thus upholding the First Department's Decision. *In rem Tax Foreclosure Action No. 52*, 38 N.Y.3d 1171, 195 N.E.3d 529 (2022).

Now, having had three Courts deny their requested relief, 1600 Nelson, now joined by their alleged former shareholders (collectively, "Plaintiffs"), seek a different result in Federal

Court. For the reasons set forth in the Markowitz Aff. and below, the Complaint must be dismissed.

## STANDARD OF REVIEW

### A. Standard of Review for a 12(b)(1) Motion to Dismiss the Complaint

2) In most cases, the courts consider a 12(b)(1) motion before ruling on any other motions to dismiss, since dismissal of an action for lack of subject matter jurisdiction will render all other accompanying defenses and motions moot. *See United States ex rel Kreindler & Kreindler v. United Technologies Corp*., 985 F.2d 1148, 1155-56 (2d Cir. 1993), *cert. denied sub nom, Kreindler & Kreindler v. United Technologies Corp.*, 508 U.S. 973 (1993). Thus, a court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide the jurisdictional question first because "a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Magee v. Nassau County Medical Center*, 27 F. Supp.2d 154, 158 (E.D.N.Y. 1998).

### A. Standard of Review for a 12(b)(6) Motion to Dismiss the Complaint

The Court must accept only the well pleaded allegations of the Complaint as true. *See Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07-CV-7998, 2008 WL 1710910, at 2 (S.D.N.Y. Apr. 10, 2008). If Plaintiff failed to "provide the grounds upon which [its] claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level,'" the Court should dismiss the Complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "If Plaintiff has not nudged its claims across the line from conceivable to plausible, its complaint must be dismissed." *Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*, No. 07-CV-0400, 2008 WL 852787 (S.D.N.Y. Mar. 31, 2008) (internal quotations omitted). Plainly, Fed. R. Civ. P.

8(a)(2) "does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, at 94, 95 (3d ed. 2004).

Moreover, bald assertions and conclusions of law and fact are insufficient to state a claim for relief; a motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly* 550 U.S. 1964 - 65. "Thus, where more specific allegations of the complaint contradict such legal conclusions, '[g]eneral, conclusory allegations need not be credited.'" *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995); see also *Rieger v. Drabinsky* (*In re Livent, Inc*. Noteholders Sec. Litig.), 151 F. Supp. 2d 371, 405-06, 441 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice.").

## ARGUMENT

## POINT I

### THE COMPLAINT FAILS TO ALLEGE ANY WRONG DOING AGAINST NEIGHBORHOOD RESTORE AND BRONX PRO AND ITS CLAIMS OF CIVIL CONSPIRACY AND COLLUSION CANNOT STAND

The Complaint does not allege any independent acts of liability on behalf of Defendants Neighborhood Restore and Bronx Pro. As can be seen from the Amended Complaint, the only alleged causes of action that even attempt to alleged any wrong doing on behalf of Neighborhood Restore and Bronx Pro, are that cause of action that improperly attempt to allege some form of conspiracy claims against Defendants with respect to Count 5. However, these

counts cannot be sustained, as Plaintiffs' alleged conspiracy claim is nothing more than contrived claims that cannot, and do not, rise to the level of a conspiracy, and cannot be afforded any due deference.

Plaintiffs' utter failure to satisfy the minimum pleading requirements, Plaintiffs have also failed to satisfy Fed. R. Civ. P. 8, which demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013). Indeed, the allegations contained in the complaint to support the alleged conspiracy are nothing more than mere conjecture without any direct allegations, of allegedly both the City, Neighborhood Restore and Bridge Street, acted in doing certain acts. However, these mere speculations, cannot rise to the level of a conspiracy.

As the Second Circuit has held

> Section 1983 does not impose civil liability on persons who merely stand to benefit from an assertion of authority under color of law, but only on those who act under color of law. See Adickes, 398 U.S. at 150, 90 S.Ct. 1598 (color-of-law element requires that "defendant acted 'under color of law' ") (emphasis added); cf. Vickery v. Jones, 100 F.3d 1334, 1344 (7th Cir.1996) (holding that political party members did not act under color of law where they made recommendations to state officials but did not make any final decisions; "screening or recommending the hiring of employees ... is not the same as being 'jointly engaged with state officials ...'" (quoting Adickes, 398 U.S. at 152, 90 S.Ct. 1598)), cert. denied, 520 U.S. 1197, 117 S.Ct. 1553, 137 L.Ed.2d 701 (1997).

*Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 273, 1999 WL 626976 (2d Cir. 1999). Similarly, as rejected by the Supreme Court in *Rendell-Baker v. Kohn*, 457 U.S. 830, 842, 102 S. Ct. 2764, 2772 (1982), Plaintiffs here cannot allege that the Defendants and the City's

"interests are also intimately intertwined" to base their "under color of state law" theory. As the Supreme Court held

> petitioners argue that there is a "symbiotic relationship" between the school and the State similar to the relationship involved in Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Such a claim is rejected in Blum v. Yaretsky [457 U.S. 991, 102 S.Ct. 2777 (1982)], and we reject it here.

*Rendell-Baker*, 457 U.S. at 842, 102 S. Ct. at 2772.

Neither Neighborhood Restore nor Bronx Pro were involved in the City's action to seek the default judgment, nor were either involved in sending out the notices or publishing the notices in accordance with the law. In fact, separately, Plaintiffs allege those violations against the City.

In addition, as set forth in the Markowitz Aff., the New York Supreme Court has already rendered a ruling which utterly and completely refutes any wrong doing on behalf of Neighborhood Restore and Bronx Pro. In the Bronx 52 Judgment, the State Court issued its Findings of Fact, which state that the City of New York, by its Commissioner of Finance, was the entity responsible for the creation of the properties that were included in Bronx 52, as well as the exclusion of Properties, pursuant to Admin. Code § 11-413. Accordingly, Plaintiffs cannot now challenge that Finding of Fact and claim that Neighborhood Restore and Bronx Pro were involved in that process, simply to attempt to shoehorn Neighborhood Restore and Bronx Pro into these overbroad allegation.

The fact that this issue was actually litigated by 1600 Nelson, and the Findings of Fact and the underlying Judgment were challenged by 1600 Nelson to both the State Supreme Court and two Appellate level Courts, including New York's highest Court, the Court of Appeals, precludes relitigating these issues here pursuant to the *Rooker-Feldman* doctrine. The Rooker-

Feldman doctrine protects Congress's intent in empowering only the Supreme Court to exercise appellate authority "'to reverse and modify' a state-court judgment," *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), *quoting*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

According to the doctrine, federal district courts are divested of subject matter jurisdiction over actions seeking appellate review of state court judgments. *Exxon Mobil Corp.*, 544 U.S. at 284-85. In order for the *Rooker-Feldman* doctrine to apply, the following elements must be satisfied: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites the district court's review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Moreover, the *Rooker-Feldman* doctrine applies even if the final judgment of the state court was rendered on default. *Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001), aff'd, 79 F. App'x 455 (2d Cir. 2003) (".. plaintiff's request for an order setting aside the default judgment is denied [under the Rooker-Feldman doctrine]").

Lastly, "[c]ourts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker-Feldman* doctrine from attacking the state court judgment in federal district court." *Castellano v. JPMorgan Chase Bank N.A.*, No. 13-CV-03390 (NSR), 2014 WL 988563, at 3 (S.D.N.Y. Mar. 13, 2014); *Gunn v. Ambac Assur. Corp.*, No. 11 CIV. 5497 1C JLC, 2012 WL 3188849, at 2 (S.D.N.Y. Aug. 6, 2012). It is beyond dispute that the instant action is nothing more than Plaintiffs' attempt to relitigate the alleged defenses to Bronx 52 that three Courts have already rejected.

Furthermore, the deed from the City of New York went to Neighborhood Restore, not Bronx Pro, pursuant to a City Council resolution. Plaintiffs fail to allege what predicate acts either Neighborhood Restore or Bronx Pro are accused of with respect to any portion of the transfers but more particularly, with respect to the transfers which were authorized by City Counsel resolution,

It is also important to realize that such conspiracy claims are barred by the applicable period of limitations[1]. It is axiomatic that:

> [t]he statute of limitations applicable to a Section 1983 claim accruing in New York is three years. Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir.2002). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." Van Wormer v.. City of Rensselaer, 293 Fed App'x 783, 783 (2d Cir.2008).

*Melchner v. Town of Carmel*, No. 13 CV 8164 VB, 2014 WL 6665755, at 2 (S.D.N.Y. Nov. 21, 2014). At a minimum, such claims arose when the City commenced the In Rem proceedings at issue herein. Bronx 52 was commenced in 2015, more than 8 years before the commencement of this action. Even giving Plaintiffs the maximum benefit of the doubt, 1600 Nelson's Order to Show Cause was filed on September 27, 2018, more than 5 years before the instant action and more than a year after the expiration of the statute of limitations for the Fifth Count.

Moreover, as more fully discussed below, the predicate acts plaintiff complains of, unjust enrichment and conversion, both have a three year statute of limitation, which alsl has

---

[1] To the extent that the Civil Conspiracy claim is attempting to allege a RICO claim, such claim is also barred by the statute of limitation for interposing a RICO claim. According to the Second Circuit, the four-year statute of limitations for asserting a RICO claim "begins to run when the plaintiff discovers-or should have reasonably discovered-the alleged injury." *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 328 F. App'x 695, 697 (2d Cir. 2009).

expired long ago. As such, these claims are time barred and cannot form the predicate for a civil conspiracy or some other amorphous conspiracy claim.

## POINT II

### COUNTS 10 AND 11 MUST BE DISMISSED BECAUSE THEY WERE COMMENCED BEYOND THE APPLICABLE PERIOD OF LIMITATIONS

Plaintiffs allege claims for conversion (count 10) and unjust enrichment (count 11), each of which carry a three-year statute of limitations. At the latest, these claims accrued, upon the Bronx 52 Judgment in November 2017. Accordingly, these claims would have had to be commenced, no later than November 2020, approximately three years after the expiration of the statute of limitations. Again, even giving Plaintiffs the maximum benefit of the doubt, 1600 Nelson's Order to Show Cause was filed on September 27, 2018, more than five years before the Complaint herein.

The statute of limitations for unjust enrichment, where the claim is not based in contract, is three years. *Ingrami v. Rovner*, 45 A.D.3d 806, 808 (2d Dept. 2007); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263, (S.D.N.Y. 2008) ("The unjust enrichment limitations period, however, is three years if plaintiff seeks monetary damages.") Further, the statute of limitations for conversion is likewise, three years. *Kermanshah,* 580 F. Supp. 2d. at 262-3.

Accordingly, these counts must be dismissed as against Neighborhood Restore and Bronx Pro.

## POINT III

### PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST NEIGHBORHOOD RESTORE AND BRONX PRO MUST FAIL AS NEIGHBORHOOD RESTORE AND BRONX PRO ARE NOT STATE ACTORS, AND THEIR

**ACTIONS ARE NOT INTERTWINED WITH THE MUNICIPAL DEFENDANTS**

Because Neighborhood Restore and Bronx Pro are not state actors and were not acting under the color of state law, the constitutional claims alleged by the Plaintiffs must be dismissed as against them.

As discussed above, Plaintiffs make blanket, unsupported and unsubstantiated allegations, that Neighborhood Restore and Bronx Pro acted under color of state law. However, other than these bare, unsubstantiated allegations, Plaintiffs have not, and indeed cannot, show that either Neighborhood Restore or Bronx Pro acted under color of state law.

Neither Neighborhood Restore nor Bronx Pro are involved in the process of selection of properties to be included in the In Rem proceedings. Indeed, as the Supreme Court has held, and as fully admitted by 1600 Nelson to the New York State Courts at all levels, the selection of the properties was performed by the City of New York, the notice of the proceeding, of the judgment and of the sale was handled by the City of New York, and the exclusion of the properties from the In Rem proceedings was performed by the City of New York. This Court should not overturn the clear and unambiguous findings of fact by the State Supreme Court relating to these actions.

It is important to note that neither Neighborhood Restore nor Bronx Pro are parties to the In Rem proceeding. The judgment obtained by the City directs the Department of Finance to transfer the properties to a qualified third party as per Ad. Code § 11-412.1(a)-(b). As can be seen in Ad. Code § 11-412.1(a)-(b), neither Neighborhood Restore nor Bronx Pro are listed as the qualified third party.

Furthermore, all transfers from the City to the third party has to be approved by resolution of the New York City Council as per Ad. Code § 11-412.2. Clearly Neighborhood

Restore and Bronx Pro are not part of the City Council. In other words, if there was any taking or excessive fine, that action occurred by the City of New York who undertook the entire Bronx 52 Proceeding and who transferred the property under the provisions of New York City's Administrative Code. As the State Court's have held, Neighborhood Restore and Bronx Pro were not participants in that process. Indeed, Plaintiffs' attempt to relitigate these issues, despite the fact that three State Courts have rejected Plaintiffs' argument that anyone other than the City was involved in the Bronx 52 process, is a clear violation of the *Rooker-Feldman* doctrine and must not be reviewed by this Court.

In fact, a review of the relevant provisions of the New York City Administrative Code show that at no time was Neighborhood Restore or Bronx Pro involved on selecting properties for inclusion into the In Rem proceedings, for continuation of the proceedings against those properties, or for seeking an In Rem Judgment against those properties. Neighborhood Restore and Bronx Pro were not involved in the City Council's approval of the deed transfers.

In fact, there is no specific, credible allegations showing that either Neighborhood Restore or Bronx Pro acted pursuant to the coercive power of the state or that they are controlled by the state; that state provided significant encouragement to Neighborhood Restore or Bronx Pro, that either entity participated in the joint activity with the state, specifically, participating in the Bronx 52 Proceeding, or that either entity's function is entwined with state policies. Neighborhood Restore is an owner of low income housing. Bronx Pro is a property manager. This is no more entwined with state policies than any other low income housing developer, or property manager. Lastly, at no time has Neighborhood Restore or Bronx Pro been delegated a public function.

Accordingly, neither Neighborhood Restore or Bridge Street are alleged of any individual acts of liability, and there is not a single allegation, separate from the City's actions of

commencing and prosecuting the In Rem foreclosure proceeding – which Neighborhood Restore and Bridge Street are not parties to – other than the speculative and false allegation that Neighborhood Restore and Bridge Street's "interests are also intimately intertwined" with the City's.

Therefore the constitutional claims all must be dismissed as against Neighborhood Restore and Bridge Street.

## POINT IV

## PLAINTIFFS' NY GBL §349 COUNT CANNOT BE MAINTAINED AS IT IS BEYOND THE APPLICABLE PERIOD OF LIMITATIONS

Plaintiffs' Thirteenth Count alleges violations of the New York General Business Law ("GBL") § 349. However, Plaintiffs cannot maintain this cause of action as it was commenced beyond the statute of limitations.

As held by the Eastern District Court, "Actions brought pursuant to Section 349 must be commenced within three years of the date of accrual." *Statler v Dell, Inc.*, 775 F Supp 2d 474, 484 (EDNY 2011) *See also Kay v Lavry Eng'g, Inc.*, 1:19-CV-05059 (ALC), 2020 WL 2415661 [SDNY May 12, 2020], *affd*, 834 Fed Appx 655 [2d Cir 2021]. As previously held by the New York Court of Appeals:

> Here, the statute prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" (General Business Law § 349[a] ), and affords a right of action to "any person who has been injured by reason of any violation of this section" (General Business Law § 349[h] ). Thus, accrual of a section 349(h) private right of action first occurs when plaintiff has been injured by a deceptive act or practice violating section 349.

*Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 (2001). Accrual is not dependent upon any later date when discovery of the alleged deceptive practice is said to occur. *Statler*, 775 F Supp 2d at 484.

Here, any alleged claim under GBL §349 would have accrued at the time of the Bronx 52 Judgment on the November 16, 2017. At the latest, the accrual could be no later than the September 5, 2018 transfer of the Deed to Neighborhood Restore. In either event, both potential accrual dates, are more than 5 years before the commencement of this instant action.

Accordingly, the thirteenth count, alleging liability based on GBL §349 must be dismissed, as it is commenced beyond the applicable period of limitations.

## POINT V

### PLAINTIFF CANNOT MAINTAIN ITS FOURTEENTH OR FIFTEENTH CAUSE OF ACTION SEEKING A DECLARATORY JUDGMENT OR INJUNCTIVE RELIEF

Plaintiffs' Fourteenth and Fifteenth Causes of Action seeks a Declaratory Judgment, declaring, *inter alia*, that the Defendants actions and the Third Party Transfer Program are unconstitutional. However, these same claims, previously alleged in the Dorce v. City of New York Action. In that Action, the Second Circuit denied those claims and dismissed the virtually identical claims, on the grounds that "Where, as here, plaintiffs seek injunctive or declaratory relief, they "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [they] will be injured in the future." Dorce v City of New York, 2 F4th 82, 95 (2d Cir 2021) The Circuit Court went on to hold "Such an allegation of future injury will be sufficient only if "the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." Id.

As such, and for the same reasons as discussed by both this Court and the Circuit Court in the Dorce v. City of New York matter, the Fourteenth and Fifteenth causes of action must be dismissed.

## CONCLUSION

For all of the reasons stated above and in the Markowitz Aff., Neighborhood Restore and Bronx Pro respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety with prejudice and award such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
March 29, 2024

**TARTER KRINSKY & DROGIN LLP**
Attorney for Neighborhood Restore Housing Development Fund Corp., and Bronx Pro Group, LLC

By: S/ BRIAN J. MARKOWITZ
Brian J. Markowitz
1350 Broadway
New York, New York 10018
(212) 216-8029