# EXHIBIT 3

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ.

15107 IN REM TAX FORECLOSURE ACTION NO. 52, etc., Index No. 40000/15
Case No. 2020-00708

CITY OF NEW YORK,
Plaintiff-Respondent,

-against-

1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION,
Defendant-Appellant,

NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORPORATION,
Nonparty-Respondent.

---

Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (Serge Joseph of counsel), for appellant.

James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for City of New York, respondent.

---

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about July 9, 2019, which denied defendant's motion to vacate the default judgment of in rem foreclosure, vacate the transfer of title to Neighborhood Restore Housing Development Fund Corporation, and permit it to file an answer and satisfy outstanding water and sewer charges in arrears and other charges, including property taxes assessed against the property, unanimously affirmed, without costs.

The court correctly denied defendant's motion to vacate as untimely. The record shows that the judgment of foreclosure against the property was duly entered in the office of the County Clerk, creating a presumption of regularity of the proceedings in this action (Administrative Code of City of NY § 11-411) that encompasses compliance by the City with all applicable notice, publication, and filing requirements. The presumption became conclusive four months after the judgment of foreclosure was entered (Administrative Code § 11-412.1[h]). As defendant did not make the motion to vacate or take any action to redeem its property under § 11-412.1(d) within that four-month period, its application to vacate the judgment of foreclosure was untimely under Administrative Code § 11-412.1(h) to the extent it was based on the allegation that the City failed to follow statutory procedures in the preparation, filing, posting, and publication of the notice in the foreclosure action (*see O'Bryan v Stark*, 77 AD3d 494, 495 [1st Dept 2010], *lv denied* 17 NY3d 704 [2011]). In any event, this Court has already held that the notice publication procedures used in this foreclosure action accorded with the applicable law and the requirements of due process (*see In Rem Tax Foreclosure Action No. 52*, 189 AD3d 731 [1st Dept 2020], *lv dismissed* 37 NY3d 1012 [2021]). We further find that the record supports the court's conclusion that the City complied with the other statutory notice requirements.

To the extent the motion is not time-barred, we reject defendant's argument that its building was not a proper subject of this foreclosure proceeding under the Third Party Transfer Program because it is not a "distressed" property (*see* Local Law No. 37 [1996] of City of NY § 5; Local Law No. 69 [1997] of City of NY § 1; Administrative Code §§ 11-401.1; 404).

In addition, we find that the court correctly rejected defendant's argument that the City should be equitably estopped from claiming that the redemption period expired and from enforcing the foreclosure on the ground that, through neglect and bureaucratic confusion, the City lulled defendant into the reasonable conclusion that it was party to an installment agreement that protected its building from the potential of foreclosure based on the delinquent tax liens and other arrears.

We have considered defendant's remaining arguments that are not time-barred and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: January 18, 2022

Susanna Molina Rojas
Clerk of the Court