# EXHIBIT 4

At an IAS Part ___ of the Supreme Court of the State of New York, held in and for the County of Bronx, at the Courthouse located at 851 Grand Concourse, Bronx, NY on the ___ day of July, 2024

PRESENT: ______________________, J.S.C.

------------------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

Index Number
40000/2015

SECTIONS 9, 10, 11, 12, 14, 15 and 16

TAX CLASSES 1 and 2

**ORDER TO SHOW CAUSE**

24 JUL 26 PM 3:00
COUNTY CLERK
BRONX COUNTY
RECEIVED

Re: 1600 NELSON AVENUE HOUSING
DEVELOPMENT FUND CORPORATION,
1600 Nelson Avenue
Bronx, New York
Block: 2876; Lot 1

------------------------------------------------------------------X

**UPON** reading the Affirmation in Support of Order to Show Cause of Serge Joseph, dated July 26, 2024; the decision and order of the Honorable Justice Ben R. Barbato, entered on July 9, 2019 in the underlying matter; the decision of the United States Supreme Court in the matter of *Tyler v. Hennepin County, Minnesota, et. al.*, 598 U.S. 631 (June 25, 2023); the decision of the United States Court of Appeals, Second Circuit, in the matter of *Dorce, et. al. v. City of New York, et. al.*, 2 F.4th 82 (2d Circ, 2021), and upon all the papers and proceedings heretofore had herein, and good cause having been shown,

**LET**, plaintiff, the City of New York, and intervenor, Neighborhood Restore Housing Development Fund Corporation, or their attorneys show cause before this Court at IAS Part __, to be held in and for the County of Bronx, at the County Courthouse at 851 Grand Concourse,

Bronx, New York, New York, on the __ day of ______, 2024, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel may be heard, why an order should not be made:

A. pursuant to CPLR § 2221, granting leave to defendants to renew the motion of defendant 1600 Nelson Avenue Housing Development Fund Corporation, dated September 27, 2018, which this Court's July 9, 2019 Decision and Order, denied in its entirety;

B. upon renewal, pursuant to the decision of the United States Supreme Court in *Tyler v. Hennepin County, Minnesota, et. al.*, 598 U.S. 631 (June 25, 2023) and the decision of the United States Court of Appeals, Second Circuit, in the matter of *Dorce, et. al. v. City of New York, et. al.*, 2 F.4th 82 (2d Circ, 2021)- rescinding or recalling the Court's prior July 9, 2019 Decision and Order, and granting Defendant 1600 Nelson Avenue Housing Development Fund Corporation's Order to Show Cause to the extent of (i) vacating the in rem foreclosure default judgment against the Subject Property; (ii) vacating the transfer of title to Intervenor Neighborhood Restore Housing Development Fund Corporation; (iii) leave to file an answer; and (iv) leave to satisfy the tax lien; and

C. granting such other and further relief as may be just and proper under the circumstances.

**ORDERED** that service of a copy of this Order along with the papers upon which it is based, on Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007, Attention: Andrea Feller, Esq., Of Counsel; and (b) Neighborhood Restore Housing Development Fund Corporation on or before the __ day of August, 2024 shall be deemed good and sufficient

**ENTER:**

______________________________

**J.S.C**

Bronx, New York, New York, on the __ day of ______, 2024, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel may be heard, why an order should not be made:

A. pursuant to CPLR § 2221, granting leave to defendants to renew the motion of defendant 1600 Nelson Avenue Housing Development Fund Corporation, dated September 27, 2018, which this Court's July 9, 2019 Decision and Order, denied in its entirety;

B. upon renewal, pursuant to the decision of the United States Supreme Court in *Tyler v. Hennepin County, Minnesota, et. al.*, 598 U.S. 631 (June 25, 2023) and the decision of the United States Court of Appeals, Second Circuit, in the matter of *Dorce, et. al. v. City of New York, et. al.*, 2 F.4th 82 (2d Circ, 2021)- rescinding or recalling the Court's prior July 9, 2019 Decision and Order, and granting Defendant 1600 Nelson Avenue Housing Development Fund Corporation's Order to Show Cause to the extent of (i) vacating the in rem foreclosure default judgment against the Subject Property; (ii) vacating the transfer of title to Intervenor Neighborhood Restore Housing Development Fund Corporation; (iii) leave to file an answer; and (iv) leave to satisfy the tax lien; and

C. granting such other and further relief as may be just and proper under the circumstances.

**ORDERED** that service of a copy of this Order along with the papers upon which it is based, on Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007, Attention: Andrea Feller, Esq., Of Counsel; and (b) Neighborhood Restore Housing Development Fund Corporation on or before the __ day of August, 2024 shall be deemed good and sufficient

**ENTER:**

______________________________

**J.S.C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

IN REM TAX FORECLOSURE ACTION NO 52
BOROUGH OF BRONX

Index Number
40000/2015

SECTIONS 9, 10, 11, 12, 14, 15 and 16

TAX CLASSES 1 and 2

**AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE**

Re: 1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION,
1600 Nelson Avenue
Bronx, New York
Block: 2876; Lot 1

---------------------------------------------------------------X

**SERGE JOSEPH**, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms pursuant to CPLR § 2106 as follows:

1. I am a partner in the law firm of Himmelstein, McConnell, Gribben, & Joseph LLP, attorneys for 1600 Nelson Avenue Housing Development Fund Corporation ("1600 Nelson"), Defendant in the above-captioned matter. As such, I am fully familiar with the facts and circumstances as stated herein after.

2. I submit this affirmation in support of Defendant 1600 Nelson Avenue's Order to Show Cause for an order:

A. pursuant to CPLR § 2221, granting leave to defendant 1600 Nelson to renew the motion of defendant 1600 Nelson dated September 27, 2018, which this Court's July 9, 2019 Decision and Order denied in its entirety;

B. upon renewal, pursuant to the decision of the United States Supreme Court in *Tyler v. Hennepin County, Minnesota, et. al.*, 598 U.S. 631 (June 25, 2023) and the decision of the

United States Court of Appeals, Second Circuit, in the matter of *Dorce, et. al. v. City of New York, et. al.*, 2 F.4th 82 (2d Circ, 2021)- rescinding or recalling the Court's prior July 9, 2019 Decision and Order, and granting Defendant 1600 Nelson's Order to Show Cause to the extent of (i) vacating the *in rem* foreclosure default judgment against the Subject Property; (ii) vacating the transfer of title to Intervenor Neighborhood Restore; (iii) leave to file an answer; and (iv) leave to satisfy the tax lien; and

C. granting such other and further relief as may be just and proper under the circumstances.

**OVERVIEW**

3. This case involves Local Law No. 37, enacted by New York City Council on May 2, 1996 to implement Plaintiff-Respondent New York City's Third Party Transfer Program ("TPT Program"), presently codified as Title 11, Chapter 4 of the New York City Administrative Code.

4. Throughout the underlying case, Defendant 1600 Nelson has argued that the TPT Program is misused; that the seizure by Plaintiff New York City ("City") of Defendant 1600 Nelson's Property and the transfer of title by the City to Intervenor Neighborhood Restore Housing Fund Corporation ("Neighborhood Restore") never served any legitimate tax collection purpose because the City did not collect any of the taxes or charges after the transfer that were the alleged basis for seeking and securing a judgment of foreclosure in this case; and that instead, the City used the purported charges as a pretext to seize Defendant 1600 Nelson's Property to achieve non-tax political objectives, such as creating "affordable housing," without the constitutional detail of noticing the illegal seizure or otherwise paying for the illegal taking.

5. In its July 9, 2019 Decision and Order, the Court denied Defendant

1600 Nelson's Order to Show Cause finding that it had failed to demonstrate "a meritorious defense". But the Court recognized that it was faced with a *Hobson's choice* to allow the City to seize and transfer Defendant 1600 Nelson's Property. In pertinent part, it noted

> While foreclosure is a harsh result, it is a determination pursuant to existing statutes and case law and the court is constrained to deny the motion. [Emphasis supplied]. A copy of the Court's July 9, 2019 Decision and Order is annexed hereto as Exhibit 1.

6. Defendant appealed, and by Decision and Order, entered on January 18, 2022, the Appellate Division, First Department, affirmed. See Exhibit 2.

7. By Decision and Order, dated September 15, 2022, the Court of Appeals "dismissed" Defendant 1600 Nelson Avenue's motion for leave to appeal to the Court of Appeals, finding the "orders sought to be appealed from do not finally determine the action within the meaning of the Constitution." See Exhibit 3.

## THE SECOND CIRCUIT DECISION IN *DORCE V. CITY OF NEW YORK*

8. On June 23, 2021, the United States Court of Appeals, Second Circuit, in *Dorce v. City of New York*, 2 F.4th 82 (2d Cir. 2021), a case involving a similar challenge to the TPT Program as here, found that the Plaintiffs homeowners' equal protection and due process claims, as well as their taking claim that their property was taken for public use without just compensation, were all meritorious, and that the District Court's dismissal of those claims should be reversed.

9. Significantly, the Second Circuit also found that the Local Law No. 37 was flawed inasmuch as it extinguished the "property rights of the original owners", but provides "no

mechanism for them to receive compensation for any value of their property in excess of their tax liability once the transfer is complete." *Dorce* at 2 F.4th 82.

**THE US SUPREME COURT DECISION IN *TYLER V. HENNEPIN COUNTY***

10. On May 25, 2023, the United States Supreme Court in *Tyler v. Hennepin County, Minnesota, et. al.*, 598 U.S. 631 (June 25, 2023) had the final say.

11. *Tyler*, supra, involves Geraldine Tyler, a ninety-four-year-old African American woman whose condominium unit was seized and sold by Hennepin County, which alleged that she owed $2,000 in unpaid taxes, and $13,000 in accrued interest and penalties. Under its tax-foreclosure scheme, the County sold Ms. Tyler's condominium for $40,000, but kept the entire proceeds and gave Ms. Tyler nothing.

12. Ms. Tyler sued, alleging that the County's retention of the surplus value of her condominium effected a taking without just compensation in violation of the Takings Clause and imposed an excessive fine in violation of the Excessive Fines Clause.

13. The Supreme Court agreed with Ms. Tyler. In reversing the lower court's dismissal of Ms. Tyler's claims, the US Supreme Court held:

> The Takings Clause, applicable to the States through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U. S. Const., Amdt. 5. States have long imposed taxes on property. Such taxes are not themselves a taking, but are a mandated "contribution from individuals . . . for the support of the government . . . for which they receive compensation in the protection which government affords." *County of Mobile v. Kimball*, 102 U. S. 691, 703 (1881). In collecting these taxes, the State may impose interest and late fees. It may also seize and sell property, including land, to

recover the amount owed. See *Jones v. Flowers*, 547 U. S. 220, 234 (2006).

14. The Court reasoned as follows:

> The Takings Clause "was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong*, 364 U. S., at 49. A taxpayer who loses her $40,000 house to the State to fulfill a $15,000 tax debt has made a far greater contribution to the public fisc than she owed. The taxpayer must render unto Caesar what is Caesar's, but no more.

15. The law of the land is now settled.

16. Government, including the City of New York, cannot "force some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." The government may seize and sell property, including land, but only to recover the amount owed. Thus, it cannot manipulate "property rights," tax collection, and *in rem* foreclosure laws, to serve non-tax collection, political purposes. Government has the power to sell a homeowner's property but only for the purpose of recovering the unpaid property taxes. It cannot use the "toehold of the tax debt to confiscate more property than was due". *Id*. If it does so, it would effect a "classic taking in which the government directly appropriates private property for its own use." *Id*, quoting *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U. S. 302, 324 (2002)

17. Here, the City's Local Law fails on all counts. The purported arrears in taxes or municipal liens were mere "toehold", a pretext to trigger its *in rem* proceedings.

18. The City never had any intention to recover any of the taxes or liens

purportedly owed. It did not plan to do so. It did not plan "to render unto Caesar what is Caesar's, but no more". It does not even bother to have a mechanism in its scheme for anything other than to seize, give away everything for free to its politically connected partners, and leave the homeowners, such as Defendant 1600 Nelson and its shareholders, with nothing.

19. In fact, that is what the City did. It seized and gave Defendant 1600 Nelson Avenue's Property away for free to Intervenor Neighborhood Restore, not to pay off alleged arrears, but rather to create "affordable housing," a laudable, but false and pretextual goal, as Defendant 1600 Nelson an HDFC, was already affordable, a creature of PHFL, Article 11[1].

20. The City seized and gave away Defendant 1600 Nelson's Property for free and did not recover any of the purported unpaid taxes or liens. This is not merely "argument" being asserted by Defendant 1600 Nelson. It is self-evident: see the Deed where the City effected the transfer of title to Intervenor Neighborhood Restore. It is without consideration. The Deed is annexed hereto as Exhibit 4.

21. It is what the City itself has repeatedly said was the *sine qua non* of the TPT Program.[2]

---

[1] Indeed, the central purpose of HDFCs is to provide long term homesteading and ownership to low income individuals and families who would otherwise be unprotected from the dislocation of market forces, or harassment, overcharges, dislocation or displacement from landlord-tenant relationships. See N.Y. Priv. Hous. Fin. Law § 573 (McKinney) (one of the primary purposes of HDFCs is improvement of housing for persons of low income by providing them with long-term, affordable, stable residences "by reason of ownership of shares in such corporation").

[2] Margaret DeVoe, Esq., assistant corporation counsel of the City of New York, averred in an affirmation—dated October 11, 2018 and submitted to the Supreme Court of the State of New York, Bronx County, in the proceedings involving Plaintiffs' Property—that "the

23. It is respectfully submitted that the Court should rescind and/or recall its prior July 9, 2019 Decision and Order, and grant Defendant 1600 Nelson's Order to Show Cause to the extent of (i) vacating the in rem foreclosure default judgment against the Subject Property; (ii) vacating the transfer of title to Intervenor Neighborhood Restore; (iii) leave to file an answer; and (iv) leave to satisfy the tax lien.

## THE WITHIN MOTION IS TIMELY

24. Initially, it should be noted that a court of original jurisdiction may entertain a motion to renew or vacate a prior order or judgment even after an appellate court has rendered a decision on that order or judgment. See, *Levitt v County of Suffolk*, 166 AD2d 421, lv dismissed 77 NY2d 834; See also, *Harrell v Koppers Co.*, 154 AD2d 340, 545 NYS2d 818 (2nd Dept, 1989) ["Although the Supreme Court was bound by the decision of this court on the prior appeal and could not therefore grant leave to reargue, as the court of original jurisdiction it was not prohibited under these circumstances from entertaining a motion for leave to renew based upon newly discovered evidence" (citations omitted)]; and *Tishman Constr. Corp. v. City of New York*, 280 AD2d 374, 377, 720 NYS.2d 487, 490, (1st Dept, 2001) [A motion to renew should be granted at any time "as long as the moving party exercised due diligence in attempting to produce the newly discovered evidence."]

25. A motion for leave to renew is the appropriate vehicle for seeking relief

---

purposes [sic] of the [TPT] Program is to create and maintain affordable housing."
The legislative intent of the Local Law 37 pursuant to which the TPT Program was adopted was set forth in the testimonies of HPD Commissioner Deborah C. Wright and commissioner Lilliam Barrios-Paoli before the Housing & Buildings Committee of the New York City Council on January 29, 1996, and April 22, 1996, both of which make clear that one of "most critical" parts of The Local Law 37 was to target distressed properties "for effective intervention against abandonment."

from a prior order based on a change in the law. Indeed, CPLR 2221 [e] [2]) provides that a motion for leave to renew shall be based on new facts not offered on the original motion or "shall demonstrate that there has been a change in the law that would change the prior determination"

26. A clarification of the decisional law is a sufficient change in the law to support renewal. *Roundabout Theatre Co. v Tishman Realty & Constr. Co.*, 302 AD2d 272, 756 NYS2d 12 [2003]); *Dinallo v. DAL Elec.*, 60 AD3d 620, 621, 874 NYS2d 246, 247 (1st Dept, 2009).

27. It should also be noted that, regardless of statutory time limits concerning motions to reargue and/or renewal, every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action. *Aridas v Caserta*, 41 NY2d 1059, 1061; *Hudson City Sav. Inst. v Burton*, 99 AD2d 871, 872, appeal dismissed 62 NY2d 801). *Liss v. Trans Auto Systems, Inc.*, 68 N.Y.2d 15, 20, 496 N.E.2d 851, 854, 505 N.Y.S.2d 831, 834 (1986).

28. This Court is no longer constrained to deny Defendant 1600 Nelson's motion to vacate the default judgment because of existing case law.

29. The law has changed. The United States Supreme Court in *Tyler v. Hennepin County, Minnesota, et. al.*, 598 U.S. 631 (June 25, 2023) has now made clear the limits of governmental entities in taking private citizens' property without compensation, and under false pretense.

30. The United States Court of Appeals, in this Circuit, in *Dorce v. City of New York*, 2 F.4th 82 (2d Cir. 2021) has made clear that the TPT Program is constitutionally dubious and suspect.

31. Both decisions make clear that contrary to the Court's prior July 9, 2019 Decision and Order, Defendant 1600 Nelson has meritorious defenses.

32. Leave to renew should be granted. Upon renewal, Defendant 1600 Nelson's motion should be granted.

## THE PREVIOUS MOTIONS

33. Defendant 1600 Nelson's initial order to Show Cause can be found in the Record on Appeal before the Appellate Division, First Department [Record], at pages 16 through 368. The Record is annexed hereto as Exhibit 5.

34. The City's opposition papers are at pages 381-454. Defendant 1600 Nelson Avenue's Reply papers are at pages 474-546. The City's Sur-Reply papers are at pages 553-556. Intervenor's Sur-Reply papers are at 570.

35. The Court considered letters from the parties' counsels.

36. Letter from Defendant 1600 Nelson's attorney Serge Joseph to the Honorable Ben R. Barbato, dated March 29, 2019 is at page 575. Letter from Andrea B. Feller, Corporate Counsel, to the Honorable Ben R. Barbato, dated January 16, 2019 is at page 647. Lastly, letter from Serge Joseph to the Honorable Ben R. Barbato, dated January 25, 2019 is at 649.

## THE FEDERAL LAWSUIT

37. By Summons and Complaint, dated December 6, 2023, five months after the US Supreme Court's decision in Tyler, *supra*, 1600 Nelson and individual shareholders of 1600 Nelson promptly commenced an action in the Southern District, asserting fifteen (15) causes of action, alleging violation of the Takings Clause (Counts I and VI), Equal Protection (II

V, and VII), Due Process (III and VIII), Excessive Fines (IV and IX), Conversion (X), Unjust Enrichment (XI), Municipal Home Rule, NY GBL § 349 (Deceptive Practices) (XIII), and seeking equitable relief (XIV and XV). A copy of the Summons and Complaint in the Federal Action is annexed hereto as Exhibit 6.

38. In response, both the City and Intervenor Neighborhood Restore have alleged that this Court's prior July 9, 2019 is a "final order", have moved to dismiss, contending that the Federal Action is barred by the applicable statutes of limitations and the R*ooker-Feldman* doctrine, which essentially bars aggrieved litigants to re-litigate in federal courts matters that are already litigated and "final"in state courts. The City's Memorandum of Law in Support of its motion is annexed as Exhibit 7. Intervenor's Memorandum of Law is annexed as Exhibit 8.

39. The Court of Appeals has already said that this Court's prior July 9, 2019 Decision and Order and the Decision and Order of the Appellate Division are not final - ie "the orders sought to be appealed from do not finally determine the action within the meaning of the Constitution" see Exhibit 3.

40. For the reasons stated above, and in the interest of justice, this Court should make this abundantly clear, and should not allow the City to skirt its obligation to defend its policies behind hyper-technical and obtuse arguments, while its partner in this scheme, Intervenor Neighborhood Restore pursues eviction proceedings against Defendant 1600 Nelson's shareholders in Housing Court, seeking to render them homeless. See copies of Notices of Petition and Petitions in Housing Court, annexed hereto as Exhibit 9.

## UPON RENEWAL, DEFENDANT 1600 NELSON'S ORDER TO SHOW CAUSE SHOULD BE GRANTED

41. For the reasons stated by the United Supreme Court in *Tyler v. Hennepin County, Minnesota, et. al.*, 598 U.S. 631 (June 25, 2023) and the decision of the United States Court of Appeals, Second Circuit, in the matter of *Dorce, et. al. v. City of New York, et. al.*, 2 F.4th 82 (2d Circ, 2021)- the Court should grant leave to renew, rescind or recall its prior July 9, 2019 Decision and Order, and grant Defendant 1600 Nelson Avenue Housing Development Fund Corporation's Order to Show Cause to the extent of (i) vacating the in rem foreclosure default judgment against the Subject Property; (ii) vacating the transfer of title to Intervenor Neighborhood Restore; (iii) leave to file an answer; and (iv) leave to satisfy the tax lien.

## CONCLUSION

42. Defendants have previously submitted one Order to Show Cause. However, the relief sought in the instant Order to Show Cause, that is, renewal has not been previously sought.

**WHEREFORE**, it is respectfully submitted that Defendant 1600 Nelson's Order to Show Cause be granted in its entirety, along with such other and further relief as may be just and proper under the circumstances.

Dated: New York, New York
July 26, 2024

SERGE JOSEPH