Index No. 23 Civ. 09616 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION, et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

**MUNICIPAL DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

***MURIEL GOODE-TRUFANT***
*Acting Corporation Counsel of the City of New York*
*Attorney for Municipal Defendants*
*100 Church Street*
*New York, N.Y. 10007*
*Tel: (212) 356-2364*
*Matter No. 2023-110812*

*Of Counsel: Daniel Crandall*
*Andrea B. Feller*
*Michael S. Adler*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ II

PRELIMINARY STATEMENT ........ 1

I. THE STATUTE OF LIMITATIONS ON PLAINTIFFS' CLAIMS HAS EXPIRED ........ 1

A. Plaintiffs Knew Of Their Alleged Injuries in September 2018, Notwithstanding Their Allegations That They Received Insufficient Notice ........ 1

B. Plaintiffs Misinterpret The Supreme Court's Decision in *Knick* ........ 2

C. The City's Decision to Transfer the Property Was Final in September 2018 ........ 4

D. Plaintiffs Do Not Allege a Continuing Violation ........ 5

E. There Is No Basis for Equitable Tolling of the Statutes of Limitation ........ 6

II. THE COMPLAINT, IF NOT TIME-BARRED, IS SUBJECT TO ROOKER-FELDMAN ........ 9

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Aiken v. United States*,
Nos. 12 Civ. 6120 (JFK), 06 Cr. 479 (JFK),
2013 U.S. Dist. LEXIS 118864 (S.D.N.Y. Aug. 20, 2013) ....................8

*Billeris v. Inc. Vill. of Bayville*,
694 F. Supp. 3d 214 (E.D.N.Y. Sept. 25, 2023) ....................3, 4

*D.C. Court of Appeals v. Feldman*,
460 U.S. 462 (1983)....................9, 10, 11

*Dorce v. City of N.Y.*,
2 F.4th 82 (2d Cir 2021) ....................8, 9

*Fahs Constr. Grp., Inc. v. Gray*,
725 F.3d 289 (2d Cir. 2013)....................6

*Gonzales v. Nat'l Westminster Bank PLC*,
No. 11 Civ. 1435 (LAP), 2013 U.S. Dist.
LEXIS 183406 (S.D.N.Y. Nov. 18, 2013)....................5

*Handsome, Inc. v. Town of Monroe*,
No. 23-711, 2024 U.S. App. LEXIS 12830
(2d. Cir. May 29, 2024) ....................5

*Hatorah v. N.Y.*,
175 A.D.2d 795 (2d Dep't 1991) ....................2

*Hoblock v. Albany Cnty. Bd. of Elections*,
422 F.3d 77 (2d Cir. 2005)....................10

*Holman v. United States*,
No. 3:12-CV-986 (JCH), 2013 U.S. Dist. LEXIS 21544
(D. Conn. Feb. 15, 2013) .................... 7-8

*ISCA Enterprises v. City of N.Y.*,
77 N.Y.2d 688 (1991) ....................2

*Kleinknecht v. Ritter*,
No. 21-2041, 2023 U.S. App. LEXIS 1851
(2d Cir. Jan. 25, 2023) ....................4

*Knick v. Township of Scott, Pennsylvania*,
588 U.S. 180 (2019)....................2, 3, 4, 10

**Cases** **Pages**

*Lanausse v. City of N.Y.*,
No. 15 Civ. 1652 (LGS), 2016 U.S. Dist. LEXIS 63414
(S.D.N.Y. May 13, 2016)....................8

*MacNaughton v. Warren Cnty.*,
123 Fed. Appx. 425 (2d Cir. 2005).................... 1-2

*Murphy v. New Milford Zoning Comm'n*,
402 F.3d 342 (2d Cir. 2005)....................4

*Pace v. DiGuglielmo*,
544 U.S. 408 (2005)....................6

*Pakdel v. City & Cnty. of San Francisco*,
594 U.S. 474 (2021)....................4, 5

*Riley v. Comm'r of Fin. of N.Y.*,
618 Fed. Appx. 16 (2d Cir. 2015)....................9

*Sherman v. Town of Chester*,
752 F.3d 554 (2d Cir. 2014)....................6

*Shomo v. City of N.Y.*,
579 F.3d 176 (2d Cir. 2009)....................6

*Singleton v. City of N.Y.*,
632 F.2d 185 (2d Cir. 1980)....................2

*Smalls v. Collins*,
10 F.4th 117 (2d Cir. 2021) ....................7

*Tyler v. Hennepin Cnty.*,
598 U.S. 631 (2023)....................7, 8

*Vikas Goel & Rainforest Trading Ltd. v. Am. Digital Univ., Inc.*,
Nos. 14-cv-2053 (KBF), 14-cv-1895 (KBF),
2017 U.S. Dist. LEXIS 41336 (S.D.N.Y. Mar. 21, 2017) ....................2

*Wik v. City of Rochester*,
632 Fed. Appx. 661 (2d Cir. 2015)....................9

*Williamson Cnty. Regional Planning Comm'n v. Hamilton Bank of Johnson City*,
473 U.S. 172 (1985)....................3

**Statutes** **Pages**

42 U.S.C. § 1983 ..................................................... 2, 3, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION, et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

23 Civ. 09616 (LTS)

## PRELIMINARY STATEMENT

Plaintiffs' opposition to Defendants' motions to dismiss (the "Opposition," or the "Opp.") does not dispute that they knew or had reason to know of the foreclosure and transfer of the property at issue in this case (the "1600 Nelson Property," or the "Property") in September 2018, well outside of the three-year limitations period. The Opposition instead argues, *inter alia*, that the applicable statutes of limitation nevertheless did not begin to run until some later date, but for the reasons that follow, Plaintiffs' arguments are meritless. Thus, the Complaint is time-barred.

## I. THE STATUTE OF LIMITATIONS ON PLAINTIFFS' CLAIMS HAS EXPIRED

### A. Plaintiffs Knew Of Their Alleged Injuries in September 2018, Notwithstanding Their Allegations That They Received Insufficient Notice

The Opposition does not dispute that Plaintiffs knew, or had reason to know, of the foreclosure and transfer of the 1600 Nelson Property by September 26, 2018, when Plaintiff 1600 Nelson Avenue Housing Development Fund Corporation (the "HDFC") filed a motion in the Bronx County Supreme Court foreclosure proceeding ("*Bronx 52*") seeking to vacate the foreclosure and reverse the transfer. *See* ECF No. 17-1.

Notwithstanding this undisputed fact, Plaintiffs argue that the statute of limitations is inapplicable because Defendants allegedly did not provide proper notice of the foreclosure and transfer. Opp., pp. 11-12 (citing *MacNaughton v. Warren Cnty.*, 123 Fed. Appx. 425, 427 (2d Cir.

2005); *ISCA Enterprises v. City of N.Y.*, 77 N.Y.2d 688, 698 (1991); *Hatorah v. N.Y.*, 175 A.D.2d 795, 796 (2d Dep't 1991)). But Plaintiffs' arguments about the legal sufficiency of the notice that they were provided are irrelevant, given that they had actual knowledge of the foreclosure and transfer of the Property by September 2018. *See Vikas Goel & Rainforest Trading Ltd. v. Am. Digital Univ., Inc.*, Nos. 14-cv-2053 (KBF), 14-cv-1895 (KBF), 2017 U.S. Dist. LEXIS 41336, at *31 (S.D.N.Y. Mar. 21, 2017) (for claims that accrue upon discovery of injury, the statute of limitations begins to run when plaintiffs have "actual notice of their injuries").

The cases Plaintiffs cite regarding notice are inapposite because, unlike here, the claimants in those cases did not merely allege procedural notice problems—they alleged a lack of *actual* timely notice of their injuries. *MacNaughton*, 123 Fed. Appx. at 427 (recognizing that statute of limitations did not bar claim where plaintiff did not have "actual notice in time to bring their action"); *ISCA Enterprises*, 77 N.Y.2d at 698 (same); *Hatorah*, 175 A.D.2d at 796 (same).

Because Plaintiffs had actual notice of their alleged injury in September 2018, the three-year statute of limitations governing their claims expired no later than September 2021.

**B. Plaintiffs Misinterpret The Supreme Court's Decision in *Knick***

Plaintiffs argue that, pursuant to the Supreme Court's decision in *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180 (2019), the statute of limitations on their Section 1983 takings claim (count I) did not begin to run until they "learned that they would not be paid just compensation" for the 1600 Nelson Property. Opp., pp. 12-13. But Plaintiffs misinterpret *Knick*, which did not delay the accrual of Plaintiffs' takings claim beyond September 2018, at which time Plaintiffs already knew or had reason to know of their alleged injury, *i.e.*, the City's foreclosure and transfer of the 1600 Nelson Property without providing them compensation. *See Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir. 1980) (federal claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action").

The majority in *Knick* overruled a prior Supreme Court decision, *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), which had required property owners to seek just compensation in state court under state law before bringing a Section 1983 takings claim. 588 U.S. at 206. But *Knick* did not hold that a takings claim accrues only when the claimant knows definitively that he is not receiving just compensation.

In fact, *Knick* recognized that "[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Id.* at 185. The change in the law is only that claimants no longer have to first bring a claim in state court before bringing a Section 1983 claim.

The Eastern District has rejected an attempt to use *Knick* to evade the statute of limitations for takings claims. *See Billeris v. Inc. Vill. of Bayville*, 694 F. Supp. 3d 214, 227 (E.D.N.Y. Sept. 25, 2023) (holding that "[p]laintiff's takings claim accrued when [defendant] allegedly deprived her of her property"). In *Billeris*, the court reasoned that, consistent with *Knick*, "the running of the statute of limitations for a takings claim begins when a plaintiff knows or has reason to know that the government took his or her property without just compensation." *Id.* At the time of the *Billeris* decision, there were pending state appellate proceedings in which the plaintiff was seeking redress for the alleged taking. *Id.* at 221-22. But the court still held that the plaintiff's federal takings claim had accrued as soon as the government allegedly deprived her of her property, because at that point she presumptively already knew or had reason to know that her property had been taken without compensation. *Id.* at 227.

Here, as in *Billeris*, Plaintiffs already knew or had reason to know that they were not receiving compensation for the 1600 Nelson Property when it was transferred in September 2018, regardless of the fact that Plaintiffs challenged the foreclosure and transfer of Property in

state court litigation that was not resolved until later. Thus, contrary to Plaintiffs' argument based on a misinterpretation of *Knick*, the statute of limitations on Plaintiffs' Section 1983 takings claim began to run no later than September 2018.[1]

**C. The City's Decision to Transfer the Property Was Final in September 2018**

Plaintiffs contend that the City's decision to foreclose upon and transfer their Property was not final, and that the statute of limitations on Plaintiffs' taking claims therefore could not begin to run, until September 15, 2022, when the New York Court of Appeals denied Plaintiff HDFC's motion for leave to appeal concerning the state court foreclosure proceeding. Opp., pp. 13-14. But the case that Plaintiffs' own brief cites in support of this argument, *Pakdel v. City & Cnty. of San Francisco*, 594 U.S. 474 (2021), makes clear that a government's decision is "final" for purposes of a takings claim as soon as "a plaintiff has actually been injured by the Government's action." 594 U.S. at 479 (internal quotation marks omitted); *see also id.* at 478-79 (the government has made a final decision for purposes of a takings claim if it has compelled a property owner to "surrender[] possession of their property"). A government's decision can be final regardless of any pending state litigation challenge, because "'exhaustion of state remedies' is not a prerequisite for a federal takings claim." *Id.* at 480 (quoting *Knick*, 588 U. S. at 185).[2]

[1] Plaintiffs also argue that they had no right to assert a Section 1983 takings claim in federal court until the Supreme Court issued its *Knick* decision on June 21, 2019, and that the statute of limitations on their takings claim thus could not have started running prior to that date. Opp., p. 13. The Eastern District rejected this argument in *Billeris*. F. Supp. 3d at 227 (holding that a "Section 1983 takings claim, despite being prohibited in federal court prior to Knick," could still have "accrued before the decision in *Knick*"). But even if Plaintiffs were correct, this action, commenced in November 2023, would still be beyond the statute of limitations.

[2] Together with *Pakdel*, Plaintiffs cite two decisions, *Kleinknecht v. Ritter*, No. 21-2041, 2023 U.S. App. LEXIS 1851 (2d Cir. Jan. 25, 2023) and *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342 (2d Cir. 2005), for the proposition that, before asserting a federal takings claim that is premised on a challenge to the application of a zoning code, the property owner must submit "at least one meaningful application for a variance." Opp., pp. 13-14. But *Kleinknecht* and *Murphy* are irrelevant to this action, which has nothing to do with zoning codes

The City's decision to foreclose upon and transfer the 1600 Nelson Property was therefore final on September 13, 2018, when the deed to the Property was transferred, because that is the date Defendants allegedly injured Plaintiffs by depriving them of their property. Compl. ¶ 23. Accordingly, even accepting Plaintiffs' premise that the statute of limitations on their takings claims could not run until the City had made a "final" decision pursuant to *Pakdel*, the limitations period began to run no later than September 2018, and expired before Plaintiffs filed this action.

**D. Plaintiffs Do Not Allege a Continuing Violation**

The continuing violation doctrine applies only when "the defendant engages in a continuous pattern of wrongful behavior that cannot be said to occur on any particular day and no single instance of which is actionable on its own." *Handsome, Inc. v. Town of Monroe*, No. 23-711, 2024 U.S. App. LEXIS 12830, at *9 (2d. Cir. May 29, 2024). "[T]his doctrine may only be predicated on continuing unlawful acts" that occurred within the limitations period "and not on the continuing effects of earlier unlawful conduct." *Gonzales v. Nat'l Westminster Bank PLC*, No. 11 Civ. 1435 (LAP), 2013 U.S. Dist. LEXIS 183406, at *10 (S.D.N.Y. Nov. 18, 2013) (internal quotation marks omitted). Where plaintiffs "allege a continuous omission" that "merely reflects Defendant's ongoing failure to fix a past wrong . . . as opposed to Defendant's committing any new misdeeds," the continuing violation doctrine does not apply. *Id.* at *11.

Here, Plaintiffs allege one discrete actionable injury, which is the basis of all of their claims: the taking of the 1600 Nelson Property in September 2018 without just compensation. Plaintiffs argue that Defendants have continued to harm them by continuing to fail to provide compensation for the Property, and by attempting to evict certain unspecified named Plaintiffs from the property, but Plaintiffs allege no independently unlawful or actionable conduct that occurred within the limitations period. *See* Opp., p. 15. Thus, to the extent Plaintiffs purport to

allege wrongdoing that occurred after September 2018, the allegations merely describe the continuing effects of the alleged September 2018 taking.

The Opposition cites two examples of decisions applying the continuing violation doctrine. *Id.*, p. 15 (citing *Sherman v. Town of Chester*, 752 F.3d 554 (2d Cir. 2014); *Shomo v. City of N.Y.*, 579 F.3d 176 (2d Cir. 2009)). But both cases are inapposite here because they involved collections of alleged bad acts that were "likely not actionable on [their] own," yet were cumulatively sufficient to state a claim. *See Sherman*, 752 F.3d at 566-67 (plaintiff's takings claim was "based on an unusual series of regulations and tactical maneuvers that constitute[d] a taking when considered together, even though no single component [wa]s unconstitutional when considered in isolation"); *Shomo*, 579 F.3d at 182 (limitations period tolled where prisoner did not allege any specific instance where he suffered "an outright denial of access to care," but did allege "a policy of doctors and prison staff disregarding treatment recommendations").[3]

Because here, unlike in the cases Plaintiffs cite in their Opposition, the Complaint is premised on discrete alleged acts of wrongdoing that occurred outside of the limitations period—namely, the foreclosure and subsequent transfer of the 1600 Nelson Property in September 2018—the continuing violation doctrine does not apply.

### E. There Is No Basis for Equitable Tolling of the Statutes of Limitation

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this context,

[3] Plaintiffs cite *Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289 (2d Cir. 2013) together with *Sherman* and *Shomo* as part of the same string citation. Opp., p. 15. But the Second Circuit in *Fahs* actually rejected the plaintiff's attempt to invoke the continuing violation doctrine, because the plaintiff had alleged no relevant wrongdoing within the limitations period. 725 F.3d at 292.

"[t]he term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021). "Moreover, to secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances; he must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* (internal quotation marks and alteration marks omitted).

Plaintiffs establish neither of the required elements for equitable tolling. In their Opposition, they argue that the Court should equitably toll the applicable statutes of limitation because Defendants allegedly failed to properly notify Plaintiffs of the foreclosure and transfer of the 1600 Nelson Property. Opp., p. 17. But as discussed in Point I.A, *supra*, Plaintiffs undeniably knew or had reason to know of the foreclosure and transfer by September 26, 2018, when Plaintiff HDFC filed a motion to vacate the foreclosure and transfer in the *Bronx 52* state foreclosure proceeding. *See* ECF No. 17-1. Therefore, Defendants' alleged failure to notify Plaintiffs is not the reason Plaintiffs failed to timely file this action, and is not a basis to invoke equitable tolling.[4]

Plaintiffs also argue that the statute of limitations should have been equitably tolled until the United States Supreme Court issued its decision in *Tyler v. Hennepin County*, 598 U.S. 631 (2023), since *Tyler* supports Plaintiffs' argument that the "surplus equity" associated with the 1600 Nelson Property "was 'property' and thus susceptible to a Takings claim." Opp., p. 17. This argument must fail because "[c]ourts have routinely rejected the argument that the unavailability of helpful precedent during the limitations period, or the issuance of helpful law or precedent thereafter, constitutes extraordinary circumstances" for purposes of equitable tolling. *Holman v.*

[4] Plaintiffs' Opposition asserts that Defendants' alleged failure to notify Plaintiffs amounted to "fraud" (Opp., p. 17), but the Complaint contains no allegations of fraud.

*United States*, No. 3:12-CV-986 (JCH), 2013 U.S. Dist. LEXIS 21544, at *11 (D. Conn. Feb. 15, 2013) (citing cases). New helpful precedent "is not an extraordinary circumstance" for purposes of equitable tolling, because the phrase "extraordinary circumstance . . . is meant to connote an event which actually prevents" a party from meeting the limitations deadline. *Aiken v. United States*, Nos. 12 Civ. 6120 (JFK), 06 Cr. 479 (JFK), 2013 U.S. Dist. LEXIS 118864, at *6 (S.D.N.Y. Aug. 20, 2013) (internal quotation marks omitted).

Indeed, other takings actions had been filed prior to *Tyler* based on the same "surplus equity" theory that Plaintiffs now belatedly assert, including *Dorce v. City of New York*, which Plaintiffs cite and describe in their Complaint. Compl. ¶ 46. The *Dorce* action was filed in 2019, four years before the *Tyler* decision. *See id.* Thus, it is demonstrably not true that the unavailability of the *Tyler* precedent until 2023 prevented Plaintiffs from filing this action within the limitations period.

Plaintiffs ask the Court not to dismiss their Complaint, despite their failure to establish a basis for equitable tolling, in order to allow Plaintiffs to conduct discovery to support their equitable tolling argument. Opp., pp. 17-18. But Plaintiffs do not explain what discovery could possibly be relevant to this issue. As Plaintiffs admit earlier in their brief, "[t]he essential facts are not in dispute." *Id.* at 4. Since Plaintiffs fail to set forth any material disputed facts relating to equitable tolling, there is no reason give them the opportunity to take discovery regarding the issue—the discovery would be futile. *See Lanausse v. City of N.Y.*, No. 15 Civ. 1652 (LGS), 2016 U.S. Dist. LEXIS 63414, at *10 n.2 (S.D.N.Y. May 13, 2016) ("[W]here [a] claim is barred by the statute of limitations as a matter of law, further discovery and amendment would be futile.").

For the foregoing reasons, there is no reason to toll the applicable three-year statutes of limitation, which began to run no later than September 2018, and expired in 2021, two years before the Complaint was filed. Plaintiffs' Complaint should be dismissed as time- barred.[5]

## II. THE COMPLAINT, IF NOT TIME-BARRED, IS SUBJECT TO ROOKER-FELDMAN

As explained in Municipal Defendants' opening brief, the Second Circuit's *Dorce*, *Riley* and *Wik* decisions held that the *Rooker-Feldman* doctrine applies to "someone who loses an ownership interest in property through a state in rem foreclosure proceeding," notwithstanding that they were not a named party in state court. *Dorce v. City of N.Y.*, 2 F.4th 82, 102 (2d Cir 2021); *Riley v. Comm'r of Fin. of N.Y.*, 618 Fed. Appx. 16, 17 (2d Cir. 2015) (*Rooker-Feldman* barred federal challenge to state *in rem* foreclosure judgment); *Wik v. City of Rochester*, 632 Fed. Appx. 661, 662-663 (2d Cir. 2015) (same). Plaintiffs argue that this is wrong (Opp., pp. 20-22), but they do not address these decisions' holdings or offer contrary authority, so their argument must fail.

Plaintiffs have also tried to escape *Rooker-Feldman* by filing an application for leave renew to their motion to vacate the underlying foreclosure judgment in the *Bronx 52* state court proceeding. Opp., pp. 22-23; ECF No. 30-4. They argue that by applying for leave to renew on July 26, 2024—three days before filing their Opposition here—they have retroactively rendered the foreclosure proceedings non-final, precluding the application of *Rooker-Feldman*. *Id.*

But Plaintiffs' application to renew, which they filed eight months after the commencement of this action and *five years* after the Bronx County Supreme Court denied the

---

[5] The Opposition argues, purportedly in response to Municipal Defendants' opening brief, that this Court would have supplemental jurisdiction over Plaintiffs' Municipal Home Rule Law ("MHR") claim (count XII) if their federal claims were not time-barred, and that Plaintiffs' have stated their MHR claim with sufficient particularity. Opp., pp. 18-20. But Municipal Defendants have not disputed either of these points; the opening brief merely argues that, if this Court dismisses Plaintiffs' federal claims as time-barred but not their MHR claim, this Court would lack jurisdiction over the MHR claim.

motion to vacate, cannot destroy the finality of the *Bronx 52* proceedings. A state-court judgment is final for purposes of *Rooker-Feldman* if it was "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). The Second Circuit has specifically held that where, as here, a plaintiff has pursued appeals of a state court judgment all the way to the New York Court of Appeals and failed, "the state suit has unequivocally terminated" for purposes of *Rooker-Feldman*. *Id.* at 89.

Plaintiffs further argue that, because this action involves a "constitutional challenge[]," it is exempt from the *Rooker-Feldman* doctrine, citing the eponymous *Feldman* decision. Opp., p. 23. But *Feldman* actually held the opposite: that the doctrine applies to "challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).[6]

Finally, Plaintiffs assert that, pursuant to *Knick*, takings claims are exempt from *Rooker-Feldman*. Opp., p. 23. But the *Knick* decision contains no discussion of the *Rooker-Feldman* doctrine, and the doctrine was not applicable in that case because, unlike here, the *Knick* plaintiff did not challenge the outcome of a state court proceeding. *See Knick*, 588 U.S. at 187. Accordingly, applying *Rooker-Feldman* here would not conflict with *Knick*.

---

[6] *Feldman* established that "general challenges" to the constitutionality of a statute may be outside the scope of the *Rooker-Feldman* doctrine, but only where, unlike this action, they "do not require review of a final state-court judgment in a particular case." 460 U.S. at 486.

## CONCLUSION

For the reasons stated in the foregoing and in Municipal Defendants' opening brief, the motion to dismiss should be granted and the Complaint should be dismissed as time-barred.[7]

Dated: New York, New York
September 13, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York
*Attorney for Municipal Defendants*
100 Church Street
New York, New York 10007
(212) 356-2364

By: Daniel Crandall
Daniel Crandall
Andrea B. Feller
Michael Adler
*Assistant Corporation Counsel*

[7] In the alternative, to the extent the Court determines that the Complaint is not time-barred, the Court should (i) dismiss the Complaint to the extent it seeks compensatory relief other than the surplus or excess value of the Property, pursuant to the *Rooker-Feldman* doctrine; (ii) dismiss the Complaint to the extent it seeks declaratory or injunctive relief; (iii) find that Plaintiffs cannot seek punitive damages; and (iv) dismiss Plaintiffs' state constitutional claims (counts VI-IX). The Opposition does not dispute the branches of Municipal Defendants' opening brief that established that Plaintiffs cannot pursue declaratory or injunctive relief, punitive damages, or their state constitutional claims.