UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION, individually and on behalf of those individuals and families entitled to homeownership and/or occupancy in its housing project developed pursuant to Article XI of the New York State Private Housing Finance Law; and each of ISABEL ADON, WALKIRIA COLON, RAFAEL COTTO, ERENIA FERMIN GUZMAN, LORANI GARCIA, JOSE GONZALEZ, JOSE JUNIOR GONZALEZ, MATILDE GONZALEZ, VIOLETA GUERRERO, KENIA MINIER, YADIRA POLANCO, GILBERTO RIVERA, DINORA VELASQUEZ and DORIS VELASQUEZ, individually and on behalf of all other similarly-situated persons,

Plaintiffs,

-against-

CITY OF NEW YORK, ADOLFO CARRION, Jr. (Commissioner of the New York City Department of Housing Preservation and Development), and PRESTON NIBLACK (Commissioner of the New York City Department of Finance), NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORPORATION, and BRONX PRO GROUP, LLC,

Defendants.

---------------------------------------------------------------------x

Case No. 1:23-CV-09616 (LTS)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORP., AND BRONX PRO GROUP, LLC'S MOTION TO DISMISS THE COMPLAINT**

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
(212) 216-8029
Attorneys for Neighborhood Restore Housing Development Fund Corp., and Bronx Pro Group, LLC

Of Counsel: Brian J. Markowitz

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... **I**

**TABLE OF AUTHORITIES** .......... **II**

**PRELIMINARY STATEMENT** .......... **1**

**ARGUMENT** .......... **1**

**POINT I** .......... **1**

PLAINTIFFS HAVE NOT OPPOSED THOSE BRANCHES OF NON-MUNICIPAL DEFENDANTS' MOTION TO DISMISS cOUNTS 10, 11 AND 13 OF THE COMPLAINT .......... 1

**POINT II** .......... **3**

Plaintiffs' CONSTITUTIONAL claims are time barred and must be dismissed .......... 3

**POINT III** .......... **8**

PlaintifFs' claims are barred by the Rooker=Feldman doctrine .......... 8

**POINT IV** .......... **9**

Plaintiffs have not alleged any claims against the non-municipal defendants .......... 9

**POINT V** .......... **10**

PLAINTIFF CANNOT MAINTAIN ITS FOURTEENTH OR FIFTEENTH CAUSE OF ACTION SEEKING A DECLARATORY JUDGMENT OR INJUNCTIVE RELIEF .......... 10

**CONCLUSION** .......... **11**

## TABLE OF AUTHORITIES

**Cases**

*Brown v AFSCME*, 41 F.4th 963, 964-965 [8th Cir 2022]) cert denied 143 S. Ct. 491 (2022) .... 12
Dorce v City of New York, 2 F4th 82, 95 (2d Cir 2021) .......... 8, 13
*Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005) .......... 10
*Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 (2001) .......... 2
*Gonzales v. Nat'l Westminster Bank PLC, No. 11 Civ. 1435 (LAP), 2013 U.S. Dist. LEXIS 183406, at 10 (S.D.N.Y. Nov. 18, 2013)* .......... 8
*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) .......... 11
In Rem Tax Foreclosure Action No. 52, 189 AD3d 731 [1st Dept 2020], lv dismissed 37 NY3d 1012 [2021]) .......... 5
*In Rem Tax Foreclosure Action No. 52*, 201 A.D.3d 517, 157 N.Y.S.3d 367 (1st Dep't 2022) .......... 6
*Ingrami v. Rovner*, 45 A.D.3d 806, 808 (2d Dept. 2007) .......... 2
*Jacobs v. United States*, 290 U.S. 13, 54 S.Ct. 26, (1933) .......... 6
*Kay v Lavry Eng'g, Inc.*, 1:19-CV-05059 (ALC), 2020 WL 2415661 [SDNY May 12, 2020], *affd*, 834 Fed Appx 655 [2d Cir 2021] .......... 2
*Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263, (S.D.N.Y. 2008) .......... 2
*Knick v Township of Scott, Pennsylvania*, 588 U.S. 180, 139 S.Ct. 2162 (2019) .......... 6, 7, 8
*Matter of Matter of ISCA Enters. v City of New York, No. 82, 83,* 77 N.Y.2d 688, 698, 569 N.Y.S.2d 927, 1991 WL 66525 (1991) .......... 4
O'Bryan v Stark, 77 AD3d 494, 495 (1st Dept 2010), *lv denied*, 17 NY3d 704 (2011) .......... 5
*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) .......... 10
*Statler v Dell, Inc.*, 775 F Supp 2d 474, 484 (EDNY 2011) .......... 2, 3
*Tyler v. Hennepin County, Minessota*, 598 U.S. 631, 2023 WL 3632754 (2023) .......... 9, 10
*Wholean v CSEA SEIU Local 2001*, 955 F3d 332, 335 (2d Cir 2020) .......... 12

## PRELIMINARY STATEMENT

Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and Bronx Pro Group, LLC ("Bronx Pro") (collectively, the "Non-Municipal Defendants"), by and through their attorneys, Tarter Krinsky & Drogin LLP, respectfully submit this reply memorandum of law, in further support of its motion, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") dismissing the claims asserted by Plaintiffs and for such other and further relief as the Court deems just, proper and equitable.

## ARGUMENT

### POINT I

### PLAINTIFFS HAVE NOT OPPOSED THOSE BRANCHES OF NON-MUNICIPAL DEFENDANTS' MOTION TO DISMISS COUNTS 10, 11 AND 13 OF THE COMPLAINT

Plaintiffs' have utterly and completely failed to oppose those branches of Non-Municipal Defendants' motion, seeking to dismiss claims for conversion (count 10), unjust enrichment (count 11), and alleged violations of New York General Business Law ("GBL") § 349 (count 13). Although Plaintiffs list these counts in the header for part B of their Argument section, nowhere in their brief do they actually address how Plaintiffs have not commenced this action beyond the statute of limitations for these Counts. Indeed, a reading of Plaintiffs' opposition brief reveals that the sole opposition contained in the Part B Argument section was limited to the application of the alleged constitutional claims and opposing that those claims were not commenced beyond the statute of limitations – a theory that not only is incorrect was argued and denied by both the State Supreme Court and the State Appellate Division previously.

As previously stated by Non-Municipal Defendants, The statute of limitations for unjust enrichment, where the claim is not based in contract, is three years. *Ingrami v. Rovner*, 45 A.D.3d 806, 808 (2d Dept. 2007); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263, (S.D.N.Y. 2008) ("The unjust enrichment limitations period, however, is three years if plaintiff seeks monetary damages.") Further, the statute of limitations for conversion is likewise, three years. *Kermanshah,* 580 F. Supp. 2d. at 262-3.

Similarly, actions brought pursuant to GBL Section 349 must be commenced within three years of the date of accrual." *Statler v Dell, Inc.*, 775 F Supp 2d 474, 484 (EDNY 2011) *See also Kay v Lavry Eng'g, Inc.*, 1:19-CV-05059 (ALC), 2020 WL 2415661 [SDNY May 12, 2020], *affd*, 834 Fed Appx 655 [2d Cir 2021] As held by the New York Court of Appeals, "…accrual of a section 349(h) private right of action first occurs when plaintiff has been injured by a deceptive act or practice violating section 349." *Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 (2001). Accrual is not dependent upon any later date when discovery of the alleged deceptive practice is said to occur. *Statler*, 775 F Supp 2d at 484..

At the latest, these claims accrued, upon the Bronx 52 Judgment in November 2017. Accordingly, these claims would have had to be commenced, no later than November 2020, approximately three years after the expiration of the statute of limitations. Even giving Plaintiffs the maximum benefit of the doubt, 1600 Nelson's Order to Show Cause in the state Court was filed on September 27, 2018, more than five years before the Complaint herein. At the latest, when 1600 Nelson Avenue Housing Development Fund Corporation ("1600 Nelson") in September 2018, Plaintiffs' cause of action for unjust enrichment, conversion and alleged violation of GBL § 349 accrued, and Plaintiffs' statute of limitations to assert these claims would have commenced at that time.

## POINT II

## PLAINTIFFS' CONSTITUTIONAL CLAIMS ARE TIME BARRED AND MUST BE DISMISSED

Plaintiffs' constitutional claims are, contrary to as stated in the Opposition to the Motion to Dismiss, in fact time barred. Plaintiff makes five misplaced, arguments, each of which are belied by the law, the facts and the previous actions commenced by 1600 Nelson and the decisions entered by the Courts therein. As such, the Motion to Dismiss must be granted.

Taking each argument individually, Plaintiffs first argue that the New York Court of Appeals has held that "… a challenge to the constitutionality of a notice provision, where the party had no timely notice, is not barred by the Statute of Limitations…" *Matter of Matter of ISCA Enters. v City of New York, No. 82, 83,* 77 N.Y.2d 688, 698, 569 N.Y.S.2d 927, 1991 WL 66525 (1991). While this is a direct quote from the Court of Appeals, it only applies where the party has not received notice. On the contrary here, the New York State Courts have held, several times, that Plaintiffs did, in fact, receive proper notice.

First, the New York State Supreme Court decision by Justice Barbato (Motion to Dismiss at Exhibit B), goes through great lengths to analysis whether the method of service, as well as the notice publication was sufficient and whether it comported with the New York City Administrative Code. For instance, the City of New York published the list of the properties that were to be included in the In Rem Tax Foreclosure. 1600 Nelson challenged in its Order to Show Cause that the publication of the Notice of Foreclosure in the New York Post and the New York Law Journal was insufficient. However, Justice Barbato found that the publication was sufficient, and complied with the New York City Administrative Code, holding that "Thus, movant's reliance on the more recently updated 2018 list published by the Bronx County Clerk's Office is misguided as the submitted document is not dispositive and is insufficient to defeat the presumption of

regularity. The court finds movant's remaining contentions regarding the preparation, filing, publication and posting of the Notice of Foreclosure to be likewise unavailing." Exhibit B at p. 5.

1600 Nelson also challenged in its Order to Show Cause the actual notice mailing. However, here again, Justice Barbato held:

> The record before the court indicates that notices of foreclosure were sent to interested parties of Bronx 52 by the New York City Department of Finance in compliance with the applicable law, the New York City Administrative Code § 11-401 et seq., and specifically § 11- 406 (e). As indicated in the City's Affirmation of Regularity submitted in support of the foreclosure judgment in Bronx 52, pursuant to Admin. Code § 11-406 (c), the New York City Department of Finance mailed notice of the foreclosure to the name and address appearing in the latest annual record of assessed valuations (or assessment roll), 1600 Nelson Avenue, at 1600 Nelson Avenue, Bronx, NY 10456, since no request had been made by movant to the Department of Finance for notice to be sent to any address other than the subject Property address. … A presumption of regularity of the proceedings in an in rem foreclosure action encompasses "compliance by the City with all applicable notice, publication and filing requirements, including its mailing of a notice of foreclosure to plaintiffs, which [can] not be overcome by their more denial of receipt of such notice." O'Bryan v Stark, 77 AD3d 494, 495 (1st Dept 2010), *lv denied*, 17 NY3d 704 (2011) (citations omitted).

Exhibit B at pp. 8-9.

Justice Barbato's decision was affirmed by the New York Supreme Court Appellate Division First Department, which held:

> The record shows that the judgment of foreclosure against the property was duly entered in the office of the County Clerk, creating a presumption of regularity of the proceedings in this action (Administrative Code of City of NY § 11-411) that encompasses compliance by the City with all

> applicable notice, publication, and filing requirements. … In any event, this Court has already held that the notice publication procedures used in this foreclosure action accorded with the applicable law and the requirements of due process (see In Rem Tax Foreclosure Action No. 52, 189 AD3d 731 [1st Dept 2020], lv dismissed 37 NY3d 1012 [2021]). We further find that the record supports the court's conclusion that the City complied with the other statutory notice requirements.

*In Rem Tax Foreclosure Action No. 52*, 201 A.D.3d 517, 157 N.Y.S.3d 367 (1st Dep't 2022).

Accordingly, while Plaintiffs may "claim" they have never received timely notice, this "claim" has been flatly rejected by the New York State Court twice. As such, Section 1983's three-year statute of limitations is controlling, and it is undisputed that the instant action was commenced beyond that three year period. As such, the motion to dismiss must be granted.

Second, Plaintiffs argue the absurd position that their claims have not accrued yet. This position does not make sense and is derived from a false reading of *Knick v Township of Scott, Pennsylvania*, 588 U.S. 180, 139 S.Ct. 2162 (2019)[1]. Plaintiffs paraphrase from the decent in *Knick* for the alleged holding that the statute of limitations for a takings claim, does not accrue, until the taking occurs and denies just compensation. *Id*, 88 U.S. at 209-10, 139 S.Ct. at 2181-825. However, this was not the majority holding in *Knick*, which actually held "The Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner." *Id.* 588 U.S. at 190, 139 S.Ct. at 2170. The Supreme Court continued to state that the case of *Jacobs v. United States*, 290 U.S. 13, 54 S.Ct. 26, (1933), "made clear that, no matter what sort of procedures the government puts in place to remedy a taking, a property owner has a Fifth Amendment entitlement to compensation as soon as the government takes his property without paying for it." *Knick*, 588 U.S. at 190, 139 S.Ct. at 2170.

---

[1] *Knick* did not concern an In Rem foreclosure proceeding, but rather an eminent domain taking.

Further belying Plaintiffs' argument that its claims have not yet accrued, is Plaintiff has already challenged the constitutional adequacy of the In Rem foreclosure and lost at both the New York Supreme Court and New York Appellate Division levels. Clearly, Plaintiffs knew that its claim had accrued at the time of its previous challenges. As such, the Motion to Dismiss must be granted.

Plaintiffs' third argument alleges that until the Supreme Court's holding in *Knick*, they could not have commenced this action. However, once again, Plaintiff over states the holding in *Knick*. *Knick*, involved eminent domain claims. Prior to *Knick* eminent domain plaintiffs were required to pursue state procedures for obtaining compensation before bringing a federal takings suit. Here, no such prohibition for proceeding with Federal litigation existed regarding challenging other takings claims, or in rem foreclosure proceedings. Fundamentally, Plaintiffs even admits this fact. Plaintiffs attempt to argue that "So long as 'avenues still remain for the government to clarify or change its decision,' the decision is not final and a takings claim is not ripe." However, the government did not make a decision, and there was no opportunity for the government, i.e., the City of New York, to change its alleged decision. The City of New York commenced an In Rem Foreclosure proceeding against 1600 Nelson. 1600 Nelson defaulted and the City of New York obtained a judicial judgment of foreclosure. There was no administrative determination that could have been changed or clarified. As such, nothing prevented Plaintiffs from proceeding to Federal court prior to *Knick*. Additionally, *Knick*, on its face, does not apply to Plaintiffs' other constitutional claims, to wit, their due process claims. And as such, those claims, regardless of *Knick*, are time barred.

Fourth, Plaintiffs attempt to argue the continuing violation theory. But this is unavailing to Plaintiffs. A similar argument was raised in the Second Circuit case, Dorce v. City

of New York, wherein the Plaintiffs there argued that the continuing wrong theory permitted their injunctive relief claims. However, as the Second Circuit reasoned "Although we appreciate that losing ownership of one's home can inflict a lingering trauma, that argument merely recasts a past harm as a continuing one." *Dorce v City of New York*, 2 F.4th 82, 95-6 (2021). *See also Gonzales v. Nat'l Westminster Bank PLC, No. 11 Civ. 1435 (LAP), 2013 U.S. Dist. LEXIS 183406, at 10 (S.D.N.Y. Nov. 18, 2013).* Here, as in Dorce, Plaintiffs are not alleging a series of separate acts, but one act, which occurred long before the statute of limitations expired. In fact, Plaintiffs don't point any series of actions or separate actions that would continue the statute of limitations. Plaintiffs point to the transfer of the deed as the only predicate act. As such, this doctrine cannot provide relief to Plaintiffs to extend the statute of limitations.

Lastly, Plaintiffs argue for some alleged equitable tolling. This is also unavailing, as Plaintiffs only argument is that the City failed to provide adequate notice. As previously stated, two separate Courts have completely denied this argument and have held that the City adequately and properly gave notice to the Plaintiffs and 1600 Nelson. As such, this cannot form the basis for a request for equitable tolling of the state of limitations. Further, the Supreme Court's decision in *Tyler v. Hennepin County, Minessota*, 598 U.S. 631, 2023 WL 3632754 (2023) provides no basis for an equitable toll. Tyler actually upholds the Supreme Court's decision in in *Nelson v. City of New York*, 352 U. S. 103 (1956), which upheld New York's statutory in rem foreclosure proceedings. In *Tyler*, the Supreme Court explained as follows:

> The County argues that Taylor and Lawton were superseded by Nelson v. City of New York, 352 U. S. 103 (1956), but that case is readily distinguished. There New York City foreclosed on properties for unpaid water bills. Under the governing ordinance, a property owner had almost two months after the city filed for foreclosure to pay off the tax debt, and an additional 20 days to ask for the surplus from any tax

> sale. Id., at 104–105, n. 1. No property owner requested his surplus within the required time. The owners later sued the city, claiming that it had denied them due process and equal protection of the laws.
>
> * * *
>
> We rejected this belated argument. Lawton had suggested that withholding the surplus from a property owner always violated the Fifth Amendment, but there was no specific procedure there for recovering the surplus. Nelson, 352 U. S., at 110. New York City's ordinance, in comparison, permitted the owner to recover the surplus but required that the owner have "filed a timely answer in [the] foreclosure proceeding, asserting his property had a value substantially exceeding the tax due." Ibid. (citing New York v. Chapman Docks Co., 1 App. Div. 2d 895, 149 N. Y. S. 2d 679 (1956)). Had the owners challenging the ordinance done so, "a separate sale" could have taken place "so that [they] might receive the surplus." 352 U. S., at 110. The owners did not take advantage of this procedure, so they forfeited their right to the surplus. Because the New York City ordinance did not "absolutely preclud[e] an owner from obtaining the surplus proceeds of a judicial sale," but instead simply defined the process through which the owner could claim the surplus, we found no Takings Clause violation.

*Tyler* 598 U. S. 631 at P. 10-11.

The statutory scheme upheld in Nelson, is virtually identical to the one being challenged in this action. As such, *Tyler*, does not recognize a property right in surplus equity in New York In Rem foreclosures and this cannot provide a basis for an equitable toll herein.

## POINT III

## PLAINTIFFS' CLAIMS ARE BARRED BY THE ROOKER=FELDMAN DOCTRINE

This case is a classic violation of the Rooker-Feldman doctrine. The Rooker-Feldman doctrine protects Congress's intent in empowering only the Supreme Court to exercise

appellate authority "'to reverse and modify' a state-court judgment," *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005), *quoting*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

According to the doctrine, federal district courts are divested of subject matter jurisdiction over actions seeking appellate review of state court judgments. *Exxon Mobil Corp.*, 544 U.S. at 284-85. In order for the *Rooker-Feldman* doctrine to apply, the following elements must be satisfied: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites the district court's review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Here, the identical issues raised by Plaintiffs here was actually litigated in the State Court of New York, appealed to the New York State Appellate Division and then appealed again to the New York Court of Appeals. Plaintiffs then commenced their action here. Cleary, unhappy with the State Court decisions, Plaintiffs are attempting a fourth bite of the apple[2]. However, as set forth in Non-Municipal Defendants' moving papers, each and every element of Rooker-Feldman is satisfied here. Accordingly, the action must be dismissed.

## POINT IV

## PLAINTIFFS HAVE NOT ALLEGED ANY CLAIMS AGAINST THE NON-MUNICIPAL DEFENDANTS

[2] Plaintiffs attempt to argue that the State Court case is not complete, and points to an order to show cause filed on July 26, 2024, three days before the filing of their opposition brief herein, with the Bronx Supreme Court, seeking to reargue the Court's prior decision. However, this filing, clearly made in a vein attempt to defeat the motions at bar, has not been signed to date, and the order to show cause was never served upon the Non-Municipal Defendants. Accordingly, this order to show cause cannot form the basis to defeat the Rooker-Feldman doctrine's applicability.

Plaintiffs have not alleged any claims against the Non-Municipal Defendants. Plaintiffs attempt to allege that the non-municipal defendants have a "close nexus" with the Municipal Defendants, but fail to point to any acts or actions that show that "close nexus". Indeed, their entire complaint is nothing but unsupported allegations that Non-Municipal Defendants acted under color of state law, without alleging one time what actions the Non-Municipal Defendants undertook under such color of state law.

Plaintiffs further completely ignore the fact that a non governmental entity who is accused of acting under color of state law enjoys a defense if they acted in good faith reliance on statutes and existing judicial precedent. *Brown v AFSCME*, 41 F.4th 963, 964-965 [8th Cir 2022]) cert denied 143 S. Ct. 491 (2022). This same doctrine was upheld recently in the Second Circuit case of *Wholean v CSEA SEIU Local 2001*, 955 F3d 332, 335 (2d Cir 2020), which held: "Since *Wyatt [v. Cole]*, every Circuit Court of Appeals to have considered the question has held that a good-faith defense exists under § 1983 for private individuals and entities acting under the color of state law who comply with applicable law…" *Wholean*, 955 F.3d at 335 .

Here, Non-Municipal Defendants' actions, even if were under color of state law, were in accordance with every single case decided at the time (and since) that have upheld the entirety of the statutory scheme of the In Rem Foreclosure process. As such, Non-Municipal Defendants have a good faith defense to Plaintiffs' claims and therefore the Complaint must be denied as against them.

## POINT V

## PLAINTIFF CANNOT MAINTAIN ITS FOURTEENTH OR FIFTEENTH CAUSE OF ACTION SEEKING A DECLARATORY JUDGMENT OR INJUNCTIVE RELIEF

Plaintiffs' Fourteenth and Fifteenth Causes of Action seeks a Declaratory Judgment, declaring, *inter alia*, that the Defendants actions and the Third Party Transfer Program are unconstitutional. However, as previously stated ,these same claims, previously alleged in the *Dorce v. City of New York* Action and denied by the Second Circuit on the grounds that "Where, as here, plaintiffs seek injunctive or declaratory relief, they "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [they] will be injured in the future." Dorce, 2 F4th at 95 The Circuit Court went on to hold "Such an allegation of future injury will be sufficient only if "the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." Id.

Plaintiffs fail to make any arguments that would differentiate the claims here from the claims in *Dorce*, a difficult task as the claims in both actions are virtually written identically. As such, Plaintiffs cannot maintain its claims for injunctive relief and the motion to dismiss must be granted as to these causes of action.

## CONCLUSION

For all of the reasons stated above and in the Moving Papers, Neighborhood Restore and Bronx Pro respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety with prejudice and award such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
September 13, 2024

**TARTER KRINSKY & DROGIN LLP**
Attorney for Neighborhood Restore Housing Development Fund Corp., and Bronx Pro Group, LLC

By: S/ BRIAN J. MARKOWITZ

____________________________

Brian J. Markowitz
1350 Broadway
New York, New York 10018
(212) 216-8029